# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

----------------------------------------------------x
ERNESTO DARQUEA, on behalf     :
of himself and all others similarly situated     :
    :
         Plaintiff,     :
    :
    :
     -against-     :     Civil Action No. 1:05-CV-10438 (MLW)
    :
VIISAGE TECHNOLOGY, INC.,     :
BERNARD C. BAILEY, WILLIAM K.     :
AULET and DENIS K. BERUBE,     :
    :
         Defendants.     :
----------------------------------------------------x
    :
GERALD D. BRODER, on behalf of     :
himself and all others similarly situated     :
    :
         Plaintiff,     :
    :
     -against-     :     Civil Action No. 1:05-CV-10475 (MLW)
    :
VIISAGE TECHNOLOGY, INC.,     :
BERNARD C. BAILEY, WILLIAM K.     :
AULET and DENIS K. BERUBE,     :
    :
         Defendants.     :
----------------------------------------------------x
[Captions continued on next page]

## DECLARATION OF DAVID PASTOR IN SUPPORT OF THE
## MOTION OF THE NORWALK GROUP TO CONSOLIDATE ACTIONS,
## TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF
## LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

00004699.DOC ; 1

```
-------------------------------------------------------------x
JOHN FLYNN, on behalf of                      :
of himself and all others similarly situated  :
                                              :
                    Plaintiff,                :
                                              :
        -against-                             : Civil Action No. 1:05-CV-10498 (MLW)
                                              :
VIISAGE TECHNOLOGY, INC., BER                 :
BERNARD C. BAILEY, WILLIAM K. AULET,          :
DENIS K. BERUBE, BUDDY G. BECK,               :
MARCEL YON, THOMAS J. REILLY and              :
CHARLES E. LEVINE,                            :
                                              :
                    Defendants.               :
-------------------------------------------------------------x
MIN CHANG, individually and on behalf         :
of all others similarly situated              :
                                              :
                    Plaintiff,                :
                                              :
        -against-                             : Civil Action No. 1:05-CV-10537 (MLW)
                                              :
VIISAGE TECHNOLOGY, INC., BER                 :
BERNARD C. BAILEY, WILLIAM K. AULET,          :
And DENIS K. BERUBE,                          :
                                              :
                    Defendants.               :
-------------------------------------------------------------x
JOSEPH MARTIN, on behalf of himself           :
and all others similarly situated             :
                                              :
                    Plaintiff,                :
                                              :
        -against-                             : Civil Action No. 1:05-CV-10577 (MLW)
                                              :
VIISAGE TECHNOLOGY, INC., BER                 :
BERNARD C. BAILEY, WILLIAM K. AULET,          :
and DENIS K. BERUBE,                          :
                                              :
                    Defendants.               :
-------------------------------------------------------------x
```

[Captions continued on next page]

00004699.DOC ; 1

```
-------------------------------------------------------------x
WAYNE CLARK, individually and on behalf          :
of all others similarly situated                 :
                                                 :
                        Plaintiff,               :
                                                 :
        -against-                                :  Civil Action No. 1:05-CV-10578 (MLW)
                                                 :
VIISAGE TECHNOLOGY, INC., BER                    :
BERNARD C. BAILEY, WILLIAM K. AULET,             :
And DENIS K. BERUBE,                             :
                                                 :
                        Defendants.              :
-------------------------------------------------------------x
DAPENG LUO, on behalf of                         :
of himself and all others similarly situated     :
                                                 :
                        Plaintiff,               :
                                                 :
        -against-                                :  Civil Action No. 1:05-CV-10615 (MLW)
                                                 :
VIISAGE TECHNOLOGY, INC., BER                    :
BERNARD C. BAILEY, WILLIAM K. AULET,             :
DENIS K. BERUBE, BUDDY G. BECK,                  :
MARCEL YON, THOMAS J. REILLY and                 :
CHARLES E. LEVINE,                               :
                                                 :
                        Defendants.              :
-------------------------------------------------------------x
OLYMPIA LEVINSTON STIEGELE,                      :
                                                 :
                                                 :
                        Plaintiff,               :
                                                 :
        -against-                                :  Civil Action No. 1:05-CV-10677 (MLW)
                                                 :
VIISAGE TECHNOLOGY, INC., BER                    :
BERNARD C. BAILEY, WILLIAM K. AULET,             :
DENIS K. BERUBE, BUDDY G. BECK,                  :
MARCEL YON, THOMAS J. REILLY and                 :
CHARLES E. LEVINE,                               :
                                                 :
                        Defendants.              :
-------------------------------------------------------------x
```

[Captions continued on next page]

00004699.DOC ; 1

```
-----------------------------------------------------------x
TURNBERRY ASSET MANAGEMENT,                      :
on behalf of itself and all others similarly situated  :
                                                 :
                    Plaintiff,                   :
                                                 :
      -against-                                  :  Civil Action No. 1:05-CV-10725 (MLW)
                                                 :
VIISAGE TECHNOLOGY, INC., BER                    :
BERNARD C. BAILEY, WILLIAM K. AULET,             :
DENIS K. BERUBE, BUDDY G. BECK,                  :
MARCEL YON, THOMAS J. REILLY and                 :
CHARLES E. LEVINE,                               :
                                                 :
                    Defendants.                  :
-----------------------------------------------------------x
```

4

David Pastor, declares under penalty of perjury this day 9th day of May, 2005:

1.    I am a partner of the law firm of Gilman and Pastor, LLP.  I submit this declaration in support of the motion of the Norwalk Group to consolidate actions, for the appointment of lead plaintiff and for approval of lead plaintiff's selection of lead counsel and liaison counsel.

2.    Attached hereto as Exhibit A are true and correct copies of the signed certifications of class members Stanley Norwalk, Cary Hammer, Ara K. Gechijian and Donald Sterby pursuant to the requirements of the Private Securities Litigation Reform Act of 1995.  15 U.S.C. § 78u-4(a)(2).

3.    Attached hereto as Exhibit B is a true and correct copy of the notice to class members concerning the first-filed of the above-captioned actions that was published on March 8, 2005 in *Business Wire*, advising the public of the pendency of a class action filed on behalf of shareholders of Viisage Technology, Inc. ("Viisage").

4.    Attached hereto as Exhibit C is a true and correct copy of a chart of the Norwalk Group's transactions and approximate losses in Viisage securities.

5.    Attached hereto as Exhibit D is a true and correct copy of the firm biography for Seeger Weiss LLP, one of the law firms seeking the Court's approval as Lead Counsel.

6.    Attached hereto as Exhibit E is a true and correct copy of the firm biography for Gilman and Pastor, LLP, which is the law firm seeking the Court's approval as Liaison Counsel.

00004699.DOC ; 1

I hereby declare under penalty of perjury that the foregoing is true and correct.


/s/ David Pastor
DAVID PASTOR

## CERTIFICATION OF STANLEY NORWALK IN SUPPORT
## OF CLASS ACTION COMPLAINT AGAINST VIISAGE TECHNOLOGY INC.

Stanley Norwalk ("Plaintiff") declares, as to the claims asserted under the federal securities laws in the complaint prepared by counsel in the above case

1.      Plaintiff has reviewed the Complaint and authorized its filing.

2.      Plaintiff did not purchase the securities that are the subject of the Complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

3.      Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.      During the proposed Class Period, plaintiff executed the following transactions in the securities of Viisage Technology:


See attached.


5.      In the past three years, plaintiff has not sought to serve as a representative party on behalf of a class in an action filed under the federal securities laws.

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2 8 day of April 2005.

By: _____
          **Stanley Norwalk**

| Stanley Norwalk | | | | | |
|---|---|---|---|---|---|
| **DATE** | **B/S** | **SHARES** | **PRICE** | | **COST** |
| 1/10/2005 | Buy | 1000 | $ | 8.1500 | $ 8,150.00 |
| 2/4/2005 | Buy | 3000 | $ | 7.4600 | $ 22,390.00 |
| | | | | | $ 30,540.00 |

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, (print name) _Cary Hammer_ ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff's transaction(s) in the Viisage Technology, Inc. (Nasdaq: VISG) security that is the subject of this action during the Class Period is/are as follows[1]:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| 1000 | Buy | 1/14/5 | 7.83 7.83 |
| 2400 | Buy | 1/14/5 | 7.84 |
| | | | |
| | | | |

[1]List additional transactions on a separate sheet of paper, if necessary.

5. Plaintiff has complete authority to bring a suit to recover for investment losses.

6. During the three years prior to the date of this Certification, Plaintiff has sought to serve or served as a representative party or a class in the following actions filed under the federal securities laws (if none, so indicate): _none_

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _4th_ day of _May_, 200_5_.

_____
Signature

Cary Hammer
Print Name

**CERTIFICATION OF NAMED PLAINTIFF**
**PURSUANT TO FEDERAL SECURITIES LAWS**

I, (print name) _Donald Streby_ ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the Complaint and authorizes its filing.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff's transaction(s) in the **Viisage Technology, Inc. (Nasdaq: VISG)** security that is the subject of this action during the Class Period is/are as follows[1]:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| 2000 | Buy | 1/18/2005 | 7.65 |
| 2000 | Buy | 2/08/2005 | 5.89 |
| | | | |
| | | | |

[1]List additional transactions on a separate sheet of paper, if necessary.

5.    Plaintiff has complete authority to bring a suit to recover for investment losses.

6.    During the three years prior to the date of this Certification, Plaintiff has sought to serve or served as a representative party or a class in the following actions filed under the federal securities laws (if none, so indicate): _None_

7.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _26_ day of _March_ , 200_5_     _Donald Streby_
                                                Signature
                                                _Donald Streby_
                                                Print Name

**CERTIFICATION OF NAMED PLAINTIFF**
**PURSUANT TO FEDERAL SECURITIES LAWS**

I, (print name) _ARA K. GECHIJIAN_ ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1.       Plaintiff has reviewed the Complaint and authorizes its filing.

2.       Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.       Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.       Plaintiff's transaction(s) in the Viisage Technology, Inc. (Nasdaq: VISG) security that is the subject of this action during the Class Period is/are as follows[1]:

| No. of Shares | Buy/Sell | Date | Price Per Share |
|---------------|----------|------|-----------------|
| 5,000 | BUY | 2/23/05 | $5.96 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

[1]List additional transactions on a separate sheet of paper, if necessary.

