## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

--------------------------------------------------------x
ERNESTO DARQUEA, on behalf : Electronically Filed
of himself and all others similarly situated :
:
:
Plaintiff, :
:
-against- : Civil Action No. 1:05-CV-10438 (MLW)
:
:
VIISAGE TECHNOLOGY, INC., :
BERNARD C. BAILEY, WILLIAM K. :
AULET and DENIS K. BERUBE, :
:
:
Defendants. :
--------------------------------------------------------x
:
GERALD D. BRODER, on behalf of :
himself and all others similarly situated :
:
:
Plaintiff, :
:
-against- : Civil Action No. 1:05-CV-10475 (MLW)
:
:
VIISAGE TECHNOLOGY, INC., :
BERNARD C. BAILEY, WILLIAM K. :
AULET and DENIS K. BERUBE, :
:
:
Defendants. :
--------------------------------------------------------x

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE NORWALK GROUP TO CONSOLIDATE ACTIONS, TO BE
APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

1

```
-----------------------------------------------------------x
JOHN FLYNN, on behalf of                            :
of himself and all others similarly situated        :
                                                    :
                          Plaintiff,                :
                                                    :
      -against-                                     :  Civil Action No. 1:05-CV-10498 (MLW)
                                                    :
VIISAGE TECHNOLOGY, INC., BER                       :
BERNARD C. BAILEY, WILLIAM K. AULET,                :
DENIS K. BERUBE, BUDDY G. BECK,                     :
MARCEL YON, THOMAS J. REILLY and                    :
CHARLES E. LEVINE,                                  :
                                                    :
                          Defendants.               :
-----------------------------------------------------------x
MIN CHANG, individually and on behalf               :
of all others similarly situated                    :
                                                    :
                          Plaintiff,                :
                                                    :
      -against-                                     :  Civil Action No. 1:05-CV-10537 (MLW)
                                                    :
VIISAGE TECHNOLOGY, INC., BER                       :
BERNARD C. BAILEY, WILLIAM K. AULET,                :
And DENIS K. BERUBE,                                :
                                                    :
                          Defendants.               :
-----------------------------------------------------------x
JOSEPH MARTIN, on behalf of himself                 :
and all others similarly situated                   :
                                                    :
                          Plaintiff,                :
                                                    :
      -against-                                     :  Civil Action No. 1:05-CV-10577 (MLW)
                                                    :
VIISAGE TECHNOLOGY, INC., BER                       :
BERNARD C. BAILEY, WILLIAM K. AULET,                :
and DENIS K. BERUBE,                                :
                                                    :
                          Defendants.               :
-----------------------------------------------------------x
```

[Captions continued on next page]

2

00004700.DOC ; 1

```
------------------------------------------------------------x
WAYNE CLARK, individually and on behalf      :
of all others similarly situated             :
                                             :
                Plaintiff,                   :
                                             :
    -against-                                : Civil Action No. 1:05-CV-10578 (MLW)
                                             :
VIISAGE TECHNOLOGY, INC., BER                :
BERNARD C. BAILEY, WILLIAM K. AULET,         :
And DENIS K. BERUBE,                         :
                                             :
                Defendants.                  :
------------------------------------------------------------x
DAPENG LUO, on behalf of                     :
of himself and all others similarly situated :
                                             :
                Plaintiff,                   :
                                             :
    -against-                                : Civil Action No. 1:05-CV-10615 (MLW)
                                             :
VIISAGE TECHNOLOGY, INC., BER                :
BERNARD C. BAILEY, WILLIAM K. AULET,         :
DENIS K. BERUBE, BUDDY G. BECK,              :
MARCEL YON, THOMAS J. REILLY and             :
CHARLES E. LEVINE,                           :
                                             :
                Defendants.                  :
------------------------------------------------------------x
OLYMPIA LEVINSTON STIEGELE,                  :
                                             :
                                             :
                Plaintiff,                   :
                                             :
    -against-                                : Civil Action No. 1:05-CV-10677 (MLW)
                                             :
VIISAGE TECHNOLOGY, INC., BER                :
BERNARD C. BAILEY, WILLIAM K. AULET,         :
DENIS K. BERUBE, BUDDY G. BECK,              :
MARCEL YON, THOMAS J. REILLY and             :
CHARLES E. LEVINE,                           :
                                             :
                Defendants.                  :
------------------------------------------------------------x
```

[Captions continued on next page]

```
----------------------------------------------------------x
TURNBERRY ASSET MANAGEMENT,                    :
on behalf of itself and all others similarly situated  :
                                               :
                    Plaintiff,                 :
                                               :
      -against-                                :  Civil Action No. 1:05-CV-10725 (MLW)
                                               :
VIISAGE TECHNOLOGY, INC., BER                  :
BERNARD C. BAILEY, WILLIAM K. AULET,           :
DENIS K. BERUBE, BUDDY G. BECK,                :
MARCEL YON, THOMAS J. REILLY and               :
CHARLES E. LEVINE,                             :
                                               :
                    Defendants.                :
----------------------------------------------------------x
```

## PRELIMINARY STATEMENT

Viisage Technology, Inc. ("Viisage" or the "Company") investors Stanley Norwalk, Cary Hammer, Ara K. Gechijian and Donald Sterby (the "Norwalk Group" or "Movant") have losses totaling approximately $57,476.00 as a result of their investments in Viisage. Accordingly, the Norwalk Group is believed to have suffered the largest financial loss of any other movant and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate plaintiff, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Norwalk Group hereby moves for its appointment as lead plaintiff of a proposed class of persons or entities who purchased or acquired the securities of Viisage between October 25, 2004 and March 2, 2005, inclusive (the "Class Period").

