**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS (BOSTON)**

| | : | |
|---|---|---|
| ERNESTO DARQUEA, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Case No. 1:05-cv-10438-MLW** |
| | : | |
| VIISAGE TECHNOLOGY, INC., | : | |
| BERNARD BAILEY, WILLIAM K. | : | |
| AULET, and DENIS K. BERUBE, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
OF TURNBERRY ASSET GROUP FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFFS'
SELECTION OF CO-LEAD COUNSEL AND LIAISON COUNSEL AND IN
<u>OPPOSITION TO ALL OTHER COMPETING MOTIONS</u>**

| | |
|---|---|
| GERALD D. BRODER, : | |
| : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Case No. 1:05-cv-10475-MLW** |
| : | |
| VIISAGE TECHNOLOGY, INC., : | |
| BERNARD BAILEY, WILLIAM K. : | |
| AULET, and DENIS K. BERUBE, : | |
| : | |
| : | |
| Defendants. : | |
| JOHN FLYNN, On Behalf of Himself and : | |
| All Others Similarly Situated, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Case No. 1:05-cv-10498-MLW** |
| : | |
| VIISAGE TECHNOLOGY, INC., : | |
| BERNARD BAILEY, WILLIAM K. : | |
| AULET, and DENIS K. BERUBE, : | |
| BUDDY G. BECK, MARCEL YON, and : | |
| THOMAS J. REILLY, : | |
| : | |
| Defendants. : | |
| MIN CHANG, Individually, and On behalf : | |
| of All Others Similarly Situated, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | **Case No. 1:05-cv-10537-MLW** |
| : | |
| VIISAGE TECHNOLOGY, INC., : | |
| BERNARD BAILEY, WILLIAM K. : | |
| AULET, and DENIS K. BERUBE, : | |
| : | |
| : | |
| Defendants. : | |

|  |  |  |
|---|---|---|
| JOSEPH MARTIN, On Behalf of Himself and All Others Similarly Situated, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | **Case No. 1:05-cv-10577-MLW** |
| VIISAGE TECHNOLOGY, INC., BERNARD BAILEY, WILLIAM K. AULET, and DENIS K. BERUBE, | : : : : : : | |
| Defendants. | : | |
| DAPENG LUO, | : : : | |
| Plaintiff, | : : | |
| v. | : : | **Case No. 1:05-cv-10615-MLW** |
| VIISAGE TECHNOLOGY, INC., BERNARD BAILEY, WILLIAM K. AULET, DENIS K. BERUBE, BUDDY G. BECK, MARCEL YON, THOMAS J. REILLY, and CHARLES E. LEVINE | : : : : : : | |
| Defendants. | : | |

| | | |
|---|---|---|
| WAYNE CLARK, Individually and on behalf of All Others Similarly Situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | **Case No. 1:05-cv-10578-MLW** |
| VIISAGE TECHNOLOGY, INC., BERNARD BAILEY, WILLIAM K. AULET, and DENIS K. BERUBE, | : : : : : | |
| Defendants. | : | |
| OLYMPIA LEVINSON STIEGELE, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | **Case No. 1:05-cv-10677-MLW** |
| BERNARD BAILEY, PAUL T. PRINCIPATO, PETER NESSEN, THOMAS J. REILLY, B. G. BECK. CHARLES E. LEVINE, WILLIAM K. AULET, and VIISAGE TECHNOLOGY, INC., | : : : : : : : | |
| Defendants. | : | |

| | |
|---|---|
| TURNBERRY ASSET MANAGEMENT, on behalf of itself and all others similarly situated, | : : : : : |
| Plaintiff, | : : |
| v. | :    **Case No. 1:05-cv-10725-MLW** |
| VIISAGE TECHNOLOGY, INC., BERNARD BAILEY, WILLIAM K. AULET, DENIS K. BERUBE, BUDDY G. BECK, MARCEL YON, THOMAS J. REILLY, CHARLES E. LEVINE, HARRIET MOUCHLY-WEISS, PAUL T. PRINCIPATO, and PETER NESSEN, | : : : : : : : : |
| Defendants. | : |

Turnberry Asset Management ("Turnberry") and Electronic Trading Group, L.L.C. ("ETG"), Ronald Sauer ("Sauer") and David and Lance Hancock (the "Hancocks") (collectively "Movants" or the "Turnberry Asset Group") respectfully submit this memorandum of law in further support of its motion for: (a) consolidating the above-captioned actions (the "Actions"); (b) appointing Movants as Lead Plaintiffs; and (c) approving Movants' selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") and Klafter & Olsen LLP ("Klafter & Olsen") as Co-Lead Counsel, and Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") as Liaison Counsel, and in opposition to all competing motions.

**PRELIMINARY STATEMENT**

On May 9, 2005, the Turnberry Asset Group moved this Court pursuant to Section 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA") for appointment of its selection of Entwistle & Cappucci and Klafter and Olsen as Co-Lead Counsel, and Berman DeValerio as Liaison Counsel for the Class in the above-captioned securities class

actions against Viisage Technology, Inc. ("Viisage" or the "Company"), and certain of the Company's officers and directors. Two other competing movants have sought appointment as Lead Plaintiff:

  (i).   Walter D. Cohutt; and

  (ii).  A group of four individuals (referred to herein, collectively, as the "Norwalk Group").

Counsel for Walter D. Cohutt and the Norwalk Group, after reviewing the application of the Turnberry Asset Group, acknowledging that the Turnberry Asset Group has the largest financial interest of any movant, and affirming for their purposes that the Turnberry Asset Group would adequately represent the interests of the Class, have agreed to withdraw their applications for appointment as Lead Plaintiff and support the application of the Turnberry Asset Group. Thus, the Turnberry Asset Group is the only remaining movant for the Court to consider.

