UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION** | **Civil Action No. 05-cv-10438-MLW** |
| **This Pleading Applies to:  All Actions** | |

**JOINT STATEMENT AND PROPOSED PRETRIAL
SCHEDULE PURSUANT TO LOCAL RULE 16.1**

In accordance with the provisions of Local Rule 16.1(b) and the Court's Order dated December 18, 2006, counsel hereby submit this Joint Statement and Proposed Pretrial Schedule pursuant to Local Rule 16.1(d).

**I.   STATUS OF THE CASE**

Lead Plaintiffs filed their Consolidated Amended Class Action Complaint on February 27, 2006. Defendants filed a Motion to Dismiss on April 3, 2006. On December 15, 2006, the Court ordered that the hearing on Defendants' Motion to Dismiss will be held on February 1, 2007. The following schedule has been agreed upon if the Court denies the Defendants' Motion to Dismiss.

**II.   SETTLEMENT (L.R. 16.1(C))**

The parties believe that settlement negotiations are premature until after the Court rules on Defendants' Motion to Dismiss.

### III. PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

The parties propose the following briefing schedule with respect to class certification:

1. Plaintiffs will file and serve their motion for class certification within sixty (60) days of the Court denying in full or in part Defendants' Motion to Dismiss.

2. Class certification discovery may be served immediately following the Court's Order denying in full or in part Defendants' Motion to Dismiss and will be completed sixty (60) days after Plaintiffs file their motion for class certification.

3. Defendants will file and serve their opposition brief to class certification thirty (30) days after class certification discovery is completed.

4. Plaintiffs will file and serve a reply brief in support of their motion for class certification thirty (30) days after Defendants file and serve their opposition brief to class certification.

5. Plaintiffs will request oral argument on their motion for class certification.

### IV. DISCOVERY AND PRETRIAL DEADLINES

The parties propose the following schedule for discovery and retrial deadlines:

**Rule 26(a) Initial Disclosures**

1. The parties will exchange their initial disclosures required by Rules 26(a)(1) (A), (C) and (D) of the Federal Rules, within fourteen (14) days of the Court issuing an Order denying in full or in part Defendants' Motion to Dismiss.

2. In lieu of making written disclosures pursuant to Rule 26(a)(1)(B), each party shall produce copies of all documents, electronically stored information, and tangible things that are in its possession, custody or control, and that such party may use to support its claims or

defenses, unless solely for impeachment.  The parties shall complete their respective productions of such documents within 30 days following the exchange of initial disclosures pursuant to paragraph 1 above..

3.     The parties may update or supplement their initial disclosures based on documents and information revealed through discovery in this action or otherwise, or for good cause shown.

**Fact Discovery**

4.     Document requests may be served at any time immediately following the Court issuing an Order denying in full or in part Defendants' Motion to Dismiss, and interrogatories may be served in accordance with Local Rule 33.1 of this Court.

5.     The parties shall submit a confidentiality stipulation and order to the Court for its approval or, if they are unable to agree, a motion for the entry of such an order, no later than twenty-one (21) days after the Court issuing an Order denying in full or in part Defendants' Motion to Dismiss.  Pending the entry of a confidentiality order by the Court, confidential documents shall be produced and treated as confidential information to be used solely for purposes of this litigation.

6.     All fact discovery will be completed within twelve (12) months after the Court issues an Order denying in full or in part Defendants' Motion to Dismiss ("Fact Discovery Cutoff").

**Expert Discovery**

7.     Plaintiffs shall serve their expert report(s) in compliance with Fed. R. Civ. P. 26(a)(2)(B) within thirty (30) days following the Fact Discovery Cutoff.

8.   Defendants shall serve their expert report(s) in compliance with Fed. R. Civ. P. 26(a)(2)(B) within thirty(30) days following service of Plaintiffs' expert report(s).

9.   Plaintiffs shall serve any rebuttal expert report(s) in compliance with Fed. R. Civ. P. 26(a)(2)(B) within thirty (30) days following service of Defendants' expert report(s).

10.  Subsequent to the service of all of the respective expert reports, the parties' experts will be deposed, with Plaintiffs' expert(s) (other than any rebuttal experts) in any given area (*e.g.*, damages) to be deposed before Defendants' expert(s) in that same area.

11.  Expert discovery will be completed within sixty (60) days following service of Plaintiffs' rebuttal report(s).

### Joining Additional Parties and Amending the Pleadings

12.  A motion for leave to amend pleadings or to join additional parties may be filed until 30 days after the Fact Discovery Cutoff.

## V.   DISPOSITIVE MOTIONS

1.   Any motion for summary judgment will be filed and served no later than thirty (30) days after the completion of expert discovery.

2.   Opposition briefs will be filed and served thirty (30) days after service of the opening brief.

3.   Reply briefs will be filed and served fifteen (15) days after service of the opposition brief.

## VI.   CONSENT TO TRIAL BY MAGISTRATE JUDGE

At this time, none of the parties is prepared to consent to trial by Magistrate Judge.

## VII. LOCAL RULE 16.1(D)(3) CERTIFICATIONS

The parties believe that establishing a budget for the costs of litigation and considering alternative dispute resolution programs is premature until after the Court rules on Defendants' Motion to Dismiss.

Dated: January 19, 2007

| | |
|---|---|
| /s/ Jeffrey C. Block<br>Jeffrey C. Block, Esq. (BBO# 6007470)<br>Leslie R. Stern, Esq. (BBO# 631201)<br>BERMAN DEVALERIO PEASE<br>     TABACCO BURT & PUCILLO<br>One Liberty Square, 8th Floor<br>Boston, MA 02109<br>(617) 542-8300<br><br>**Plaintiffs' Liaison Counsel** | /s/ Mitchell H. Kaplan<br>Michell H. Kaplan, Esq. (BBO # 258940)<br>John R. Baraniak, Esq. (BBO# 552259)<br>Aloknanda S. Bose, Esq. (BBO # 658108)<br>CHOAT, HALL & STEWART, LLP<br>Two International Place<br>Boston, MA 02110<br>(617) 248-5000<br><br>**Defendants' Counsel** |

Jeffrey A. Klafter, Esq.
KLAFTER & OLSEN LLP
1311 Mamaroneck Ave., Suite 220
White Plains, NY 10605
(914) 997-5656

Kurt B. Olsen, Esq.
KLAFTER & OLSEN LLP
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
(202) 261-3553

Stephen D. Oestreich, Esq.
Robert Cappucci, Esq.
William W. Wickersham, Esq.
ENTWISTLE & CAPPUCCI LLP
280 Park Avenue, 26th Floor West
New York, NY 10017
(212) 894-7200

**Lead Counsel for Lead Plaintiffs**