# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

**In re VIISAGE TECHNOLOGY, INC.
SECURITIES LITIGATION**

---

**This Pleading Applies to: All Actions**

**Civil Action No. 05-cv-10438-MLW**

## EXCERPTS FROM AND REFERENCES TO LEAD PLAINTIFFS' COMPENDIUM OF EXHIBITS SUBMITTED PURSUANT TO THE COURT'S FEBRUARY 6, 2007 ORDER

Jeffrey C. Block, Esq.  (BBO# 6007470
Leslie R. Stern, Esq. (BBO# 631201)
**BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO**
One Liberty Square, 8th Floor
Boston, MA 02109
(617) 542-8300

*Liaison Counsel for Lead Plaintiffs*

Jeffrey A. Klafter, Esq., *pro hac vice*
**KLAFTER & OLSEN LLP**
1311 Mamaroneck Ave., Suite 220
White Plains, NY 10605
(914) 997-5656

Kurt B. Olsen, Esq.
**KLAFTER & OLSEN LLP**
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C.  20036
(202) 261-3553

Stephen D. Oestreich, Esq.
Robert Cappucci, Esq.
William W. Wickersham, Esq.
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue
26th Floor West
New York, NY 10017
(212) 894-7200

*Lead Counsel for Lead Plaintiffs*

# <u>TABLE OF CONTENTS</u>

October 1, 2003          Georgia Brief in Support of Defendants'
                         Motion to Dismiss or in the Alternative
                         to Add an Indispensable Party ........................................................Exhibit 1

November 7, 2003         Consent Order on Defendants' Motion
                         to Dismiss or in the Alternative to Add
                         an Indispensable Party ..................................................................Exhibit 2

November 12, 2003        Digimarc's First Amended Complaint for
                         Interlocutory and Permanent Injunctive Relief.............................Exhibit 3

April 20, 2004           Digimarc's Brief in Support of Plaintiff's Motion to
                         Compel Production of Documents from Viisage Technology........Exhibit 4

May 12, 2004             Viisage's Form 10-Q for the Quarterly
                         Period Ended March 28, 2004 .......................................................Exhibit 5

June 3, 2004             Georgia Court Order Granting Digimarc's
                         Motion to Compel ..........................................................................Exhibit 6

June 21, 2004            Form S-3 Registration Statement and Preliminary
                         Prospectus for Viisage's 7.5 Million Share Offering.....................Exhibit 7

July 1, 2004             Digimarc's Brief in Support of its Motion to Compel
                         Compliance with Discovery Order, Revise Scheduling
                         Order and for Sanctions against Defendant Viisage ......................Exhibit 8

July 21, 2004            Viisage Press Release:  Viisage Takes Initiative to
                         Help End Stalemate in Georgia Drivers' License
                         Contract Dispute ...........................................................................Exhibit 9

July 21, 2004            Viisage Technology, Inc.'s Motion to Dismiss
                         and Supporting Memorandum ......................................................Exhibit 10

July 22, 2004            Q2 2004 Viisage Technology, Inc. Earnings
                         Conference Call ...........................................................................Exhibit 11

July 22, 2004            Amendment No. 1 to Form S-3 and Preliminary
                         Prospectus for Viisage 7.5 Million Share Offering ......................Exhibit 12

August 4, 2004           Final Prospectus for Viisage 7.5 Million
                         Share Offering..............................................................................Exhibit 13

August 11, 2004          Viisage Form 10-Q for the Quarterly Period Ended
                         June 27, 2004 ...................................................................Exhibit 14

August 18, 2004          Order on Plaintiff Digimarc Id Systems, LLC's Motion for
                         Temporary Restraining Order Seeking Preservation of Status
                         Quo and Supporting Memorandum Of Law ...............................Exhibit 15

August 23, 2004          Digimarc's Second Amended Complaint .....................................Exhibit 16

September 2, 2004        Georgia Court's Order Granting Injunction
                         and Sanctioning Viisage ..............................................................Exhibit 17

