```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

IN RE VIISAGE TECHNOLOGY      )
INC. SECURITIES               ) C.A. No. 05-10438-MLW
LITIGATION                    )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                    February 27, 2007

I.  BACKGROUND

This is a federal securities class action lawsuit filed on behalf of numerous plaintiffs against defendant Viisage Technology, Inc. ("Viisage") and individual defendants Bernard Bailey, Viisage CEO, William Aulet, Viisage CFO, Denis Berube, Buddy Beck, Marcel Yon, Charles Levine, Tomas Reilly, Harriet Mouchly-Weiss, Paul Principato, and Peter Nessen, each of whom is a director of Viisage. On January 13, 2006, numerous related cases were consolidated and Turnberry Asset Group was appointed lead plaintiff.

In this case, four claims are alleged. Each relates to the purchase of Viisage's publicly traded securities during the period of May 12, 2004 through March 2, 2005. Count I alleges violations of Section 11 of the Securities Act, 15 U.S.C. §77k, related to allegedly untrue statements of material fact or omissions in the Amended Registration Statement and Prospectus Viisage filed with the Securities and Exchange Commission. Count II alleges violations of Section 15 of the Securities Act, 15 U.S.C. §77o, based on control liability against Bailey, Aulet, Berube, Beck and Yon in

1

their individual capacities. Count III alleges violations of Section 10(b) of the Exchange Act, §78j(b) and Rule 10b-5 promulgated thereunder, related to allegedly false and misleading statements made by defendants Viisage, Bailey, Aulet, Berube, and Beck as to Viisage's state of operations, financial health, and their alleged failure to state material facts that would render the statements not misleading. Count IV alleges violations of Section 20 of the Exchange Act, 15 U.S.C. §78t, based on control liability against defendants Bailey, Aulet, Berube, Beck, and Yon, in their individual capacities. All of the allegations are premised on written and oral disclosures Viisage made regarding litigation in Georgia and its compliance with the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745, and regulations promulgated thereunder.

On February 1, 2007, the court explained that it was denying defendants' motion to dismiss as to the allegations in Counts I and III premised on Viisage's Sarbanes-Oxley disclosures. The court ordered supplemental briefing on the allegations in Counts I and III premised on the Georgia litigation. It heard argument on February 23, 2007 and explained its reasons for granting the motion to dismiss the claims related to the Georgia litigation.

II. ORDER

For the reasons described in detail in court on February 1, 2007 and February 23, 2007, it is hereby ORDERED that:

2

1. Defendants' motion to dismiss (Docket No. 40) is ALLOWED in part and DENIED in part. More specifically, the motion is ALLOWED as to those elements of Counts I and III related to the Georgia litigation and DENIED as to those elements of Counts I and III related to Viisage's Sarbanes-Oxley disclosures.

2. By agreement of the parties, all claims against defendant Yon in his individual capacity are dismissed.

3. By agreement of the parties, the court is deferring decision on the motion to dismiss Counts II and IV, alleging control person violations of Sections 10b and 11 of the Securities and Exchange Acts, at least until any summary judgment motions are filed.

4. The parties shall, by April 20, 2007:

 a. Meet to discuss possible settlement of this case.

 b. Exchange information as discussed at the scheduling conference on February 23, 2007.

 c. Report to the court on the status of their settlement discussions and present a proposed schedule for this case if settlement is not achieved.

                                        /s/    MARK L. WOLF
                                       UNITED STATES DISTRICT JUDGE