5.       Plaintiff has complete authority to bring a suit to recover for investment losses.

6.       During the three years prior to the date of this Certification, Plaintiff has sought to serve or served as a representative party or a class in the following actions filed under the federal securities laws (if none, so indicate): _____.

7.       Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _29_ day of _MARCH_, 200_5_.

_____
Signature

_ARA K. GECHIJIAN_
Print Name

Yahoo!  My Yahoo!  Mail

**YAHOO!** FINANCE **Sign In**
New User?Sign Up

Search the Web [          ] Search

Finance Home - Help



Welcome [Sign In]

To track stocks & more, Regi

## Financial News

Enter symbol(s) [          ] Basic ▼ Get  Symbol Lookup

  

**Press Release**

Source: Paskowitz & Associates

# Paskowitz & Associates Announces the Filing of a Class Action Suit on Behalf of Viisage Technology, Inc. Purchasers

Tuesday March 8, 5:30 pm ET

NEW YORK--(BUSINESS WIRE)--March 8, 2005--The law firm of Paskowitz & Associates announces that it has filed a class action suit on March 8, 2005, in the United States District Court for the District of Massachusetts on behalf of purchasers of the securities of Viisage Technology, Inc. ("Viisage" or the "Company") (Nasdaq: VISG- News) between October 25, 2004 and March 2, 2005, inclusive (the "Class Period") seeking to pursue remedies for securities fraud under the Securities Exchange Act of 1934 (the "Exchange Act"). The named defendants are Viisage; its CEO, Bernard Bailey; its CFO, William K. Aulet; and its Chairman of the Board, Denis K. Berube.

For further information you may call toll free, 800-705-9529, or contact Paskowitz & Associates by e-mail by writing to classattorney@aol.com.

The Complaint alleges that, after a prolonged period of unprofitability, Viisage was forced to borrow funds from its controlling shareholder, and was in dire need of a credit line adequate to finance its ongoing business needs. In order to secure such credit, the defendants engaged in a scheme to artificially engineer a profit in the third quarter of 2004 (ending Sept. 26, 2004), and made earnings projections known by them to be baseless and unsupportable. The third quarter profit, which was reported on October 25, 2004, was only made possible through various accounting manipulations, whereby certain assets were prematurely recognized, while certain expenses were artificially deferred from the third quarter of 2004 into the fourth quarter of 2004.

After obtaining the desired credit line, the defendants waited until February 27, 2005 to shock investors with the news of numerous fourth quarter charges and a significant asset impairment, all of which returned Viisage to substantial unprofitability. This news caused Viisage stock to drop over 20% on heavy trading. Then, on March 2, 2005, defendants again shocked the market by announcing a "material weakness" in its internal financial controls, and that "management will be unable to conclude that the Company's internal controls over financial reporting are effective as of December 31, 2004. Therefore, BDO Seidman LLP, the Company's external accounting firm, will issue an adverse opinion with respect to the effectiveness of the Company's internal controls over financial reporting." On this news, the stock dropped another 20%, closing on March 3, 2005 at $4.50 per share, down from almost $7 per share at the commencement of the Class Period.

**Related Quote**

VISGE 6--May 3:58pm (C)Yal
3.40
3.35
3.30
3.25
3.20
  10am   12pm   2pm
VISGE    3.24    -0.08    N
**View Detailed Quote**
Delayed 20 mins
Providers - Disclaimer

**Related News Stories**

- VIISAGE TECHNOLOGY IN Files SEC form 8-K, Other Events, Financial Statement and Exhibits - EDGAR Online (Thu Apr 28)

- Viisage Awarded Contract w Essex County, Massachuse Sheriff's Office to Assist in Criminal Identification - Busine Wire (Thu Apr 28)

- Viisage Receives Nasdaq Hearing Date - Business Wire (Wed Apr 27)

- Investor Alert: May 9, 2005 i the Deadline to Join The Lav Firm of Baron & Budd, P.C.' Shareholder Class Action against Viisage Technology, Inc. -- VISGE -

If you purchased VISG securities from between October, 25, 2004 through March 2, 2005, you may qualify to serve as Lead Plaintiff on behalf of the Class. You are not required to have sold your securities in order to claim damages, or to serve in this role. All motions for appointment as Lead Plaintiff must be filed with the Court no later than May 9, 2005.

· Most-emailed articles
· Most-viewed articles

*Contact:*

```
Paskowitz & Associates
Laurence Paskowitz, Esq., 800-705-9529
```

Source: Paskowitz & Associates

✉ Email Story     📢 Set News Alert     🖨 Print Story

[ Search News ]

Sponsor Results

**ING DIRECT - Orange Savings Account**
3.00% annual percentage yield. Put your money to work earning a high savings rate in the nation with no fees and no minimums. Member FDIC. Open online in under five minutes.
home.ingdirect.com

**Savings - $7.99**
Make Overstock.com your one-stop-shop for all your media needs. Find the latest book, movie, music and gaming titles at deep discounts. Flat-rate shipping. Overstock - your online outlet.
www.overstock.com

**High Money Market Rates from MetLife**
Earn 3.00% APY with a Metlife Money Market account - that's triple the interest the average bank pays, from a company you can rely on. See the difference saving with Metlife can make.
www.metlife.com
(What's This?)

Copyright © 2005 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2005 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

Viisage Technology, Inc. Estimated Losses

| | | **Purchase Transactions** | | | | | **Sales Transactions** | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiff | Date | Shares | Share Price | Purchase Amount | | Date | Shares | Share Price | Sales Amount | Estimated Losses |
| Stanley Norwalk | 1/10/2005 | 1000 | $8.15 | $8,150.00 | | | | | | -$4,700.00 |
| Stanley Norwalk | 2/4/2005 | 3000 | $7.46 | $22,380.00 | | | | | | -$12,030.00 |
| | | 4000 | | | | | | | | -$16,730.00 |
| | | | | | | | | | | |
| Cary Hammer | 1/14/2005 | 1000 | $7.83 | $7,830.00 | | | | | | -$4,380.00 |
| Cary Hammer | 1/14/2005 | 2400 | $7.84 | $18,816.00 | | | | | | -$10,536.00 |
| | | 3400 | | | | | | | | -$14,916.00 |
| | | | | | | | | | | |
| Ara K. Gechijian | 2/23/2005 | 5000 | $5.96 | $29,800.00 | | | | | | -$12,550.00 |
| | | 5000 | | | | | | | | -$12,550.00 |
| | | | | | | | | | | |
| Donald Sterby | 1/18/2005 | 2000 | $7.65 | $15,300.00 | | | | | | -$8,400.00 |
| | 2/8/2005 | 2000 | $5.89 | $11,780.00 | | | | | | -$4,880.00 |
| | | 4000 | | | | | | | | -$13,280.00 |
| | | | | | | | | | | |
| **Total Losses for the Norwalk Group** | | | | | | | | | | -$57,476.00 |

Class Period: July 22, 2004 to March 2, 2005.

(1) For shares retained at the end of the Class Period, estimated damages are calculated by multiplying
those shares by the moving mean price per share of Viisage Technology, Inc. during the 90-days after the end of the Class
Period. The price used is $3.45 as of May 6.

# SEEGER WEISS LLP
## One William Street
## New York, NY 10004
## (212) 584-0700

### 550 Broad Street
### Newark, NJ
### (973) 639-9100

www.seegerweiss.com

## FIRM BIOGRAPHY

**SEEGER WEISS LLP** is one of the nation's leading plaintiffs law firms. The firm currently numbers approximately twenty attorneys engaged in a broad variety of complex litigation matters in federal and state courts throughout the United States. The firm specializes in class action and mass tort litigation, with particular emphasis in the areas of products liability, pharmaceutical, consumer, securities, environmental, toxic tort, insurance, ERISA and antitrust litigation. The firm is made up of experienced civil litigation attorneys, including many former state and federal prosecutors with substantial trial experience in a variety of civil and criminal areas.

### *Mass Torts and Pharmaceutical Litigation.*

During the last half-decade, Seeger Weiss has emerged as one of the premier mass torts firms in the United States. The firm's reputation for leadership and innovation has resulted in its appointment to numerous plaintiffs' steering committees in a variety of multidistrict litigations, particularly in the area of pharmaceutical torts. The firm also regularly serves as court-appointed liaison counsel in New York and New Jersey, providing its colleague firms with hands-on service in all manner of substantive and procedural matters.

*Vioxx.* Seeger Weiss LLP plays prominent roles in both the federal and New Jersey State Vioxx litigation. Seeger Weiss was recently appointed Co-Lead counsel in the federal MDL Vioxx litigation and Co-Liaison counsel in the New Jersey state Vioxx litigation. The firm further represents hundreds of clients from across the country who suffered life-altering injuries as a result of taking Vioxx, and it represents union health and welfare programs in a class action pending in New Jersey for Merck's over-charging of union welfare funds for Vioxx

*Rezulin.* The firm plays a major role in products liability actions against Pfizer and Warner Lambert involving Rezulin, a prescription drug used to treat Type II diabetes. The firm is a court-appointed member of the Executive Committee in the federal suits coordinated by the Judicial Panel on Multidistrict Litigation ("JPML") before Judge Lewis A. Kaplan in the U.S. District Court for the Southern District of New York. The firm is also a member of the New

Jersey Rezulin Steering Committee in <u>In re: Rezulin Litigation</u>, currently pending before the Superior Court of New Jersey, Middlesex County. The firm is counsel to numerous individuals who have commenced personal injury damage actions in various courts throughout the country.

In March 2003, following a six-week jury trial, the firm achieved a $2 million verdict against Pfizer on behalf of Concepcion Morgado, a Brooklyn resident who sustained liver injury and was hospitalized for 10 days following her Rezulin use. The case was the first Rezulin matter to be tried in New York and represents a watershed result in the nationwide Rezulin litigation.

***PPA.*** The firm is currently actively involved in litigation against numerous manufacturers of pharmaceutical products containing PPA (phenylpropanolamine), until 2000 an ingredient in virtually every over-the-counter cold medication and many appetite suppressant products. The firm serves on the Plaintiffs' Steering Committee in the federal suits consolidated by the JPML in the U.S. District Court for the Western District of Washington, and as the court-appointed Liaison Counsel in the New York PPA actions coordinated before Judge Helen Freedman.