## INTRODUCTION

The above-captioned actions (the "Related Actions") are securities purchaser class action lawsuits that have been brought against Viisage and certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

00004700.DOC ; 1

The Norwalk Group, with losses of approximately $57,476.00, in connection with its purchases of Viisage securities during the Class Period, is suitable and adequate to serve as lead plaintiff.[1] Furthermore, the Norwalk Group's members have submitted certifications, demonstrating their desire to serve as lead plaintiffs in this action and their understanding of the attendant duties and obligations of serving as such.  *See* Pastor Decl. at Exhibit A.[2]  To the best of its knowledge, the Norwalk Group's losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff.  *See* Pastor Decl. at Exhibit C.  The Norwalk Group is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that sustained greater financial losses.  In addition, the Norwalk Group satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and therefore, is qualified for appointment as lead plaintiff in these actions.  Thus, as demonstrated herein, the Norwalk Group is presumptively the most adequate plaintiff and should be appointed lead plaintiff.

Movant respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Norwalk Group to serve as Lead Plaintiff

---

[1] The losses suffered by Movant are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(u)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

[2] Sworn certifications for the members of the Norwalk Group documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of David Pastor In Support Of The Motion Of The Norwalk Group To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection of Lead Counsel (the "Pastor Decl.").

pursuant to the Exchange Act; and (3) approving the Norwalk Group's selection of Seeger Weiss LLP as Lead Counsel for the Class and Gilman and Pastor, LLP as Liaison Counsel for the Class.

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced in this jurisdiction on or about February 15, 2005. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 15, 2005, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than May 9, 2005. *See* Pastor Decl. at Exhibit B.

The Norwalk Group's members are class members (*see* Pastor Decl. at Exhibit A) and are timely filing this motion within the 60 day period following publication of the March 8, 2005 notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS[3]

Viisage (NASDAQ: VISG) delivers advanced technology identity solutions for governments, law enforcement agencies and businesses concerned with enhancing security, reducing identity theft, and protecting personal privacy. Viisage's operations began in 1993 and, except for fiscal years 1996 and 2000, Viisage incurred losses in every fiscal year of its existence.

As of June 27, 2004, Viisage had approximately $12.6 million of cash and cash equivalents, and $29.8 million in total debt obligations. As a result, Viisage was in a near constant state of capital deficiency to fund its operations. At the same time, the Company was

---

[3] These facts were derived from the allegations contained in the class action styled as *Dapeng Luo v. Viisage Technology, Inc., et al.*, 1:05-CV-10615 (MLW) (D. Mass.).

00004700.DOC ; 1

indebted to two of its directors (or entities controlled by them) for more than $20 million. On October 26, 2004, Viisage reported a net profit for the third quarter of 2004, its first corporate profit in three years. Turning the corner to apparent profitability had allowed Viisage to obtain and announce a new $25 million credit line, as to which defendant Aulet, Viisage's Chief Financial Officer, boasted: "This new arrangement will not only give us valuable flexibility but will also reduce our rates of borrowing, significantly simplify our covenants, and increase yields on our money in the bank...." Viisage also announced that it was increasing its projections for EBITDA to $11.5 to $12.5 million for the 2004 year. EBITDA is a key financial metric signifying earnings before deducting interest, taxes, depreciation and amortization. During the Class Period, defendants embarked on a plan to falsely portray Viisage as a turn around story in order to complete a public offering to raise funds to pay off the millions of dollars in debts owed to its two directors and transfer that risk to shareholders and also further enrich Viisage's insiders through their sales of Viisage stock from their personal holdings. While defendants falsely portrayed Viisage as a turn around company in the high growth sector of secure identity solutions, the reality was that: (1) Viisage had engaged in improper conduct with respect to a $20 million contract with the State of Georgia's Department of Motor Vehicles ("Ga. DMV"); (2) in order to make the Company more attractive to lenders and relieve the controlling shareholder from its role as the Company's creditor, Viisage artificially inflated its third quarter 2004 profit and made baseless earnings projections; (3) the Company inflated its third quarter 2004 profit by improperly recognizing certain corporate benefits, while deferring the recognition of certain corporate expenses; (4) relying on the inflated profits Viisage was able to secure a credit line, from an outside source, to finance its business operations; and (5) Viisage's internal accounting controls were so flawed that they qualified as having "material weaknesses" under Public

Accounting Oversight Board's Accounting Standard No. 2 and, as such, violated the provisions of Sarbanes-Oxley relating to the Company's ability to file accurate financial statements.