The Court should appoint Turnberry Asset Group as Lead Plaintiff, as it has the greatest financial interest in the litigation and also meets the adequacy and typicality requirements of the PSLRA.

## POINT I

### THE TURNBERRY ASSET GROUP HAS THE LARGEST FINANCIAL INTEREST

The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff for the class. The "most adequate plaintiff" is the plaintiff with the "largest financial interest" in the relief sought by the class and that has also made a prima facie showing that it satisfies the typicality and adequacy elements of Rule 23. *See In Re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42 (D. Mass. 2001). As shown below, Turnberry Asset Group is comprised of institutional investors, and individual investors. Collectively the Turnberry Asset Group

2

experienced a $285,756.21 loss on their purchases of Viisage common stock during the Class Period. Turnberry and ETG alone experienced losses of $105,434.93 and $115,818.56 respectively. The chart below lists the movants before the Court and lists their respective financial interests, as reported in their motion papers:

| LEAD PLAINTIFF MOVANTS | LOSS |
|---|---|
| **Turnberry Asset Group** | **$285,756.21** |
|     Turnberry Asset Management | $105,434.93 |
|     Electronic Trading Group L.L.C. | $115,818.56 |
|     Ronald Sauer | $41,088.72 |
|     David Hancock | $14,054.00 |
|     Lance Hancock | $8,490.00 |
| **Walter D. Cohutt** | **$120,400.00** |
| **Norwalk Group** | **$57,476.00** |
|     Stanley Norwalk | $16,730.00 |
|     Cary Hammer | $14,916.00 |
|     Ara K. Gechijian | $12,550.00 |
|     Donald Sterby | $13,280.00 |

## POINT II

### THE TURNBERRY ASSET GROUP MEETS THE REQUIREMENTS AND WILL FURTHER THE GOALS OF THE PSLRA

#### A.    The Turnberry Asset Group is Adequate and Typical

Once the Court has identified the movant with the largest financial interest in the relief sought by the class, it must then ensure that that movant, based upon the information contained in its pleading and declarations, satisfies the requirements of Rule 23, in particular, typicality and adequacy. *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d at 45 ("Only the last two prongs [of Rule 23], typicality and adequacy, need to be satisfied for purposes of this inquiry.") (citations omitted), *see also Dolan v. Axis Capital Holdings Ltd.*, 04 Civ. 8564 (RJH), 2005 U.S. Dist. LEXIS 6538, at *11-12 (S.D.N.Y. April 13, 2005). The Turnberry Asset Group has demonstrated in its opening brief that it meets the adequacy and typicality elements of Fed. R. Civ. P. 23. See Turnberry Asset Group Mem. at 10-13. The Turnberry Asset Group members

3

are typical because they stand in the shoes of all other Class members and make the same allegations: that they were artificially inflated by defendants' materially false and misleading statements and subsequent decline in the price of the Company's stock, and that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), Rule 10b-5 promulgated thereunder, and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act").  *See In re Tyco Int'l., Ltd. Sec. Litig.*, No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 13390, at *21-22 ("To satisfy Rule 23's typicality requirement, a class representative's injuries must arise from the same event or course of conduct as the injuries suffered by other class members, and its claims must be based on the same legal theory.") *citing Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 22 (D. Mass. 1991).

      The Turnberry Asset Group's members are adequate, as that term is used in conjunction with Fed. R. Civ. P. 23, as their interests do not conflict with the interests of other class members and because their selected counsel, Entwistle & Cappucci and Klafter & Olsen have successfully represented plaintiffs in some of the largest class actions in history and are unquestionably well suited to serve the class as Co-Lead Counsel.  *See In re Tyco Int'l., Sec. Litig.,* 2000 U.S. Dist. LEXIS 13390, at *23 ("Whether a class representative 'will fairly and adequately protect the . . . class' . . . depends upon (1) whether the interests of the representative will conflict with the interests of any class members, and (2) whether the interests of the representative is represented by qualified, experienced counsel capable of vigorously prosecuting the proposed litigation.") (citations omitted).

### B. Involvement of Institutional Investors in the Turnberry Asset Group Will Significantly Benefit Absent Class Members

The Turnberry Asset Group is comprised of institutional investors and individual investors. One of the PSLRA's main goals was to encourage institutional investors to take the reins in securities class actions:

> Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members. See H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 11 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690.

*In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

Appointing the Turnberry Asset Group, which is a small, cohesive group comprised of institutional and individual investors, each of which has a large financial stake in this litigation, would satisfy the requirements and aim of the PSLRA.

5

**CONCLUSION**

For the foregoing reasons, Movants satisfy the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and, there be no opposition to the application, the Turnberry Asset Group should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B).  Movants respectfully request that this Court:  (a) appoint Turnberry Asset Group as Lead Plaintiffs pursuant to §21D(a)(3)(B); and (b) approve its selection of Entwistle & Cappucci and Klafter & Olsen as Co-Lead Counsel and Berman DeValerio as Liaison Counsel.

Dated:  Boston, Massachusetts

      May 20, 2005

                                      **BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

By:   **/s/ Leslie R. Stern**
       Leslie R. Stern, Esq.
       One Liberty Square
       Boston, MA 02109
       (617) 542-8300

Stephen D. Oestreich
Robert N. Cappucci
William W. Wickersham
**ENTWISTLE & CAPPUCCI LLP**
299 Park Avenue
New York, NY 10171
(212) 894-7200

Jeffrey A. Klafter
Kurt B. Olsen
**KLAFTER & OLSEN LLP**
1311 Mamaroneck Ave., Suite 220
White Plains, NY 10602
(212) 997-5656

6