October 5, 2004          Viisage Press Release:  Viisage Acquires
                         Imaging Automation and Expands Leadership
                         Position in Identity Solutions Market ..........................................Exhibit 18

October 20, 2004         Digimarc's Brief in Opposition to Motion for
                         Summary Judgment by Viisage Technology, Inc. ........................Exhibit 19

October 21, 2004         Viisage Press Release:  Viisage Awarded Series
                         of Contracts Totaling $10.91 Million, Extending
                         Momentum with Identity Solutions and the
                         Drivers' License Market ..............................................................Exhibit 20

October 25, 2004         Viisage Press Release:  Viisage Reports
                         Record Results for Third Quarter .................................................Exhibit 21

October 26, 2004         Q3 2004 Viisage Technology, Inc. Earnings
                         Conference Call ...........................................................................Exhibit 22

November 10, 2004       Viisage 10-Q for the Quarterly Period Ended
                         September 26, 2004 ......................................................................Exhibit 23

December 22, 2004       Georgia Court's Order and Judgment on Cross
                         Motions for Summary Judgment ..................................................Exhibit 24

December 27, 2004       Viisage Press Release:  Viisage Issues
                         Statement on Digimarc v. State Of Georgia .................................Exhibit 25

## COMPENDIUM EXHIBIT 1

OCTOBER 1, 2003

GEORGIA BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE TO ADD AN INDESPENSIBLE PARTY
(Relates to Order referred to in Complaint, ¶ 43)

"A just adjudication of this action cannot be achieved without the presence of
Viisage, the successful vendor, thereby requiring its dismissal if Viisage is not
joined.  Equity and good conscience demand no less.  In a challenge to a
competitively procured government contract such as this, the successful vendor's
unique relationship to the controversy compels a finding that is not only a
necessary but also an indispensable party to the action if a disgruntled bidder
seeks to enjoin the award of the contract."

(pages 3-4) (emphasis added)

"Plaintiff alleges that specific actions taken by Viisage were improper."

*     *     *

"Plaintiff's allegations include, without limitation, the following specific
improper actions or inactions by Viisage:

    1.    "Viisage's further set of revised permanent ID cards were
        most likely printed by either Xerographic or fixed offset
        means and would not represent Viisage's 'proposed means
        of production;'" and

    2.    "the final card samples provided by Viisage
        were not even manufactured by Viisage."

Complaint ¶¶ 58 & 59; see also Transcript of Proceedings Before the Honorable
Thelma Wyatt Cummings Moore on July 28, 2003 at pp. 33-34 & 47; Deposition
of G. Theobald pp. 311-313; Exh. B (Order to Compel at Exh. A).  Without
admitting that the allegations are relevant even if true, GTA and DMVS simply
assert that only Viisage can refute or explain the allegations.  More importantly,
Viisage has an interest in protecting its business reputation against any
implication that it acted improperly, which is not the primary concern of the GTA
and DMVS.  Therefore, Viisage's interests cannot be fully represented without its
presence in the litigation."

(page 6) (emphasis added)

## <u>COMPENDIUM EXHIBIT 2</u>

NOVEMBER 7, 2003

CONSENT ORDER ON DEFENDANTS' MOTION TO DISMISS
<u>OR IN THE ALTERNATIVE TO ADD AN INDISPENSIBLE PARTY</u>

(Referred to at Complaint, ¶ 43)

"If Viisage refuses to join as a plaintiff by Friday, November 7, 2003, Digimarc will take the necessary action to join Viisage as an interested party defendant by Monday, November 10, 2003."

(page 1)

## **COMPENDIUM EXHIBIT 3**

NOVEMBER 12, 2003

DIGIMARC'S FIRST AMENDED COMPLAINT FOR
INTERLOCUTORY AND PERMANENT INJUNCTIVE RELIEF

(Referred to at Complaint, ¶ 109(a))

For allegations regarding Viisage's false representation that the card samples it submitted as "permanent" were not its own and could not be produced at the time, see pages 17-18.

For allegations regarding Viisage's false representations that it had secured back-up facilities from Arthur Blank and Company, see pages 38-39.