In 2003, the firm was one of the lead negotiators of a preliminary nationwide settlement agreement with the manufacturers of Dexatrim, a leading over-the-counter appetite suppressant that until 2000 contained PPA. Once finalized, the settlement will cover the claims of all individuals who suffered stroke-related injuries resulting from the ingestion of PPA-containing Dexatrim.

***Propulsid.*** Seeger Weiss LLP has held national leadership positions in pharmaceutical products liability litigation against Johnson & Johnson and Janssen Pharmaceutica, Inc., the manufacturers of Propulsid—a prescription drug used to treat nocturnal heartburn. Seeger Weiss LLP is a member of the court-appointed Plaintiffs' Steering Committees in both the federal litigation, which have been consolidated by the JPML in the Eastern District of Louisiana, and in the statewide consolidated actions in Middlesex County, New Jersey. The firm served as counsel to numerous individuals who have commenced personal injury damage actions in various courts throughout the country.

***Zyprexa.*** Seeger Weiss LLP serves as Court-Appointed Liaison Counsel in actions against Eli Lilly for injuries caused by Zyprexa.

***Other Pharmaceutical Products.*** In addition to Rezulin, PPA and Propulsid, the firm serves as counsel in numerous lawsuits in state and federal courts throughout the country brought by individuals who have suffered personal injury or death resulting from the use of various pharmaceutical products, including Baycol, Bextra, Celebrex, Ephedra, Fen-Phen, Lamisil, Serzone and Sporanox.

### Consumer Litigation.

Seeger Weiss LLP has achieved notable recoveries and currently holds leadership roles in many major consumer class action litigations throughout the country. Among the

consumer class action litigations in which Seeger Weiss LLP plays or has played a major role are:

- In re MCI Non-Subscriber Telephone Rates Litigation: $88 million class settlement completed in the United States District Court for the Southern District of Illinois following a transfer to that district by the JPML. Final approval of the class settlement was entered in March 2001 resolving claims brought by class members to recover overcharges arising from MCI's improper imposition of non-subscriber rates and surcharges on certain of its customers. Seeger Weiss LLP was a member of the Plaintiffs' Steering Committee and served as Chair of the Discovery Committee.

- IBM Deskstar 75GXP Litigation: The firm represents statewide classes of purchasers of an IBM manufactured hard disk drive, known as the Deskstar 75GXP, in 9 different state and federal courts throughout the country. The actions include claims for violations of consumer protection statutes and breach warranty resulting from IBM's commercial practices in the marketing and sale of hard disk drives that it knew were inherently unreliable and that it knew would fail at epidemically high rates. In August 2003, Judge Ronald Sabraw issued a tentative ruling certifying a California statewide class of purchasers of the 75GXP in Michael Granito, et al. v. IBM, pending in California Superior Court in Alameda County. In addition to California, cases are also pending in New Jersey, New York, Florida, Illinois, Connecticut, Ohio, Michigan, and Pennsylvania. The firm serves as co-lead counsel in these cases.

- Lester v. Percudani, et al.: Pending in the U.S. District Court for the Middle District of Pennsylvania. The firm represents first-time homeowners who purchased homes at inflated valuations based upon fraudulent appraisals and in violation of Federal mortgage lending guidelines. The action includes federal civil RICO and state consumer fraud claims against a group of RICO co-conspirators.

- In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation: Pending in the United States District Court for the Southern District of Indiana pursuant to a JPML consolidation order. The firm represents consumers who are seeking, among other things, a broader tire recall, recovery for the cost of tire replacement and recovery for the diminution in the value of Ford Explorer vehicles resulting from design defects in response to a limited recall stemming from a spate of tire tread separation and Ford Explorer roll-over occurrences. Seeger Weiss LLP serves as a member of the Plaintiffs' Law Committee.

- Robin Sternberg v. Apple Computer, Inc. and Mikel Gordon and Pamela Parker v. Apple Computer, Inc.: Nationwide settlement completed in California state court. Plaintiffs recovered class-wide damages resulting from Apple's deceptive advertisements for its iMac and G4 brand computers—specifically the

functionality of the DVD playback feature. Seeger Weiss LLP served as co-lead counsel for the classes.

- In re AOL Version 5.0 Software Litigation: Pending in the United States District Court for the Southern District of Florida pursuant to a JPML consolidation order. Plaintiffs seek to recover damages for violations of federal antitrust laws, as well as for damage inflicted on their computers as a result of installing the software. Seeger Weiss LLP is a member of the proposed Plaintiffs' Steering Committee.

- Leon v. Rite Aid Corp.: Pending in New Jersey state court. Plaintiffs challenge defendant's deceptive advertising and practices concerning the pricing and overcharges for prescription drugs. The firm serves as lead counsel to the putative class.

- Sims v. Allstate and Dorries v. State Farm: Pending in Illinois state court. The firm serves as co-counsel in these separate class actions, representing automobile policyholders seeking to recover payment for the diminution in value of their vehicles following accidents in which certain types of body damage was sustained. These cases were certified as class actions in December 2000.

- In re: Armstrong World Industries, Inc. $7 million settlement achieved in the United States Bankruptcy Court for the District of Delaware after transfer, the firm represents the State of Connecticut, one of numerous property damage claimants which sought injunctive relief and monetary damages resulting from the presence of Armstrong-manufactured asbestos-containing resilient floor tile and sheet vinyl in residences and buildings throughout the United States.

- Workers' Compensation Litigation: The firm currently serves as co-counsel in putative class actions brought in thirteen different states against most of the country's largest workers' compensation insurance carriers. The actions seek to recover damages on behalf of numerous corporate entities resulting from the inappropriate imposition of "residual market loads."

- In re Industrial Life Insurance Litigation: The firm represents purchasers of industrial life insurance policies who were charged race-based and discriminatory rates. The firm serves on the Plaintiffs' Steering Committee in connection with the several cases that have been sent to the Eastern District of Louisiana by the JPML.

### Insurance Litigation.

During the past decade, the firm has played a pivotal role in many notable insurance market practices class actions brought against members of the life insurance industry. These nationwide suits resulted from alleged misrepresentations made in connection with the sale of certain life insurance products, including "vanishing premium" policies which, due to market-

sensitive dividend projections, required customers to pay premiums on a more prolonged basis than originally expected.

In 1995 the firm was appointed as the national Policyowner Representative in <u>Wilson v. New York Life Insurance Company</u> sales practices litigation, the first settlement of a nationwide class action relating to the vanishing premium insurance product. <u>Wilson</u> involved claims brought by a class of approximately 3.2 million New York Life policyowners who suffered damages as the result of allegedly improper sales practices by the company and its agents, including the alleged failure to properly disclose the market-sensitivity of the company's premium payment projections. As Policyowner Representative, the firm served as the principal advocate on behalf of members of the class who elected to pursue individual claim relief before independent appeal boards.

Following its appointment in the <u>New York Life</u> litigation, the firm served as the Attorney Representative in the <u>In re Prudential Life Insurance Sales Practices Litigation</u>. In that role, the firm, and others serving under its auspices, represented individual class members in connection with over 53,000 separate claim arbitrations.

In addition to the <u>New York Life</u> and <u>Prudential</u> matters, the firm has served as the Policyowner Representative, Attorney Representative, or Claim Evaluator in the following insurance sales practices class actions: <u>In re Sun Life Assurance Company of Canada Insur. Litig.</u>; <u>Ace Seat Cover Co., Inc. v. The Pacific Life Insur. Co.</u>; <u>In re Manufacturers Life Insur. Co. Premium Litig.</u>; <u>Roy v. Independent Order of Foresters</u>; <u>Murray v. Indianapolis Life Insur. Co.</u>; <u>In re New England Mutual Life Insur. Company Sales Practices Litigation</u>; <u>Manners and Philip A. Levin v. American General Life Insur. Co.</u>; <u>Moody v. American General Life and Accident Insur. Co.</u>; <u>Garst v. The Franklin Life Insur. Co.</u>; <u>Lee v. US Life Corp.</u>; <u>In re Metropolitan Life Insur. Co. Sales Practices Litig.</u>; <u>Duhaime v. John Hancock Mutual Life Ins. Co.</u>; <u>Benacquisto v. American Express Financial Corporation</u>; <u>Snell v. Allianz Life Insur. Company of North America</u>; and <u>Werner v. The Ohio National Life Insur. Co.</u>

### *Securities Litigation.*

*DaimlerChrysler Foreign Investors Securities Litigation.* Seeger Weiss serves as Court Appointed Co-Lead Counsel in this federal securities class action against defendants DaimlerChrysler AG, Daimler-Benz AG and various of DaimlerChrysler's top executives for securities fraud in violation of the federal securities laws. The lawsuit is on behalf of non-United States citizens and non-United States residents ("foreign investors") who owned shares of Chrysler that were converted to DaimlerChrysler AG shares during the 1998 merger of the companies and such persons who purchased or otherwise acquired shares of DaimlerChrysler AG, Inc. The case is currently at the motion to dismiss phase.

The lawsuit charges that Defendants misrepresented the nature of the 1998 merger between Daimler-Benz AG and the Chrysler Corporation. According to plaintiffs, defendants framed the transaction as a "merger of equals," rather than an acquisition, in order to avoid paying an "acquisition premium." The Complaint alleges that defendants

made this representation to Chrysler shareholders in the Registration Statement, Prospectus, and Proxy, leading 97% of Chrysler shareholders to approve the merger. The Complaint further alleges that the defendants made various misrepresentations after the merger to further their scheme.

In 2000, a separate securities class action lawsuit was filed on behalf of foreign and domestic investors against DaimlerChrysler (the "2000 lawsuit") pertaining to the same allegations at issue in the instant case. DaimlerChrysler AG recently settled the 2000 lawsuit for $300 million. Foreign investors were excluded from the class settlement, and therefore, will not receive any of the $300 million recovered.

***IPO Securities Litigation.*** In 2001, over 1,000 securities class actions brought against approximately 309 issuers and 56 underwriters of stock were transferred to and coordinated before Judge Shira Scheindlin of the United States District Court for the Southern District of New York in In Re: Initial Public Offering Securities Litigation. Those cases involve the payment of excessive commissions to underwriters of initial public offerings and certain market manipulating conduct committed by such underwriters and the stocks' issuers during the 1997 to 2000 time frame. The firm serves on the Plaintiffs' Steering Committee and as Co-Chair of its Legal Committee. The firm was instrumental in defeating a recusal motion brought by certain of the underwriter-defendants in 2001, and was the principal author of the electronic data preservation protocol that was entered by Judge Scheindlin in the litigation.