On February 7, 2005 Viisage astonished the investing public by reporting that in its fourth quarter it had returned to serious unprofitability. The Company reported unusual and disproportionate fourth quarter charges, many of which had plainly been improperly deferred from the third quarter or earlier periods. One such charge, in the amount of $2 million, related to a settlement payment in a case in which Viisage had been accused of misconduct in the procurement of a Ga. DMV contract. During the third quarter of 2004, Georgia had been enjoined from making this payment, and in the fourth quarter the payment was adjudged unlawful due to fraud by Visage. This prospective payment, given the circumstances, should have the subject of a reserve against earnings by the beginning of the Class Period, and should have been deemed impaired no later than December 27, 2004, the date of the final court ruling. Nonetheless, Viisage remained silent regarding the financial impact of the unlawful Ga. DMV contract until February 7, 2005.

As a result of these events, Viisage announced that EBITDA for 2004 would be $8-9 million, not the $11.5-12.5 million previously forecast, and that its loss for the year would be $7-8 million. Following release of this news, Viisage stock dropped 20% on extraordinary trading volume of 4.6 million shares.

**ARGUMENT**

I.     **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Viisage securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers

00004700.DOC ; 1

of Viisage securities who purchased in reliance on the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990). That test is met here. Therefore, these Related Actions should be consolidated.

## II.     THE NORWALK GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on or about March 8, 2005. *See* Pastor Decl. at Exhibit B.[4] This notice indicated that applications for appointment as lead plaintiff were to be made no later than May 9, 2005. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class

---

[4] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 215 (D.N.J. 1999); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii). *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 401 (S.D.N.Y. 2004); *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *13 (S.D.N.Y. July 15, 2004).

### B. The Norwalk Group Is "The Most Adequate Plaintiff"

#### 1. The Norwalk Group Has Made A Motion For Its Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

#### 2. The Norwalk Group Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401-02. As is demonstrated herein, Movant (with losses of $57,476.00)

10

has the largest known financial interest in the relief sought by the Class. *See* Pastor Decl. at Exhibit C.

### 3. The Norwalk Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). As detailed below, the Norwalk Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### a. The Norwalk Group Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if "each class member's claim arises from the same course of

events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); *see also Oxford,* 182 F.R.D. at 50 (same). However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Impath*, 2004 U.S. Dist. LEXIS 13898, at *18. Courts have recognized that typicality exists if claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. *See Drexel,* 960 F.2d at 291.

Movant seeks to represent a class of purchasers of Viisage securities which have identical, non-competing and non-conflicting interests. The Norwalk Group satisfies the typicality requirement because, just like all other class members, the members of the Norwalk Group: (1) purchased or acquired Viisage securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, Movant's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

      **b.**    **The Norwalk Group Fulfills The Adequacy Requirement**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant is clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). As detailed above, the Norwalk Group shares common questions of

law and fact with the members of the Class and its claims are typical of the claims of other class members.  Further, the members of the Norwalk Group have already taken significant steps demonstrating that they will protect the interests of the Class: they have executed certifications detailing their Class Period transactions and expressed their willingness to serve as lead plaintiff; they have moved this Court to be appointed as lead plaintiff in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner.  *See Sczensy Trust,* 223 F.R.D. at 324 (discussing adequacy requirement).  Furthermore, the Norwalk Group has the largest known financial interest which gives them "an incentive to prosecute the action vigorously." *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004).  Thus, Movant, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as lead plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### III.   THE COURT SHOULD APPROVE THE NORWALK GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  In that regard, Movant has selected and retained Seeger Weiss LLP to serve as Lead Counsel for the Class and Gilman and Pastor, LLP to serve as Liaison Counsel for the Class.  These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. *See* Pastor Decl. at Exhibits E, F and G.

Because there is nothing to suggest that the Movant or its counsel will not fairly and adequately represent the Class, or that the Movant is subject to unique defenses -- which is the

*only* evidence that can rebut the presumption of adequacy under the Exchange Act -- this Court should appoint the Norwalk Group as lead plaintiff and approve its selection of Seeger Weiss LLP as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Norwalk Group as Lead Plaintiff; and (c) approve Seeger Weiss LLP as Lead Counsel for the Class and Gilman and Pastor, LLP as Liaison Counsel for the Class.

Dated: May 9, 2005

Respectfully submitted,

/s/ David Pastor
David Pastor (BBO #391000)
John C. Martland (BBO #322980)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
Telephone: (617) 742-9700
Facsimile:  (617) 742-9701

**Proposed Liason Counsel**


**SEEGER WEISS LLP**
Stephen A. Weiss
Eric T. Chaffin
One William Street
New York, NY 10004
Telephone:    (212) 584-0700
Facsimile:    (212) 584-0799

**Proposed Lead Counsel**