For the Counts seeking injunctive relief against Viisage, see pages 45-52.

For the Prayer for Relief seeking injunctive relief against Viisage, see page 53.

## COMPENDIUM EXHIBIT 4

APRIL 20, 2004

### DIGIMARC'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM VIISAGE TECHNOLOGY

(Referred to at Complaint, ¶ 51)

"Thus, because Viisage submitted sample permanent cards from New York in its response to the Georgia RFP, Digimarc believed in December 2003 (and now has evidence to prove) that Viisage made material misrepresentations of fact to the State during the evaluation process with regard to the permanent driver's license and identification card it was proposing."

(page 9)

"As is discussed extensively in Digimarc's Response to Defendants' Motion to Expedite Trial and for a Special Trial Setting or Transfer of the Case, filed on March 15, 2004, Digimarc has uncovered (and will likely continue to uncover) indisputable evidence that Viisage made material misrepresentations of fact to the State during the evaluation process with regard to the permanent driver's license and identification card it was proposing, and DMVS and GTA awarded the contract to Viisage under the false impression that Viisage knew how to produce the permanent card sample type that DMVS selected (Resp. to Defs.' Motion at 3, 8-16.)"

(page 9, fn 6)

**COMPENDIUM EXHIBIT 5**

MAY 12, 2004
(Commencement of the Class Period)

VIISAGE'S FORM 10-Q FOR THE QUARTERLY
PERIOD ENDED MARCH 28, 2004

"On July 31, 2003 the superior court for Fulton County, Georgia issued a preliminary injunction prohibiting Georgia's Department of Motor Vehicles Safety from continuing to work with us to install a new drivers' license system for the State of Georgia.  This injunction is the result of a lawsuit filed in March 2003 by one of our competitors, Digimarc ID Systems, LLC.  The suit claims that the Department of Motor Vehicles Safety did not comply with its own bid process when selecting a vendor for the digital drivers' license program.  The merits of Digimarc Corporation's claims against the Department of Motor Vehicle Safety are to be addressed in further court proceedings."

(page 10; 12 of 38) (page 32; 34 of 38)
(emphasis added)

"In July 2003, a Georgia court issued a preliminary injunction prohibiting Georgia's Department of Motor Vehicle Safety from continuing to work with us to install the State's new driver's license system.  The injunction is the result of a lawsuit filed in March 2003 by one of our competitors alleging that the Department of Motor Vehicle Safety did not comply with its own bid process when it selected a vendor for its digital drivers' license program.

(page 24; 26 of 28) (emphasis added)

## COMPENDIUM EXHIBIT 6

JUNE 3, 2004

GEORGIA COURT ORDER GRANTING DIGIMARC'S
<u>MOTION TO COMPEL</u>

(Referred to at Complaint, ¶ 56)


The Order:

1.    Directs Viisage to designate two specific witnesses for deposition; and.

2.    Directs Viisage to produce "all relevant, non-privileged documents that are responsive to Digimarc's Motion to Compel Production of Documents from Viisage Technology, Inc. and that do not contain trade secrets (except as set forth below)," including seven specific categories of documents directly relating to the alleged wrong doing by Viisage.

**COMPENDIUM EXHIBIT 7**

JUNE 21, 2004

FROM S-3 REGISTRATION STATEMENT AND
PRELIMINARY PROSPECTUS FOR VIISAGE'S 7.5 MILLION SHARE OFFERING

(Referred to at Complaint, ¶ 58)

"In July 2003, a Georgia court issued a preliminary injunction prohibiting
Georgia's Department of Motor Vehicle Safety from continuing to work with us
to install the State's new drivers' license system.  The injunction is the result of a
lawsuit filed in March 2003 by one of our competitors alleging that the
Department of Motor Vehicle Safety did not comply with its own bid process
when it selected a vendor for its digital drivers' license program."