***In re MIIX Securities Litigation.*** The Firm serves as Court-Appointed Lead counsel in this securities fraud class action against MIIX and various of its current and former directors and officers. MIIX was one of the largest medical malpractice liability insurers in the United States until 2002 when the company disclosed that its loss reserves were wholly inadequate and that it would be putting its non-New Jersey insurance business into a solvent run-off. In December 2004, MIIX filed for Chapter 11 bankruptcy protection. On the eve of the bankruptcy, Seeger Weiss LLP secured a settlement of the claims on behalf of the class of $2,520,000. The settlement is awaiting approval by the bankruptcy and district courts.

***Red Hat Derivative Litigation.*** Seeger Weiss serves as Co-Lead Counsel in this derivative action against various of Red Hat, Inc.'s officers and directors for breaching their fiduciary duties by failing to assure proper internal accounting controls that resulted in Red Hat misstating its revenue, resulting in an accounting restatement, a significant stock price drop and subsequent securities class action litigation, all of which were costly to the company. This action is pending in Delaware.

***Sears/Kmart Merger Litigation.*** Seeger Weiss serves as Court Appointed Co-Lead Counsel in this direct action in New York state court on behalf of Sears shareholders against Sears and Kmart, as well as various of their directors and officers, regarding the merger of the two companies. The lawsuit alleges that Sears and Kmart made material misrepresentations and failed to disclose certain material facts to Sears's shareholders in the proxy/registration statement including the true value of Sears' lucrative real estate holdings.

***Other Securities Class Actions.***  The firm holds leadership roles in a variety of national securities class action litigations.  For example, Seeger Weiss LLP served as lead counsel in an action against <u>ATEC Group, Inc.</u>, in which the firm recovered $1.7 million for the class in the United States District Court for the Eastern District of New York.  Additionally, Seeger Weiss LLP chaired the Executive Committee in a derivative action against <u>Legato Systems, Inc.</u> in California.

The firm also represents or has represented shareholders in securities litigations against <u>Broadcom Corp.</u> (C.D. Ca.); <u>Cryo-Cell International, Inc.</u> (M.D. Fl.); <u>eConnect, Inc.</u> (C.D. Ca.); <u>FirstEnergy Corp.</u> (N.D. Ohio); officers and directors of <u>Global Crossing</u> (C.D. Ca.); <u>Grand Court Lifestyles, Inc.</u> (D.N.J.), <u>Impath</u> (S.D.N.Y.); <u>Mattel, Inc.</u> (C.D. Ca); <u>New Era of Networks, Inc.</u> (M.D.N.C.); <u>Nuance Communications</u> (N.D. Ca.); <u>Procter & Gamble Co.</u> (S.D. Ohio); <u>Priceline.com</u> (D. Conn.); <u>Quintiles Transnational</u> (D. Colo.); <u>The Singing Machine, Inc.</u> (S.D. Fl.); <u>Terayon, Inc.</u> (C.D. Ca.); and <u>Tesoro Petroleum Corp.</u> (E.D. Tex), among others.

### *Nursing Home Litigation.*

Seeger Weiss LLP is currently counsel in over two dozen personal injury and wrongful death actions on behalf of victims of severe nursing home abuses and neglect.  These cases are pending in various state courts throughout the country and have earned the firm a national reputation in the area of nursing home litigation.

### *Personal Injury Litigation.*

The firm maintains a highly-selective docket of matters involving serious personal injury or wrongful death.  Unlike many personal injury practices in which attorneys may handle hundreds of slip and fall matters at a time, the firm's philosophy is to allow its attorneys to concentrate on a smaller number of "high-end" catastrophic injury cases, thereby permitting the highest quality of attention and service available in the field.

### *Antitrust Litigation.*

Seeger Weiss LLP is involved in nationally prominent consumer antitrust litigation. One action, <u>In re Compact Disc Minimum Advertised Price Antitrust Litigation,</u> pending in the United States District Court for the District of Maine as a result of transfer by the JPML, seeks damages against the wholesale sellers of pre-recorded music sold in the form of compact disc. Plaintiffs allege that the defendants conspired to artificially inflate the retail prices of compact discs in violation of the Sherman Act.

### *Other Commercial Litigation.*

In addition to its diverse complex litigation practice, Seeger Weiss LLP is engaged in a wide variety of commercial litigation matters representing individuals and businesses in state and federal courts throughout the country.  The following are examples of such commercial actions in which the firm is involved:

- "StarLink" Litigation. Action completed in the United States District Court for the Northern District of Illinois pursuant to a JPML consolidation order. The JPML order consolidated and transferred to that district numerous putative statewide and nationwide class actions brought in various corn-belt states by the firm and others against Aventis Cropscience USA, the manufacturer of the "StarLink" brand of genetically altered corn. These actions were brought on behalf of certain U.S. corn growers who are seeking to recover for damages to the value of their corn crop resulting from the improper sale and marketing of the StarLink corn. The firm is one of four court-appointed co-lead counsel for the putative classes. In April 2003, Judge James B. Moran gave final approval to a $110,000,000 settlement of the class claims and the class recovery awaits distribution.

- HMO Litigation. The firm is counsel to individual doctor-members of the Connecticut State Medical Society ("CSMS") and the Medical Society of the State of New York ("MSSNY") in connection with various putative statewide class actions filed in Connecticut and New York state courts, respectively against several national health management organizations (HMOs). The class members are seeking damages resulting from the defendants' improper, unfair and deceptive practices designed to deny, impede or delay lawful reimbursement to CSMS and MSSNY physicians who rendered necessary healthcare services to members of the HMO managed care plans.

- Automobile Dealership Warranty Litigation: The firm represents dozens of franchised automobile dealerships located throughout New York State in separate actions against the "Big Three" automobile manufacturers — Ford, General Motors, and DaimlerChrysler. These actions are pending in federal court in New York and are based on the manufacturers' failure to comply with the New York State Vehicle & Traffic Law § 465. These actions assert claims that in violation of New York State statute and the franchise agreement that governs the relationship between the dealerships and the factories, the manufacturers have failed to adequately reimburse the dealerships for parts used in performing repairs pursuant to the manufacturers' warranties. In addition to the three federal court actions, the firm also represents close to a dozen franchised Chrysler dealerships in arbitrations pending before the American Arbitration Associations asserting the same claims.

- Factory Hog and Poultry Farm Environmental Litigation. The firm is involved in the prosecution of various environmental and common law claims against several of the nation's largest industrial hog and poultry farm operators. These cases, pending in several jurisdictions throughout the country, were brought on behalf of public citizens, riparian property owners and other residents in the vicinity of factory hog and poultry farms who have suffered from environmental and atmospheric degradation caused by the illegal discharge of harmful toxins and other pollutants contained in the enormous quantities of hog and poultry feces and

other wastes produced by the industrial farmer defendants.  The firm serves as co-lead counsel in several of these actions.

\* \* \*

**SEEEGER WEISS LLP**
**Selected Attorney Biographies**

## PARTNERS

**CHRISTOPHER A. SEEGER**. Position: Member. Born New York, N.Y., April 14, 1960. Admitted: 1990, New Jersey; 1991, New York; 1992, U.S. District Court, Southern District of New York and U.S. District Court, District of New Jersey; 2000, U.S. District Court, Eastern District of New York. Education: Hunter College of the City University of New York (B.A., summa cum laude, 1987); Benjamin N. Cardozo School of Law (J.D., magna cum laude, 1990). Honors: Managing Editor, Benjamin N. Cardozo Law Review. Author: "The Fixed Price Preemptive Right in the Community Land Trust Lease," 11 Cardozo Law Review 471, 1990; "Developing Assisted Living Facilities," New York Real Estate Law Reporter, Volume XII, Number 10, August 1998. Lecturer, "The Use of ADR in Class Actions and Mass Torts," New York University School of Continuing and Professional Studies, October 13, 2000. Member: Board of Advisors, New York Real Estate Law Reporter; Annual Fund Committee, 1999 -- . Director: American Friends of Rabin Medical Center, Inc.; Benjamin N. Cardozo School of Law, 1999-2000. Co-Chair, Cardozo Law School Alumni Annual Fund, 1998-2000. Member: The Association of the Bar of the City of New York; New Jersey State Bar Association. Practice Areas: Consumer Fraud; Products Liability; Antitrust; Insurance; Class Actions; Mass Torts.

**STEPHEN A. WEISS**. Position: Member. Born New York, N.Y., December 5, 1964. Admitted: 1991, New York and U.S. District Court, Southern and Eastern Districts of New York. Education: Brandeis University (B.A., 1986); Benjamin N. Cardozo School of Law (J.D., 1990). Honors: Business Editor, Cardozo Law Review, 1989-1990. Author: "Environmental Liability Disclosure Under the Federal Securities Law," Law Education Institute, Inc., 1998; "Liability Issues and Recent Case Law Developments Under CERCLA, New Environmental Issues of Liabilities of Government Agencies & Government Contractors," Federal Publications, Inc., Chapter 4, 1995; "New York Proposes Legislation to Restrict Shareholder Derivative Suits," Insights, Vol. 8, No. 3, p. 24, 1994; "Suretyship as Adequate Protection Under Section 361 of the Bankruptcy Code," Cardozo Law Review, Vol. 12, p. 285, 1990. Director, Benjamin N. Cardozo School of Law, Yeshiva University, 1999-current; Chair, Capital Campaign Committee, 1999-current, Co-Chair, Alumni Annual Fund, 1998-2000. Awards: International Humanitarian Achievement Award, Shaare Zedek Medical Center, 2002. Member: Association of Trial Lawyers of America; American Bar Association. Practice Areas: Complex Litigation, including Antitrust, Consumer, Employment, Environmental, Insurance, Products Liability, Pharmaceutical and Securities Litigation.

**DAVID R. BUCHANAN**. Position: Member. Born July 19, 1967. Admitted: 1993, New Jersey and U.S. District Court, District of New Jersey; 1994, New York and U.S. District Court, Southern District of New York; 1999, U.S. District Court, Eastern District of New York. Education: University of Delaware (B.S., 1990); Benjamin N. Cardozo Law School (J.D., magna cum laude, 1993). Honors: Samuel Belkin Scholar, 1993.