(pages 8-9; 14 of 112-15 of 112)
(emphasis added)

"On July 31, 2003 the superior court for Fulton County, Georgia issued a
preliminary injunction prohibiting Georgia's Department of Motor Vehicle Safety
from continuing to work with us to install a new drivers' license system for the
State of Georgia. This injunction is the result of a lawsuit filed in March 2003 by
one of our competitors, Digimarc ID Systems, LLC. The suit claims that the
Department of Motor Vehicle Safety did not comply with its own bid process
when selecting a vendor for the digital drivers' license program."

(page F-21; 95of 112) (emphasis added)

**COMPENDIUM EXHIBIT 8**

JULY 1, 2004

DIGIMARC'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL
COMPLIANCE WITH DISCOVERY ORDER, REVISE SCHEDULING
ORDER AND FOR SANCTIONS AGAINST DEFENDANT VIISAGE

(Referred to at Complaint, ¶ 61)

"This Court ordered Viisage more than a month ago to produce all relevant
documents that are responsive to Digimarc's Request for Production of
Documents, and even listed specific categories of documents that need to be
produced.  The Court also ordered Viisage to make witnesses available for
deposition.  Only timely compliance with this Discovery Order would make it
possible to try this case on the schedule set forth by the Court in the Scheduling
Order entered on June 3, 2004.  But Viisage is simply ignoring the Discovery
Order.  As a result, Digimarc is forced to come before this Court again and
request that it set a time limit for Viisage's compliance with the Discovery Order
and revise the Scheduling Order so that Digimarc can adequately prepare for trial.
Digimarc also requests that this Court strike Viisage's Answer as a sanction for its
blatant disregard of the Discovery Order, and further award Digimarc's attorneys'
fees incurred in having to file this instant Motion."

(pages 1-2) (emphasis added)

**COMPENDIUM EXHIBIT 9**

JULY 21, 2004

VIISAGE PRESS RELEASE:  VIISAGE TAKES INITIATIVE TO HELP END STALEMATE
IN GEORGIA DRIVERS' LICENSE CONTRACT DISPUTE

(Referred to at Complaint, ¶ 62)

"The Company has taken decisive action to resolve the continuing stalemate over the implementation of the State of Georgia drivers' license contract.  Under the terms of the agreement with the Georgia Department of Motor Vehicle Safety (DMVS), Viisage will receive a settlement of $2.5 million as reimbursement for work completed on the drivers' contract awarded to Viisage in November 2002. This settlement terminates the current Georgia DMVS contract with Viisage.  The agency has confirmed that it intends to file a motion to dismiss the lawsuit initiated by a Viisage competitor contesting the contract award."

(page 1) (emphasis added)

"The State of Georgia Department of Motor Vehicle Safety has a responsibility to protect its citizens from identity-related crimes.  Recognizing that the State has been unable to fulfill this responsibility for the past year due to the litigation, we chose to take a proactive step to help resolve this issue."

(page 1) (emphasis added)

**<u>COMPENDIUM EXHIBIT 10</u>**

JULY 21, 2004

VIISAGE TECHNOLOGY, INC'S MOTION TO DISMISS
<u>AND SUPPORTING MEMORANDUM</u>

(Referred to at Complaint, ¶ 66)


This is the motion that Viisage concealed.

**COMPENDIUM EXHIBIT 11**

JULY 22, 2004

Q2 2004 VIISAGE TECHNOLOGY, INC. EARNINGS
CONFERENCE CALL

(Referred to at Complaint, ¶ 64)

"Bernard Bailey:  That leads me to a discussion regarding our announcement yesterday about the State of Georgia driver's license contract.  For those of you without the historical perspective, let me give you a quick sketch.  In late 2002, Viisage was awarded, after a competitive bid, the driver's license contract for the State of Georgia, with a bid that included some of the most advanced features, including multi-biometrics as well as central production.