Member, 1991-1993 and Administrative Editor, 1992-1993, Cardozo Law Review.
Member: American Bar Association (Member, Sections on: Litigation; Intellectual
Property). Practice Areas: Complex and Mass Tort Litigation, including Antitrust,
Consumer, Environmental, Insurance, Intellectual Property, Pharmaceutical, Products
Liability, and Securities Litigation.

**SETH A. KATZ**. Position: Member. Born New York, N.Y., September 11, 1968.
Admitted: 1994, New York; 1997, U.S. District Court, Southern and Eastern Districts of
New York. Education: University of Michigan (B.A., with distinction and class honors,
1990); Boston University (J.D., cum laude, 1993). Boston University School of Law:
Paul J. Liacos Scholar, 1992; Edward F. Hennessey Scholar, 1993. Assistant District
Attorney, Bronx County, 1993-1996.

**DIOGENES P. KEKATOS**. Position: Member. Born New York, New York,
November 29, 1958. Admitted: New York 1984, U.S. District Court, Southern and
Eastern Districts of New York; 1985, U.S. Court of Appeals for the Second Circuit; 1987,
U.S. Supreme Court. Education: Columbia College, Columbia University (B.A., 1980);
Brooklyn Law School (J.D., 1983). Experience: Associate, 1983-84, Meltzer, Fishman,
Madigan & Campbell; Assistant Regional Counsel, 1984-86, U.S. Department of Health
and Human Services; Special Assistant United States Attorney, 1986-88, Southern
District of New York; Assistant United States Attorney, 1988-2000, Southern District of
New York; Chief, Financial Litigation Unit, 1988-90 and Chief, Immigration Unit, 1990-
2000. Argued over 120 appeals and motions in the U.S. Court of Appeals
for the Second Circuit, including successful *en banc* rehearing, and recipient of numerous
distinctions and commendations, including the Executive Office for United States
Attorneys Director's Award for Superior Performance as an Assistant U.S. Attorney and
Letter of Commendation from the Attorney General of the United States for Outstanding
Performance in Appellate Mediation. Practice Areas: Federal Appellate Litigation;
Federal Civil Litigation; Complex Litigation.

**ERIC T. CHAFFIN.** Position: Member. Born East Liverpool, Ohio, August 11, 1971.
Admitted in Pennsylvania, New York, Second Circuit Court of Appeals, Third Circuit
Court of Appeals, W.D. Pa., S.D.N.Y. and E.D.N.Y. Education: West Virginia
University (B.A., Phi Beta Kappa, *summa cum laude*, Arts & Sciences Scholar,
University Honors Scholar, 1993); Washington & Lee University School of Law (J.D.,
cum laude, 1996). Honors: Chairman, Moot Court Board; Staff Writer, Washington and
Lee Environmental Law Digest; Best Brief and Runner-Up, Best Oral Advocate, Davis
Moot Court Competition; Charles V. Laughlin Award. Author: "Higher Education Law:
The Relationship With The Faculty," in THE LAW OF HIGHER EDUCATION (Pa. Bar. Inst.
1997); "Review of Third Circuit Antitrust Cases (May 1993-May 1995)," in 1001
ANTITRUST CHALLENGES IN THE 90'S: ENFORCEMENT REACHES NEW HEIGHTS 200 (Pa.
Bar. Inst. 1995). Teaching: Adjunct Clinical Professor of Law, Brooklyn Law School.
Experience: Reed Smith LLP, 1996-1999; Law Clerk to the Honorable D. Brooks Smith,
U.S. District Court, Western District of Pennsylvania, 1997; Assistant U.S. Attorney,
Business/ Securities Fraud Unit, 1999-2003. Notable Trials and Cases: <u>Skidmore v.
Duquesne Light Co.</u>, (W.D.Pa.) (successful defense of ADEA action to verdict); <u>U.S. v.</u>

Arbel, 01-CR-917 (EDNY) (ILG) (lead trial counsel in successful 10(b)(5) securities fraud prosecution); U.S. v. Asti, 03-CR-283 (EDNY) (LDW) (investigated and prosecuted accounting and securities fraud at Symbol Technologies, Inc.); U.S. v. Cuero-Flores, 276 F.3d 113 (2d Cir. 2002) (argued and on brief). Profiled in "Case Reveals The Meaning of Life," National Law Journal, September 6, 1999. Practice Areas: Securities and Employment Litigation.

## COUNSEL

**MICHAEL L. ROSENBERG**. Position: Counsel. Born New York, New York May 25, 1964. Admitted: New Jersey 1989; U.S. District Court, District of New Jersey 1989; New York 1990. Education: Rutgers-Camden School of Law (J.D., 1989), University of Delaware (B.A. 1986). Practice Areas: Complex and Insurance Litigation.

**MARC ALBERT.** Position: Counsel. Born Commack, New York, September 25, 1970. Admitted: 1996, New York and U.S. District Court, Southern and Eastern Districts of New York Education: University of Wisconsin-Madison (B.A., 1992); New York Law School (J.D., 1995). Member: New York State Trial Lawyers Association. Practice Areas: Catastrophic Personal Injury and Medical Malpractice Litigation.

**DONALD BRADFORD.**    Position: Counsel.    Mr. Bradford graduated from the University of Texas at Austin (BSEE 1967) and earned his law degree from the University of Tulsa (J.D. 1974), where he was named Outstanding First Year Student, served on the University of Tulsa Law Journal and received the honorary *Order of the Curule* Chair. Following law school, Mr. Bradford served as law clerk for the Hon. Joseph W. Morris, Chief Judge U.S.D.C., E.D. Oklahoma. Mr. Bradford is admitted to practice in Oklahoma; U.S. District Courts for the Northern and Eastern Districts of Oklahoma; U.S. Tax Court; U.S. Courts of Appeals for the Fifth, Tenth, and D.C. Circuits; and is registered to practice before the U.S. Patent and Trademark Office (USPTO). Mr. Bradford practices in the areas of Commercial Litigation; Environmental and Toxic Torts; Pharmaceutical Injury; and Securities and Investment Fraud.

## ASSOCIATES

**AMY P. ALBERT**. Position: Associate. Born Goshen, New York, October 8, 1969. Admitted: 1995, Connecticut; 1996, New York and U.S. District Court, Southern and Eastern Districts of New York; 1998, New Jersey and U.S. District Court, District of New Jersey. Education: Syracuse University (B.S., 1992); New York Law School (J.D., cum laude, 1995). Member, 1993-1995, and Associate Editor, 1994-1995, New York Law School Journal of Human Rights.

**RICK BARRECA.** Position: Associate. He practices in the areas of pharmaceutical and mass torts, securities and investment fraud, consumer and complex commercial litigation. Mr. Barreca currently serves as counsel in the *IPO Securities Litigation* and regularly counsels clients, shareholders and consumers in connection with securities and consumer fraud matters. Mr. Barreca was born in Passaic, New Jersey. He received his

B.A. from Montclair State College in 1992 and his J.D. from Touro College Jacob D. Fuchsburg Law School in 1998. He is admitted to practice in New York and New Jersey.

**PATRICIA D. CODEY**. Position: Associate. Born Orange, New Jersey, November 8, 1955. Admitted: 1989 New Jersey; U.S. District Court, District of New Jersey. Education: College of Saint Elizabeth (B.A., 1977); City University of New York Law School (J.D. 1988). Experience: Law Clerk to the Honorable Michael J. Degnan, 1988-89.

**SINDHU SUSAN DANIEL.** Position: Associate. Born in Manama, Bahrain, Ms. Daniel attended Temple University in Philadelphia, Pennsylvania where she obtained her Bachelor's Degree in 1991 as well as her J.D. in 1994. Ms. Daniel works primarily in the area of Pharmaceutical Injury, where she represents clients injured by Serzone, PPA, Vioxx, Celebrex and Bextra. She is admitted to practice in New Jersey, Pennsylvania and Michigan.

**DONALD A. ECKLUND**. Position: Associate. Born Bronx, New York, December 23, 1975. Admitted: New Jersey, 2001; New York, 2003; U.S. District Court, District of New Jersey, 2001. Education: Rutgers University (B.S. 1998); Rutgers-Newark School of Law (J.D., 2001). Experience: Law Clerk to Judge Joseph Messina, New Jersey Superior Court, Presiding Judge – Chancery Division, 2001-2002; Law Clerk to Judge Marina Corodemus, New Jersey Superior Court, Mass Tort of New Jersey, 2003-2004.

**MICHAEL S. FARKAS**. Position: Associate. Born Philadelphia, PA, May 13, 1976. Admitted: New York, New Jersey, 2001. Education: University of Virginia (B.S. 1998); Benjamin N. Cardozo Law School (J.D., cum laude, 2001). Honors: Cardozo Law Review, 1999-2000; Heyman Scholar, 1998-2001.

**JEFFREY S. GRAND.** Position: Associate. Born Tallahassee, Florida, January 15, 1966. Admitted: 2003, New York and U.S. District Court, Southern and Eastern Districts of New York. Education: New York School of Visual Arts (B.F.A., 1990); Benjamin N. Cardozo School of Law (J.D., Order of the Coif, 2002). Honors: Felix Frankfurter Award; Executive Editor, Cardozo Law Review, 2001-02; Treasurer, Cardozo Chapter of the American Constitution Society. Author: "The Blooding of America: Privacy and the DNA Dragnet," 23 Cardozo Law Review 2277 (2002). Member: American Bar Association; New York State Bar Association. Prior to joining Seeger Weiss LLP,

**ROOPAL P. LUHANA**. Position: Associate. Born Ahmedabad, India, April 23, 1976. Admitted: New Jersey, District of New Jersey, 2001. Education: Rutgers University, Douglass College (B.A., 1998); Seton Hall University School of Law (J.D., 2001). Experience: Law Clerk to Judge Marina Corodemus, New Jersey Superior Court, Mass Tort of New Jersey, 2002-2003.

**LAURENCE V. NASSIF**. Position: Associate. Born Los Angeles, California, July 11, 1972. Admitted: New York, 2000; New Jersey 1999. Education: California State University, Northridge (B.A., 1995); Benjamin N. Cardozo School of Law (J.D., 1998).

**JAMES A. O'BRIEN III**. Position: Associate. Born Boston, Massachusetts, December 11, 1961. Admitted: New York, 2000; Massachusetts, 1988; U.S. District Court, District of Massachusetts, 1991. Education: University of Massachusetts at Amherst (B.A., 1984); New England School of Law (J.D., 1988). Experience: Attorney Advisor, U.S. Department of Labor, 1988-89; Assistant District Counsel, U.S. Immigration and Naturalization Service, 1990; Special Assistant United States Attorney, 1990-2001, Southern District of New York. Practice Areas: Federal Appellate Litigation; Immigration Law; Federal Civil Litigation.