This was a key new win for Viisage and we immediately deployed resources in the State to begin implementation.  And in fact, we were just days away from taking over the contract when the incumbent competitor that had held the contract filed a lawsuit against the State of Georgia Department of Motor Vehicle Safety alleging issues in the bidding process.  <u>Viisage was never a party to this lawsuit,</u> which has dragged on and on for a year and a half, <u>nor were any allegations of impropriety ever lodged against our company.</u>  Still and all, with more than $1m spent already in legal fees as a related party and no prospect of a breakthrough in the logjam within the foreseeable future, we decided it was time to act"

(pages 2-3) (emphasis added)

**<u>COMPENDIUM EXHIBIT 12</u>**

JULY 22, 2004

AMENDMENT NO. 1 TO FORM S-3 AND PRELIMINARY
<u>PROSPECTUS FOR VIISAGE 7.5 MILLION SHARE OFFERING</u>

(Referred to at Complaint, ¶ 66)


"In July 2003, a Georgia court issued a preliminary injunction prohibiting
Georgia's Department of Motor Vehicle Safety from continuing to work with us
to install the State's new drivers' license system. <u>The injunction is the result of a
lawsuit filed in March 2003 by one of our competitors alleging that the
Department of Motor Vehicle Safety did not comply with its own bid process
when it selected a vendor for its new digital drivers' license program.</u> In July
2004, we reached a settlement agreement with the State pursuant to which <u>the
Department of Motor Vehicle Safety terminated the contract for convenience</u> and
agreed to pay us $2.0 million in cash and the State agreed to purchase certain
equipment from us for $500,000. <u>The Department of Motor Vehicle Safety has
filed a motion with the Georgia court to dismiss the case based upon the
termination of the contract.</u>

(page 52; 59 of 113) (pages 8-9; 14 of 113 – 15 of 113)
(emphasis added)

**COMPENDIUM EXHIBIT 13**

AUGUST 4, 2004

FINAL PROSPECTUS FOR VIISAGE 7.5 MILLION SHARE OFFERING

(Referred to at Complaint, ¶ 68)


 In July 2003, a Georgia court issued a preliminary injunction prohibiting Georgia's Department of Motor Vehicle Safety from continuing to work with us to install the State's new drivers' license system. The injunction is the result of a lawsuit filed in March 2003 by one of our competitors alleging that the Department of Motor Vehicle Safety did not comply with its own bid process when it selected a vendor for its new digital drivers' license program. In July 2004, we reached a settlement agreement with the State pursuant to which the Department of Motor Vehicle Safety terminated the contract for convenience and agreed to pay us $2.0 million in cash and the State agreed to purchase certain equipment from us for $500,000. The Department of Motor Vehicle Safety has filed a motion with the Georgia court to dismiss the case based upon the termination of the contract.

(page 52; 57 of 82) (pages 8-9; 12 of 82 -13 of 82)
(emphasis added)

## COMPENDIUM EXHIBIT 14

AUGUST 11, 2004

## VIISAGE FORM 10-Q FOR THE QUARTERLY PERIOD ENDED JUNE 27, 2004

(Referred to at Complaint, ¶ 68)

"In July 2003, a Georgia court issued a preliminary injunction prohibiting Georgia's Department of Motor Vehicle Safety from continuing to work with us to install the State's new drivers' license system.  The injunction is the result of a lawsuit filed in March 2003 by one of our competitors alleging that the Department of Motor Vehicle Safety did not comply with its own bid process when it selected a vendor for its new digital drivers' license program.  In July 2004, we reached a settlement agreement with the State pursuant to which the Department of Motor Vehicle Safety terminated the contract for convenience and agreed to pay us $2.0 million in cash and the State agreed to purchase certain equipment from us for $500,000.  The Department of Motor Vehicle Safety has filed a motion with the Georgia court to dismiss the case based upon the termination of the contract.

(page 11; 16 of 50) (page 22; 35 of 50)
(page 30; page 45 of 50) (emphasis added)

## COMPENDIUM EXHIBIT 15

AUGUST 18, 2004

ORDER ON PLAINTIFF DIGIMARC ID SYSTEMS, LLC'S MOTION FOR
TEMPORARY RESTRAINING ORDER SEEKING PRESERVATION OF STATUS
QUO AND SUPPORTING MEMORANDUM OF LAW

(Referred to at Complaint, ¶ 71)

"IT IS HEREBY ORDERED that Defendants Georgia Technology Authority and
Department of Motor Vehicle Services and Necessary Party-Defendant Viisage
Technology, Inc. are hereby temporarily restrained and enjoined from
consummating the transaction referenced in the "Release and Settlement
Agreement" between those parties dated July 20, 2004, specifically the
performance referenced in paragraphs 1 and 2 thereof, until September 2, 2004.
This Court understands that Judge Moore intends to hold a hearing on September
1, 2004, at which time it is expected that she will further resolve this issue.  This
Court's temporary restraining order will expire at 12:01 a.m. on September 2,
2004."