**ANDREA MERCEDES PI-SUNYER**. Position: Associate. Originally from Boston, Massachusetts, Ms. Pi-Sunyer is a 1987 graduate of Oberlin College and she received her J.D. in 1994 from Northeastern School of Law. With an extensive background in mediation prior to joining Seeger Weiss, Ms. Pi-Sunyer now works in the area of Pharmaceutical Injury where she specializes in processing settlements for firm clients. She is admitted to practice in New York.

**ELIZABETH A. WALL**. Position: Associate. Born New York, New York, February 2, 1968. Admitted: 1996, New Jersey, New York and U.S. District Court, District of New Jersey. Education: Haverford College (B.A., 1990); Cornell University (J.D., 1995).

# GILMAN AND PASTOR, LLP

### *FIRM RESUME*

***GILMAN AND PASTOR, LLP*** is a law firm which concentrates in class action litigation on behalf of consumers, small businesses and investors.  The firm has broad experience in the areas of consumer protection, products liability, antitrust, securities and other types of complex litigation.  Although Gilman and Pastor, LLP's offices are located in Massachusetts and Florida, the firm litigates cases throughout the country, including both federal and state courts.  Many of the firm's cases have involved complex multi-district litigation, including appearances before the Judicial Panel on Multi District Litigation.  The attorneys in the firm are experienced in, and thoroughly familiar with, all aspects of class action litigation, including the underlying substantive law, the procedures recommended in the Manual for Complex Litigation, and the substance and procedure of class certification.  The firm has recovered hundreds of millions of dollars for the clients it has represented.

## *REPRESENTATIVE CASES BY AREA OF PRACTICE*

### Securities

The firm is actively involved in litigation on behalf of defrauded individual and institutional investors in both class action and shareholder derivative litigation.

The firm served as Co-Lead Counsel in In re Blech Securities Litigation, 94-CIV-7696-RWS (S.D. N.Y.) asserting market manipulation claims against the brokerage firm of D. Blech & Co., its principals, its clearing broker, and several other alleged participants in connection with an alleged scheme to inflate the prices of various biotechnology securities.  In a vigorously litigated case, the firm and its co-counsel obtained certification of a class of purchasers of 22 separate securities, successfully opposed various motions to dismiss, and, subsequently, motions for summary judgment, and after extensive discovery and trial preparation, negotiated over $15 million in cash settlements on behalf of the class.  This case resulted in several reported opinions, including one that has been frequently cited and referred to by commentators on the issue of clearing broker liability.  In re Blech Securities Litigation, 961 F. Supp. 569 (S.D. N.Y. 1997).

Gilman and Pastor, LLP served as Co-Lead Counsel in Hynes v. The Enstar Group, Inc., et al. 90-C-1204-N (M.D. Alabama).  In the face of substantial risks of an unsuccessful outcome due to the bankruptcy (and consequent immunity from suit) of Enstar and the bankruptcy of Enstar's chairman who was the chief architect of the fraud, Gilman and Pastor, LLP aggressively litigated the case on behalf of the Class and obtained settlements totaling in excess of $19 million from several defendants, including a major accounting firm, a major law firm, and former outside directors after the conclusion of extensive discovery and immediately prior to the scheduled trial.  Subsequently, Gilman and Pastor, LLP won an additional $4.1 million for the class in collateral litigation against Michael Milken and related entities.

The firm was Co-Lead Counsel in <u>Cooper v. Kana, et al</u>. Civil Action No. 3:98-CV-2804-M (N.D. Texas) on behalf of purchasers of CPS Systems, Inc. ("CPS") stock in connection with its $8.74 million initial public offering ("IPO") and trading on the American Stock Exchange thereafter, against CPS, its officers and directors, the underwriters for its IPO, and CPS's independent auditors, alleging misstatements in the IPO Prospectus and subsequent press releases and SEC filings concerning CPS's revenue recognition methods and reported revenues and earnings. After CPS restated its earnings and filed bankruptcy, the firm and its co-counsel obtained class certification, defeated various motions to dismiss, conducted discovery, engaged in two separate mediations, and ultimately recovered $3.44 million in cash settlements on behalf of the class against the remaining defendants.

The firm served as Co-Lead Counsel in <u>Lynn v. Infinity Investors Limited, et al</u>. 3:97-CV-226 (E.D. Tenn.), a case asserting claims for open market securities fraud and for breach of contract arising out of an alleged complex scheme to evade the requirements of Regulation S of the Securities Act of 1933 and to manipulate the market prices of United Petroleum Corporation ("UPET") stock. The firm obtained class certification, successfully objected to UPET's bankruptcy plan in another jurisdiction that would have otherwise dismissed the action with prejudice, and overcame other significant obstacles in a vigorously litigated case to ultimately obtain a $4 million cash settlement, recovering a very substantial portion of actual losses claimed by class members.

Gilman and Pastor, LLP served as Co-Lead Counsel in <u>In re Hallwood Energy Partners L.P. Securities Litigation</u>, 90-Civ-1555-JFK (S.D.N.Y.) in which a $9.1 million settlement was obtained after five years of intensive litigation. This class action arose out of a complex merger and exchange offer transaction involving several publicly traded oil and gas limited partnership entities. The litigation challenged the fairness of the exchange and involved highly complex oil and gas valuations and methodologies. Gilman and Pastor, LLP effectively managed the litigation and diligently prosecuted the case on behalf of a Class of approximately forty thousand unitholders.

Gilman and Pastor, LLP served as Co-Lead Counsel in <u>Caven v. Miller, et al</u>. No. H-96-CV-3464 (EW) (S.D. Tex.), a shareholder derivative action arising out of the merger of a publicly held hospital company with and into a firm in the same industry that had been privately held. After the merger, the successor firm downwardly restated its financial results due to its own previously undisclosed accounting irregularities and losses. After defeating motions to dismiss on various grounds, conducting discovery, and engaging in mediations, Plaintiffs recovered over $18 million in benefits on behalf of the successor company from various insiders of both companies involved.

The firm served as one of four co-lead counsel representing a class of securities purchasers in <u>In re Immunex Securities Litigation</u>, No. C92-548 (W.D. Wash.), and obtained a settlement of $14 million.

The firm served as one of three co-lead counsel representing a class of limited partners in In re Oxford Tax Exempt Fund Securities Litigation, No. 95-3643 (D. Md.), a case asserting federal securities and related common law claims arising out of a complex partnership restructuring transaction, and obtained a settlement valued in excess of $11 million.

Gilman and Pastor, LLP served as lead counsel in Sullivan, et al. v. Shearson California Radisson Plaza Partners, Limited Partnership, et al., No. 89-5472-JMI (C.D. Cal.), a case arising out of a publicly offered limited partnership wherein claims under the 1934 Exchange Act and the 1933 Securities Act were asserted on behalf of the investors.  The case involved complex issues of hotel appraisal and valuation, and resulted in a settlement valued in excess of $11 million on behalf of the class.

In Hartley v. Stamford Towers Limited Partnership, et al., No. C-90-2146-JPV (N.D. Cal.), another action arising out of a public limited partnership offering, the firm served as co-lead counsel for the investor class and obtained a settlement of $6.5 million.  In that litigation the plaintiffs engaged in extensive discovery and negotiations and consultation with real estate valuation experts, in the face of several challenging obstacles.

The firm served as co-lead counsel representing a class of more than 4,000 investors in a series of oil and gas drilling programs in the Woodlands Energy and Development Corporation/ Intercomex Financial Corp. Litigation (encompassing several related civil actions in various federal and state courts in Texas and California).  That litigation involved complicated securities issues, as well as certain novel insurance liability questions, and was also contested vigorously by the defendants with respect to every aspect of the case.  In that case, plaintiffs' counsel overcame several rounds of briefing on motions to dismiss the pleadings and a vigorous opposition to class certification.  Counsel then engaged in a long series of merits discovery, and eventually took part in intense negotiations that led to several partial settlements.  Ultimately, Gilman and Pastor, LLP, together with their co-counsel, recovered in excess of $11 million for investors.

The firm was one of four firms actively involved in Alert Income Partners Securities Litigation, No. 92-2-9150 (D. Colo.) a securities class action brought against promoters of a series of limited partnerships, their auditors and other parties.  After extensive discovery, a settlement was reached valued at $60 million.

Gilman and Pastor, LLP, as lead class counsel, achieved a successful settlement in the case of Hutson, et al. v. Merrill Lynch, Pierce, Fenner & Smith, et al., No. 89 Civ. 8358 (L.M.M.) (S.D.N.Y.).  That case, which arose out of the offering of limited partnership interests, involved mortgage revenue bonds issued by many state and local government agencies which were secured by participating non-recourse mortgage loans on fourteen apartment projects and retirement communities.  As lead counsel, Gilman and Pastor, LLP was responsible for and managed all aspects of the complex litigation which also involved the subject areas of real estate financing and valuation, secured lending and foreclosure.  In addition, because the case involved a 1985

offering, there were serious statute of limitations questions facing plaintiffs and plaintiffs' counsel. Despite these momentous problems, the firm obtained a settlement valued at $14 million for the class. Judge McKenna, in approving the settlement, praised plaintiffs' counsel for their efficient work.

Gilman and Pastor, LLP was one of five firms actively involved in the In re Granada Partnership Securities Litigation, MDL No. 837 (S.D. Tex.), in which a partial settlement in excess of $14 million was reached with certain of the defendants. This was an extremely contentious lawsuit in which every procedural step was a pitched battle. After protracted litigation with extensive motion practice, the partial settlement was reached, which accounted for virtually all of the available financial resources of the settling defendants.