(pages 1-2)

## <u>COMPENDIUM EXHIBIT 16</u>

AUGUST 23, 2004

<u>DIGIMARC'S SECOND AMENDED COMPLAINT</u>

(Referred to at Complaint, ¶¶ 72-73)

For allegations of Viisage's fraudulent conduct, *see* ¶ 11 (p. 3); ¶¶ 13-14 (p. 4); ¶¶ 72-76 (p. 17); ¶¶ 131-136 (pp. 28-29).

For the counts charging Viisage with "providing false information in response to the RFP, with the intention of misleading GTA and DMVS," see ¶ 150 (pp. 31-32); ¶155 (p. 33); ¶160 (pp. 34-35); ¶165 (pp. 36-37); ¶170 (p. 38); and ¶174 (pp. 39-40).

For the Prayer for Relief seeking a permanent injunction against Viisage, *see* page 41.

## COMPENDIUM EXHIBIT 17

SEPTEMBER 2, 2004

## GEORGIA COURT'S ORDER GRANTING INJUNCTION AND SANCTIONING VIISAGE

(Referred to at Complaint, ¶ 74)


The Order:

1.    Extended the TRO Issued on August 18, 2004;

2.    Denied the Motions to Dismiss filed by Georgia and Viisage;

3.    Granted in part Digimarc's Motion to Compel Viisage to provide discovery ordered by the Court on June 3, 2004; and

4.    Imposed sanctions on Viisage.

(pages 4-6)

<u>**COMPENDIUM EXHIBIT 18**</u>

OCTOBER 5, 2004

VIISAGE PRESS RELEASE:  VIISAGE ACQUIRES IMAGING AUTOMATION AND
<u>EXPANDS LEADERSHIP POSITION IN IDENTITY SOLUTIONS MARKET</u>

(Referred to at Complaint, ¶ 78)

*Acquisition of Leading Identity Document Authentication Company*
<u>*Solidifies Viisage's Comprehensive Identity Solutions Offerings*</u>*; Opens*
*Opportunities to New Markets*

**"**The acquisition provides Viisage with a market leadership position in identity
document authentication to complement the <u>Company's core competencies in
secure identity credentials and biometrics.</u> This addition to Viisage's product
portfolio is expected to extend reach into existing Viisage markets and provide a
critical component to Viisage's comprehensive offering for new markets in need
of identity solutions."

(page 1) (emphasis added)

## <u>COMPENDIUM EXHIBIT 19</u>

OCTOBER 20, 2004

DIGIMARC'S BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
<u>BY VIISAGE TECHNOLOGY, INC.</u>

(Referred to at Complaint, ¶ 76)

For detailed evidence establishing Viisage's fraudulent conduct concerning its submission of New York cards it had no authority to submit, *see* page 18-26.

For detailed evidence establishing Viisage's fraudulent representations concerning its back-up facility, *see* pages 33-35.

## <u>COMPENDIUM EXHIBIT 20</u>

OCTOBER 21, 2004

VIISAGE PRESS RELEASE:  VIISAGE AWARDED SERIES OF CONTRACTS TOTALING
$10.91 MILLION, EXTENDING MOMENTUM WITH IDENTITY SOLUTIONS AND THE
<u>DRIVERS' LICENSE MARKET</u>

(Referred to at Complaint, ¶ 78)


"Leading the latest round of wins is the state of Wisconsin Division of Motor Vehicles, which has selected Viisage for a five-year, competitively bid contract valued at $7 million to provide secure digital drivers' licenses."  The Maryland Department of Motor Vehicles, through Hewlett-Packard, has also chosen to extend its relationship with Viisage by awarding the Company a two-year contract, valued at $2 million, to continue the production of the state's secure driver's licenses and ID's."