Other examples of the firm's litigation ability are the dual settlements achieved in the related cases styled In re Permian Partners, L.P. Securities Litigation, No. 11373 (Del. Ch. Ct.) and Rodgers v. National Intergroup, Inc., et al. No. 90-11653-Z (D. Mass.). Gilman and Pastor, LLP was designated as lead counsel and directed and participated in every aspect of the cases. The first settlement, valued at $6.1 million, plus non-monetary benefits, arose out of an action in the Delaware Chancery Court challenging a merger of limited partnership interests. Gilman and Pastor, LLP conducted extensive discovery in that litigation, most of which was done on an expedited basis, and consulted with experts, including authorities on oil and gas. The litigation involved many complex issues, including issues relating to the valuation of interstate and intrastate pipeline assets. The settlement was reached after the conclusion of expedited discovery and prior to a hearing on our motion for preliminary injunction. The second settlement successfully concluded litigation in the U.S District Court in Massachusetts arising out of the 1987 public offering of the partnership interests which later became the subject of the merger proposal.

Gilman and Pastor, LLP has also played a major role in significant litigation challenging limited partnership roll-ups, restructurings, exchanges and mergers, including the Hallwood Energy, Oxford and Permian cases described above, Adam et al. v. Berkshire Realty Corporation, No. 90-12864 WF (D. Mass), where the firm served as co-lead counsel and achieved a settlement consisting of cash and warrants valued at $7.5 million, In re Equitec Rollup Litigation, Master File No. C-90-2064 (N.D. Cal); Laurence v. Brewer, No. 97-15464 (Del. Ch. Ct.), where the firm served as co-lead counsel (challenging a tender offer by general partners for publicly traded master limited partnership, and obtaining settlement with establishment of dividend payments to limited partners); LLOV Partners v. INCO Limited, No. 00-4999 (NHP) (D.N.J.) (challenging tender offer by parent company for tracking stock of subsidiary); and Rosenblum v. Equis Financial Group, No. 98-8030 (S.D. Fla.) (class and derivative settlements on behalf of three sub-classes).

Gilman and Pastor, LLP has also been actively involved in numerous other class actions arising under the federal securities laws, including In re Painewebber Inc. Limited Partnership Litigation, No. 94-CV-8547 (S.D.N.Y.); In re The One Bancorp Securities Litigation, No. 89-0315-P (D.

Me.); <u>In re VMS Securities Litigation</u>, No. 89C 9448 (N.D. Ill.); <u>In re Shearson Union Square Associates Securities Litigation</u>, (Del. Ch. Ct.); <u>In re Software Publishing Securities Litigation</u>, C-93-20246 (N.D. Cal.); <u>In re Prudential-Bache Energy Income Partnerships Litigation</u>, MDL No. 888 (E.D. LA); <u>In Re: T$^2$ Medical Inc. Shareholder Litigation</u>, 92-CIV-1564 (N.D. Ga.); <u>In re Interneuron Pharmaceuticals Securities Litigation</u>; 97-12254 (D. Mass.); <u>In re UDC Homes Securities Litigation</u>, 95-08941 (Maricopa County, AZ Superior Ct.); and <u>In re Towers Financial Securities Litigation</u>, 93-0810 (S.D.N.Y.).

**Defective Products**

Gilman and Pastor, LLP is actively involved in litigation involving defective products, including defective building products, pharmaceutical products, motor vehicles, electronics and other products.

In <u>Sebago, Inc., et al. v. Beazer East, Inc., et al.</u>, No. 96-10069 (D. Mass.), Gilman and Pastor, LLP served as lead class counsel in a suit on behalf of owners of buildings with corrosive phenolic foam roof insulation. The litigation was extremely contentious, involved numerous potentially dispositive motions, discovery motions and extensive class certification proceedings. The defendants ultimately produced hundreds of thousands of documents as well as hundreds of depositions. To prepare for hearings on class certification, summary judgment and trial, Gilman and Pastor marshaled testimony from experts in a variety of disciplines, including roof engineering, structural engineering, materials science and corrosion, and financial analysis. The firm obtained a significant decision upholding RICO claims against the manufacturers. <u>See Sebago, Inc. v. Beazer East, Inc.</u>, 18 F. Supp. 2d 70 (D.Mass. 1998). The Court recently approved nationwide class settlements with the two manufacturers of the phenolic foam insulation, worth a combined estimated present value of more than $240 million.

In <u>Coleman, et al. v. GAF Building Materials Corporation</u>, No. CV-96-0954-GALANOS (Circuit Court of Mobile County, Alabama), Gilman and Pastor, LLP served as lead counsel for a nationwide class of persons who owned properties with defective roofing shingles. The firm recently obtained a settlement with benefits estimated at a present value in excess of $75 million.

In <u>Paradis v. Bird Incorporated</u>, No. 00-C-0235 (Merrimack, N.H. Superior Court), Gilman and Pastor, LLP served as lead counsel on behalf of purchasers of Bird defective roofing shingles. The settlement obtained was valued at approximately $9.6 million.

Other cases handled by the firm involving defective building products include <u>Foster v. ABTco, Inc.</u> (Civil Action No. CV95-151-M, Choctaw County, Alabama) (defective hardboard siding; nationwide class certified and class settlement approved); <u>In re Louisiana-Pacific Corporation Inner-Seal OSB Trade Practices Litigation</u>, (Master File No. C-95-3178-VRW, N.D.Cal.) (defective oriented strand board (OSB); nationwide class certified and settlement approved).

### Consumer Protection and Antitrust

The firm is also actively involved in litigation involving price-fixing and other anti-competitive conduct, deceptive sales practices, and unfair and deceptive trade practices.

Gilman and Pastor, LLP served as sole Class Counsel in <u>Fortin v. Ajinomoto, et al</u>, (Civil Action No. 02-2345C, Middlesex Superior Court Department, Mass.), and recently obtained final approval of partial class settlements totaling $8.2 million.

Gilman and Pastor, LLP served as a member of the Plaintiffs Steering Committee in <u>Ciardi v. F. Hoffman-LaRoche, Ltd., et al.</u>, (Civil Action No. 99-03244, Middlesex Superior Court Department, Mass.), a case that created new law in Massachusetts conferring standing upon indirect purchasers for claims arising from price-fixing or other anti-competitive conduct. Settlement funds valued at over $22.5 million were obtained and distributed to over 300 charitable organizations providing food and nutrition programs in Massachusetts.

Gilman and Pastor, LLP served as sole counsel in <u>Boos v. Abbott Laboratories</u>, No. 95-10091 (D.Mass.), which was the first case in which indirect purchasers in Massachusetts ever recovered damages arising from a price-fixing conspiracy.  The case was settled in 1997 for $2.5 million.

Gilman and Pastor, LLP served as lead counsel in <u>Muccioli v. Sony Computer Entertainment America, Inc</u>., No. 413148 (San Mateo Cty. California Superior Court) and obtained a substantial nationwide class settlement that provided free service and repairs during an extended warranty period and partial refunds of past repair costs to purchasers of Sony Playstation Models 1001 and 5501 in an action arising out of alleged product defects, breaches of warranty, and deceptive trade practices.

The firm was lead counsel in <u>Hardy v. Sears Roebuck & Co.</u>, Civil Action No. 98-CH-06305 (Cook County, Illinois) obtaining a nationwide class settlement which provided warranty repairs to consumers who purchased home improvement services from Sears and its authorized contractors.

The firm is a member of the Plaintiffs' Counsels' Steering Committee in <u>In re High Fructose Corn Syrup Antitrust Litigation</u>, MDL No. 1083, U.S. District Court for the Central District of Illinois, antitrust suit on behalf of businesses which purchased high fructose corn syrup at prices which were inflated due to a massive, world-wide price-fixing conspiracy.

Gilman and Pastor, LLP served as sole counsel for the class in <u>Anslono v. Thorn Americas, Inc.</u> (Civil Action No. 98-0049, Suffolk Superior Court Department, Mass.), and obtained a class settlement of claims for false advertising of "rent to own" contracts.

In <u>In re Packard Bell Consumer Class Action Litigation</u>, No. BC 125671 (California Superior Court), Gilman and Pastor, LLP served as counsel and obtained a substantial settlement for

purchasers of "reconditioned" personal computer systems which were falsely advertised as "new."

In <u>In re Miracle Ear Consumer Litigation</u>, No. 94-1696 (Dist. Ct. Minn.), Gilman and Pastor, LLP served as counsel and obtained a substantial settlement for purchasers of hearing aids which had been falsely advertised.

Gilman and Pastor, LLP has been actively involved in litigation arising from life insurance sales practices, including <u>Michaels v. Phoenix Home Life Mutual Insurance Company</u>, Index No. 5318-95 (NY.Sup.Ct., Albany County), 1997 N.Y.Misc. LEXIS 171 (1996) (approving class settlement); <u>Natal v. Transamerica Occidental Life Insurance Company</u>, Index No. 694829 (CA.Sup.Ct., San Diego County, 1997) (approving class settlement); <u>In re: Manufacturers Life Insurance Company Premium Litigation</u>, MDL No. 1109 (S.D.Cal.) (substantial settlement for class); <u>In re: Sun Life Assurance Company of Canada Insurance Litigation</u>, MDL No. 1102 (D.N.J.) (substantial settlement for class); <u>In re: New England Mutual Life Insurance Company Sales Practices Litigation</u>, MDL No. 1105 (D.Mass.) (court appointed Gilman and Pastor, LLP as liaison counsel in MDL proceeding; court subsequently approved substantial class settlement); <u>Duhaine v. John Hancock Mutual Life Insurance Company</u> (Civil Action No. 96-10706-GAO, D.Mass.) (substantial class settlement).

Gilman and Pastor, LLP has developed unique expertise in litigation involving pyramid marketing schemes, including obtaining significant decisions in <u>Webster v. Omnitrition</u>, 79 F.3d 776, 782 (9th Cir. 1996) (holding that multi-level marketing firm could be found to be a pyramid scheme and an investment security where there was no evidence that it actually enforced "anti-pyramid" requirements; class settlement approved following successful appeal by Gilman and Pastor); <u>Capone v. Nu Skin Canada, Inc.</u> (Case No. 93-C-2855, D.Utah) (Gilman and Pastor obtained court approval of settlement of class claims against multi-level marketing firm after successfully opposing multiple motions to dismiss and for summary judgment and after extensive discovery); <u>Rhodes v. Consumers' Buyline, Inc.</u>, 868 F.Supp. 368 (D.Mass. 1993) (case settled after Gilman and Pastor obtained court ruling that contractual arbitration clause was unenforceable because distributorship agreement violated public policies against pyramid marketing schemes).