## COMPENDIUM EXHIBIT 21

OCTOBER 25, 2004

VIISAGE PRESS RELEASE:  VIISAGE REPORTS RECORD RESULTS
FOR THIRD QUARTER

(Referred to at Complaint, ¶ 78)

[D]uring the quarter, Viisage proposed a settlement to the State of Georgia to resolve the ongoing litigation stalemate over the state's driver's license contract, awarded to Viisage in late 2002. The initiative entailed the termination of Viisage's contract, a payment to Viisage of $2.5 million and an agreement by the state to put the contract up for rebid later this year. This initiative is currently stalled following legal action taken by one of the Company's competitors in the state.

(page 3 of 7) (emphasis added)

## COMPENDIUM EXHIBIT 22

OCTOBER 26, 2004

## Q3 2004 VIISAGE TECHNOLOGY, INC. EARNINGS CONFERENCE CALL

(Referred to at Complaint, ¶ 79)

Bernard Bailey:

"Someone always asks for an update on Georgia, so let me share what we know. As I mentioned on our last call, last October we had – excuse me, last quarter we had proposed a settlement with our costumer, The State of Georgia, entailing a payment to Viisage and a pledge by the State to rebid the RFP this year.  The State agreed with our recommendation, signed an agreement with us, and was prepared to issue the final payment.  Unfortunately, that settlement was the subject of a temporary restraining order by our competitor.  Right now, we expect a hearing on a series of summary judgment motions to occur shortly, with a decision probably coming out in the next few weeks.  We'll certainly let you know once we hear more information."

"As for our other pending lawsuit that arose last quarter concerning Fargo Electronics, Toppan and TDT, I have no update on that lawsuit other than to note that any court action is unlikely before the second half of 2005.  We continue to believe there's absolutely no basis or standing for the complaint, and we filed motions to dismiss the case."

(pages 3-4 ) (emphasis added)

**COMPENDIUM EXHIBIT 23**

NOVEMBER 10, 2004

VIISAGE 10-Q FOR THE QUARTERLY PERIOD ENDED
SEPTEMBER 26, 2004

(Referred to at Complaint, ¶ 81)

"In July 2003, a Georgia court issued a preliminary injunction prohibiting Georgia's Department of Motor Vehicle Safety from continuing to work with us to install the State's new drivers' license system. The injunction is the result of a lawsuit filed in March 2003 by one of our competitors alleging that the Department of Motor Vehicle Safety did not comply with its own bid process when it selected a vendor for its new digital drivers' license program. In July 2004, we reached a settlement agreement with the State pursuant to which the Department of Motor Vehicle Safety terminated the contract for convenience and agreed to pay us $2.0 million in cash and the State agreed to purchase certain equipment from us for $500,000. The Department of Motor Vehicle Safety has filed a motion with the Georgia court to dismiss the case based upon the termination of the contract."

(page 11; 16 of 48) (page 24; 35 of 48) (page 31; 46 of 48) (emphasis added)

## COMPENDIUM EXHIBIT 24

DECEMBER 22, 2004

## GEORGIA COURT'S ORDER AND JUDGMENT ON CROSS MOTIONS FOR SUMMARY JUDGMENT

(Referred to at Complaint, ¶¶ 86-87)

For the Court's Finding that Viisage knowingly made false representations to Georgia, *see* pages 6-8.

For the Court's Conclusions of Law concerning these knowing false representations by Viisage, *see* pages 13 and 15.

## COMPENDIUM EXHIBIT 25

DECEMBER 27, 2004

VIISAGE PRESS RELEASE:  VIISAGE ISSUES STATEMENT ON
DIGIMARC V. STATE OF GEORGIA

(Referred to at Complaint, ¶ 91)


We are pleased that the state will finally be permitted to begin the rebid process
and that the judge has agreed with us and the state on virtually all aspects of the
summary judgment motions, said Bernard Bailey.

(emphasis added)