### *ATTORNEYS*

**KENNETH GILMAN** is a graduate of Suffolk University Law School (J.D., 1979) and Boston University (B.A.,1976). Mr. Gilman is a member of the bars of the Commonwealth of Massachusetts, the State of Florida, the U.S. District Court for the District of Massachusetts and the U.S. District Court for the Southern District of Florida. He is a member of the Massachusetts Bar Association, the Florida Bar and the American Bar Association. Mr. Gilman has served, and currently serves as lead or co-counsel in various types of complex litigation, including cases in the areas of antitrust, consumer protection, insurance, dangerous and defective products, environmental law, personal injury and securities fraud.

Representative cases which have produced significant legal developments, include: <u>Sebago, Inc., et. al. v. Beazer East, Inc., et. al.</u>, No. 96-10069- Wolf (D. Mass.) (Nationwide Class Settlements with two manufacturers of phenolic insulation with a value in excess of $240 million; 18 F.Supp.2d 70 (D.Mass. 1998); <u>Coleman, et. al. v. GAF Building Materials Corporation</u>, No. CV-96-0954-Galanos (Circuit Court of Mobile County, Alabama) (Nationwide class of persons who owned properties with GAF defective roofing shingles with settlement value in excess of $75 million); <u>In re: Louisiana-Pacific Corporation Inner-Seal OSB Trade Practices Litigation</u>; <u>Ciardi v. F. Hoffman-LaRoche Ltd, et. al.</u>,(Civil Action No. 99-03244, Middlesex Superior Court Department Mass.), (a case that created new law in Massachusetts conferring standing upon indirect purchasers for claims of price-fixing or other anti-competitive conduct. Settlement funds obtained of over $22.5 million); <u>Michaels v. Phoenix Home Life Mutual Insurance Company</u>, Index No. 5318-95 (N.Y.Sup.Ct. Albany County) 1997 N.Y. misc. LEXIS 171 (1996); <u>Agnes v. The Enstar Group, Inc., et. al.</u>, 90-C-1204-N (M.D. Alabama)(Settlement obtained of over $23 million); <u>In re Hallwod Energy Partners L.P. Securities Litigation</u>, 90-Civ-1555-JFK (S.D.N.Y.)(In which a $9.1 million settlement was obtained after five years of intensive litigation arising out of a complex oil and gas merger; <u>Sullivan, et. al. v. Shearson California Radison Plaza Partners Limited Partnership, et. al.</u>, No. 89-5472 (C.D.Cal.)(Securities fraud action resulting in settlement in excess of $11 million); and <u>Alert Income Partners Securities Litigation</u>, No. 92-2-9150(D.Colo.)(Securities fraud action resulting in settlement valued at $60 million).

Mr. Gilman was previously associated with Gilman, McLaughlin and Hanrahan in Boston, Massachusetts and with the firm of Blackwell, Walker, Gray, Powers, Flick and Hoehl in Miami, Florida. In 1985, Mr. Gilman was appointed by the United States District Court for the Southern District of Florida as the Equity Receiver in the Intercontinental Commodities litigation. During the period from 1980 through, 1984, he participated as counsel to the Equity Receiver in the Lloyd Carr and Company commodities fraud litigation. In that capacity, he prosecuted complex litigation in Federal and state courts in Massachusetts and Florida, resulting in significant recoveries for defrauded investors. Also as part of this litigation, Mr. Gilman acted as special counsel for the Department of Justice.

**DAVID PASTOR** is a 1979 graduate of Boston University School of Law and a 1976 graduate of Haverford College.  During law school, Mr. Pastor clerked for two Wisconsin state court judges. Mr. Pastor is a member of the bar of the Commonwealth of Massachusetts, the U.S. District Court for the District of Massachusetts and the U.S. Court of Appeals for the First Circuit.  He is a member of the Massachusetts Bar Association, the American Bar Association and the Association of Trial Lawyers of America.  Mr. Pastor has served, and currently serves as class counsel in numerous class actions in various state and federal courts and has substantial experience in various types of complex class action litigation, including cases involving securities fraud and market manipulation, privacy rights, antitrust misconduct, consumer protection claims and defective products.  Certain of Mr. Pastor's cases have produced significant legal developments, including <u>In re Blech Securities Litigation</u>, 961 F. Supp. 569 (S.D.N.Y. 1997) and 2002 WL 31356498 (S.D.N.Y. Oct. 17, 2002)(liability of a clearing broker as a primary violator for a scheme initiated by one of the clearing broker's correspondent broker-dealers) and <u>Weld v. Glaxo Wellcome, Inc.</u>, 434 Mass. 81, 746 N.E.2d 522 (2001)(certification

of class action against several defendants engaged in parallel conduct where certain defendants had no contact with the plaintiff and engaged in no conduct which directly affected the plaintiff).

***JOHN C. MARTLAND*** is a 1978 graduate of Suffolk University Law School (J.D.) and received a Bachelor of Arts degree from Colby College in 1972.  Mr. Martland was previously associated with the Law Offices of Harold Brown in Boston, Massachusetts, where he was the senior trial attorney and with the firm of Ring and Rudnick, also located in Boston.  Mr. Martland has had experience in a wide variety of complex civil litigation and been trial counsel in complex civil actions in state and federal courts throughout the United States.  He has served as counsel in complex business litigation in state courts in Massachusetts, New Hampshire and Maine.  He has represented franchisees in arbitration proceedings before the American Arbitration Association in Massachusetts, North Carolina, Illinois and New Jersey.  He is a member of the bar of the Supreme Judicial Court of Massachusetts, the U.S. District Court for the District of Massachusetts, the U.S. Court of Appeals for the First Circuit, and the Supreme Court of the United States of America.  He is a member of the Massachusetts Bar Association and the American Bar Association and is a member of the ABA Antitrust Section.  Mr. Martland was a speaker at the 1998 Annual Forum on Franchising of the American Bar Association, where he delivered a paper entitled "Mediation: An In-Depth Analysis of the Process and the Techniques - the Franchisee Perspective" and has been a frequent speaker at the annual conventions of the American Franchisee Association and the American Association of Franchisees and Dealers on franchise law topics.

***DOUGLAS M. BROOKS*** is a 1982 graduate of Suffolk University Law School (J.D.) and received a Bachelor of Arts degree from Northwestern University in 1979.  He was a Note Editor for the Suffolk University Transnational Law Journal in 1981-1982.  Mr. Brooks was previously associated with the Law Offices of Harold Brown in Boston, Massachusetts.  Mr. Brooks has litigated a wide variety of civil cases, including matters involving franchising, dealer and distribution, as well as securities actions.  He is a member of the bar of the Commonwealth of Massachusetts, the U.S. District Court for the District of Massachusetts, and the U.S. Court of Appeals for the First Circuit.  He is a member of the Massachusetts Bar Association and a member of the Forum on Franchising and Litigation Section of the American Bar Association. Mr. Brooks was a speaker at the 1995 Annual Forum on Franchising of the American Bar Association, where he delivered a paper entitled "Survey Evidence - Use of Collected Data in Encroachment Cases" and has been a frequent speaker at the annual conventions of the American Association of Franchisees and Dealers and the American Franchisee Association.  Significant trials and appeals handled by Mr. Brooks include NXIVM Corp. v. Ross Institute, 364 F.3d 471 (2nd Cir. 2004) (affirming denial of preliminary injunction against non-profit anti-cult organization in lawsuit alleging Copyright and Lanham Act violations; Mr. Brooks is representing the defendant pro bono); Wolinetz v. Berkshire Life Insurance Co., 361 F.3d 44 (1st Cir. 2004) (reversing summary judgment in "vanishing premium" case based on statute of limitations); In re: America Online, Inc., 168 F.Supp.2d 1359 (S.D.Fla. 2001) (denying summary judgment); Scheck v. Burger King Corp., 756 F.Supp. 543 (S.D.Fla. 1991) (denying summary judgment in franchise encroachment litigation), further opinion, 798 F.Supp. 692 (S.D.Fla. 1992); Rhodes v. Consumers' Buyline, Inc., 668 F.Supp. 368 (D.Mass. 1993) (denying motion to

compel arbitration in pyramid scheme case); <u>Szymanski v. Boston Mutual Life Ins. Co.</u>, 56 Mass.App. 367 (2002), <u>rev. den.</u>, 438 Mass. 1106 (2003) (reversing summary judgment in vanishing premium litigation); <u>Oganesov v. GNC Franchising Inc.</u>, Bus. Franchise Guide (CCH) ¶11,808 (Pa. Ct. Cmn. Pl., March 3, 2000) (awarding $700,000 judgment for franchisee in encroachment litigation), <u>aff'd</u>, Bus. Franchise Guide (CCH) ¶12,163 (Pa.Super. 2001).

**DOUGLAS J. HOFFMAN**  is a graduate of the George Washington University Law School (J.D. 1995) and The University of Wisconsin - Madison (B.S. 1992).  Prior to joining Gilman and Pastor, Mr. Hoffman was an associate with the firm of Milberg Weiss Bershad & Schulman LLP.

Mr. Hoffman is an experienced class action attorney who has litigated a wide variety of significant individual cases and class actions, including: securities fraud, consumer fraud and employment discrimination.  Significant cases in which Mr. Hoffman has played a central role include:  *Mauldin, et al. v. Wal-Mart Stores, Inc.,* No. 1:01-CV-2755, 2002 U.S. Dist. LEXIS 21024 (N.D. Ga. Aug. 23, 2002) (granting class certification in case alleging discrimination in employer's health plan)*; Warren, et al. v. Xerox Corporation*, No. 01 Civ. 2909, 2004 U.S. Dist. LEXIS 5080 (E.D.N.Y. March 11, 2004) (certifying nationwide class of African-American salespeople alleging discrimination in assignment of sales territories); *Cokely, et al. v. The New York Convention Center Operating Commission,* No. 00 Civ. 4637, 2004 U.S. Dist. LEXIS 9264 (S.D.N.Y. May 21, 2004) (certifying class of African-American and Hispanic employees alleging discrimination at the Jacob K. Javits Convention Center in New York City).  At Gilman and Pastor, Mr. Hoffman practices in the areas of Securities Fraud, Consumer Protection, Antitrust, and Employment Discrimination.

Mr. Hoffman is a member of the following Bars: Commonwealth of Massachusetts, Commonwealth of Virginia, State of Maryland, District of Columbia, U.S. District Court for the Eastern District of Virginia, U.S. District Court for the District of Columbia, the U.S. Court of Appeals for the Fourth Circuit and the U.S. Court of Appeals for the Eleventh Circuit.