UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VIISAGE TECHNOLOGY, INC.<br>SECURITIES LITIGATION | CIVIL ACTION NO. 05-cv-10438-MLW |
| This Pleading Applies to:  All Actions | |

**DEFENDANTS' ANSWER TO THE CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT**

Defendants, L-1 Identity Solutions, Inc. (formerly known as Viisage Technology, Inc. and hereafter referred to as "Viisage"), Bernard C. Bailey, William Aulet, Denis K. Berube, Buddy G. Beck, Charles A. Levine, Thomas J. Reilly, Harriet Mouchly-Weiss, Paul T. Principato, and Peter Nessen (the "Defendants") answer the Consolidated Amended Class Action Complaint as follows.

## NATURE OF THE ACTION

1. Paragraph 1 states a conclusion of law that requires no response.

2. Defendants admit the allegations of paragraph 2, except that they deny that Viisage's technology "purportedly" works as described and state that it actually so operated.

3. In response to paragraph 3, Defendants state that Viisage was formed as a division of Lau Technologies in 1992 and incorporated as a Delaware company in 1996. It reported profits on a GAAP basis in the years 1996 and 2000. In engaged in three acquisitions in the year 2004 that were paid for with a combination of stock, cash and the assumption of debt obligations of the acquired companies. Viisage denies that the quality of its product offerings was

"purported" and admits the allegations of paragraph 3 not inconsistent with the foregoing statements.

4. In answer to the first sentence of paragraph 4, the Defendants refer the Court to the content of the press releases described therein. The Defendants deny the remaining allegations of paragraph 4.

5. Denied.

6. In answer to the first sentence of paragraph 6, the Defendants refer the Court to Viisage's July 21, 2004 press release for its contents. The Defendants deny the remaining allegations of paragraph 6.

7. In answer to the first sentence of paragraph 7, the Defendants refer the Court to the Orders entered by the Georgia Court referred to therein for their contents. Viisage denies the allegations in the second and third sentences of paragraph 7. In answer to the fourth and fifth sentences of paragraph 7, the Defendants refer the Court to Viisage's press release and the transcript of its conference call with analysts dated in October 2004 for their contents. The Defendants admit the allegations of the last sentence of paragraph 7.

8. In answer to paragraph 8, the Defendants refer the Court to the Georgia's Court Memorandum and Decision of December 22, 2004 for its contents, and deny the remaining allegations of paragraph 8.

9. Denied.

10. In answer to paragraph 10, the Defendants refer the Court to Viisage's March 2, 2005 press release for its contents and deny the remaining allegations of paragraph 10.

11. Denied.

12. In answer to paragraph 12, the Defendants admit the stock price information set forth in that paragraph and deny the remaining allegations contained therein.

13. Paragraph 13 sets forth a conclusion of law that requires no response.

14. Paragraph 14 sets forth a conclusion of law that requires no response.

15. The first sentence of paragraph 15 sets forth a conclusion of law that requires no response. Defendants deny the allegations of the second sentence of paragraph 15.

16. Denied.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, except that they deny that Turnberry was damaged.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, except that they deny that ETG was damaged.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, except that they deny that Sauer was damaged.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, except that they deny that D. Hancock was damaged.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, except that they deny that L. Hancock was damaged.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, except that they deny that Cohutt was damaged.

23. In answer to paragraph 23, Defendants admit the allegations set forth therein as of the date that the Complaint was filed, but deny that they accurately describe Viisage as of the date of this answer.

24. Admitted.

25. Admitted.

26. Admitted, except that Defendants deny that Lau is currently the largest shareholder of Viisage.

27. In answer to paragraph 27, Defendants state that Yon was dismissed as a defendant to this action by agreement of the parties and Order of this Court, and they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Paragraph 34 states a conclusion of law that requires no response.

35. Paragraph 35 states a conclusion of law that requires no response.

36. The first two sentences of paragraph 36 set forth conclusions of law that require no response. Defendants are without knowledge or information sufficient to form a belief as to the number of individual shareholders of Viisage common stock during the class period.

37. Denied.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. Paragraph 39 sets forth conclusions of law that require no response, except that Defendants deny that any class member suffered any damage or was the recipient of any wrong done to them by any Defendant.

40. Paragraph sets forth a conclusion of law that requires no response.

## SUBSTANTIVE ALLEGATIONS

41-51. Paragraphs 41 through 51 set forth allegations that relate exclusively to the Georgia Litigation. As paragraph 1 of the Court's February 27, 2007 Memorandum and Order (the "Order") expressly allowed the Defendants' motion to dismiss those claims, they make no response to those paragraphs.

## FALSE AND MISLEADING STATEMENTS DURING THE CLASS PERIOD

52. In response to paragraph 52, the Defendants refer the Court to Viisage's Form 10-Q for the period ending March 28, 2004 for its contents, and deny the remaining allegations of the paragraph.

53. In response to paragraph 53, the Defendants refer the Court to Viisage's Form 10-Q for the period ending March 28, 2004 for its contents.

54. In response to paragraph 54, the Defendants refer the Court to Viisage's Form 10-Q for the period ending March 28, 2004 for its contents.

55. In response to the first and second sentences of paragraph 55, the Defendants refer the Court to Viisage's Form S-3 Registration Statement filed with the SEC on May 21, 2004 for its contents. Viisage admits the allegations set forth in the third sentence of paragraph 55. Defendants deny the remaining allegations of paragraph 55.

56. The allegations of paragraph 56 refer exclusively to the Georgia Litigation claims dismissed by the Court's Order and therefore the Defendants make no response to them.

57. In response to paragraph 57, the Defendants refer the Court to Viisage's Form 10-Q/A for the period ending March 28, 2004 for its contents.

58. In response to paragraph 58, the Defendants refer the Court to Viisage's Form S-3 Registration Statement filed with the SEC on June 21, 2004 for its contents.

59. The Defendants deny the allegations set forth in the first sentence of paragraph 59. The Defendants admit the allegations set forth in the second and third sentences of paragraph 59. In response to the remaining allegations of paragraph 59, the Defendants refer the Court to Registration Statement for its contents and deny all other allegations of the paragraph.

60. The Defendants deny the allegations set forth in the first two sentences of paragraph 60 and admit the remaining allegations of paragraph 60.

61-68. The allegations of paragraphs 61 through 68 refer exclusively to claims dismissed by the Court's Order and therefore the Defendants make no response to them.

69. In response to paragraph 69, the Defendants refer the Court to Viisage's Form 10-Q for the quarter ended June 30, 2004 for its contents.

70. In response to paragraph 70, the Defendants refer the Court to Viisage's Form 10-Q for the period ended June 30, 2004 for its contents.

71-74. The allegations of 71 through 74 refer exclusively to claims dismissed by the Court's Order and therefore the Defendants make no response to them.

75. In response to paragraph 75, the Defendants refer the Court to Viisage's October 5, 2004 press release for its contents.

76. The allegations of paragraph 76 refer exclusively to claims dismissed by the Court's Order and therefore the Defendants make no response to them.

77. In response to paragraph 77, the Defendants refer the Court to Viisage's October 21, 2004 press release for its contents.

78. In response to paragraph 78, the Defendants refer the Court to Viisage's October 25, 2004 press release for its contents, except that they expressly deny that Viisage included the $2.5 million payment in its increased EBITDA guidance for 2004.

79. In response to paragraph 79, the Defendants refer the Court to the transcript of Viisage's October 26, 2004 conference call with industry analysts for its contents.

80. Denied.

81. In response to paragraph 81, the Defendants refer the Court to Viisage's Form 10-Q for the period ended September 30, 2004 for its contents, and deny any other factual allegations that may be deemed alleged in paragraph 81.

82. In response to paragraph 82, the Defendants refer the Court to Viisage's Form 10-Q for the period ended September 30, 2004 for its contents.

83. In response to paragraph 83, the Defendants refer the Court to Viisage's Form 10-Q for the period ended September 30, 2004 for its contents.

84. In response to paragraph 84, the Defendants refer the Court to Viisage's December 14, 2004 press release for its contents.

85. In response to paragraph 85, the Defendants refer the Court to Viisage's December 15, 2004 press release for its contents.

86-97. The allegations of paragraphs 86 through 97 relate exclusively to the claims dismissed by the Court's Order and therefore the Defendants make no response to these paragraphs.

98.     The Defendants deny the allegations in the first sentence of paragraph 98. In answer to the balance of the allegations set forth in this paragraph, the Defendants refer the Court to Viisage's March 2, 2005 press release for its contents.

99.     In answer to paragraph 99, the Defendants refer the Court to the transcript of Viisage's March 3, 2005 conference call with industry analysts for its contents.

100.    The Defendants admit that on March 3, 2002, its stock price closed at $5.47 a share, that the reported lowest price for Viisage's common stock on March 3, 2005 was $4.30, and that the volume of transactions in Viisage's common stock on March 3, 2005 was in excess of 6.2 million shares. The Defendants deny the remaining allegations of paragraph 100.

101.    In response to paragraph 101, the Defendants refer the Court to Viisage's March 17, 2005 Notification of Late Filing of Form 10-K for its contents. The Defendants further state that the allegations set forth in the last sentence of paragraph 101 set forth a conclusion of law that requires no response.

102.    The Defendants admit the allegations set forth in the first sentence of paragraph 102. In answer to the remaining allegations of paragraph 102, the Defendants refer the Court to Viisage's March 31, 2005 press release for its contents.

103.    In response to paragraph 103, the Defendants refer the Court to Viisage's April 8, 2005 press release for its contents.

104.    In response to paragraph 104, the Defendants refer the Court to Viisage's Form 10-K for the period ended December 31, 2004 and Form 10-Q for the period ended June 30, 2005 for their contents.

105. In response to paragraph 105, the Defendants refer the Court to Viisage's Form 10-K for the period ended June 30, 2005 and its Form 10-Q for the period ended July 3, 2005 for their contents.

## COUNT I
### For Violation of Section 11 of the Securities Act

106. In response to paragraph 106, the Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1 through 105.

107. Paragraph 107 sets forth a conclusion of law that requires no response.

108. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108.

109. Denied.

110. Admitted.

111. Denied.

112. Admitted.

113. Denied.

114. Denied.

115. Denied.

116. Admitted.

117. Denied.

## COUNT II
### For Violation of Section 15 of the Securities Act

118. In response to paragraph 118, the Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1 through 117.

119. Paragraph 119 sets forth a conclusion of law that requires no response.

120. Denied.

121. Denied.

## COUNT III
### For Violation of Section 10(b) of the Exchange Act And Rule 10b-5 Promulgated Thereunder

122. In response to paragraph 122, the Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1 through 105.

123. Paragraph 123 sets forth conclusions of law that require no response.

124. Denied.

125. Denied.

126. Denied.

127. Paragraph 127 sets forth a conclusion of law that requires no response. To the extent it may be deemed to include factual allegations, Defendants deny them.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. The Defendants admit that Berube and Beck and Lau owned Viisage common stock and refer the Court to Viisage's filings with the SEC for the amounts of stock so held during the purported class period. The Defendants also admit that Viisage was indebted to Lau and Beck in the approximate amount of $4.3 million and $15.3 million, respectively. Defendants

also admit that various of Viisage's filings with the SEC stated that "both Lau and Mr. Beck have a strong influence on matters requiring approval by our stockholders, including the election of directors and most corporate actions . . ." and that these shareholders "could result in us taking actions that are not supported by unaffiliated stockholders." Defendants deny the remaining allegations of paragraph 135.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied

142. Denied.

143. Defendants admit that Viisage was indebted to the Commerce Bank & Trust Company during parts of calendar year of 2004, and that the loan documents associated with such indebtedness contained financial covenants. The Defendants refer the Court to those covenants for their terms. Defendants deny the remaining allegations of paragraph 143.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Defendants are without knowledge or information sufficient to form a belief as to whether the market for Viisage common stock was efficient during the purported class period, and admit the remaining allegations of paragraph 148.

149.  Denied.

## COUNT IV
### For Violations of Section 20 of the Exchange Act

150.  In response to paragraph 150, the Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1 through 105 and paragraphs 123 through 149.

151.  Paragraph 151 sets forth a conclusion of law that requires no response.

152.  Denied.

153.  Denied.

154.  Denied.

### First Affirmative Defense

Those claims not previously dismissed by the Court's Order also fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Those claims not previously dismissed by the Court's Order fail to state a claim upon which relief may be granted as to any Defendant other than Defendants Bailey and Aulet.

### Third Affirmative Defense

With respect to all claims asserted under Section 11 of the Securities Act of 1933 and all Defendants other than Viisage, each such Defendant, after reasonable investigation, had reasonable ground to believe and did believe that at the time such part of the Registration Statement that forms the basis for this action became effective, the statements therein were true and that they contained no omissions of material fact required to be stated therein or necessary to make the statements therein not misleading.

**WHEREFORE**, the Defendants request that this action be dismissed and that the Court enter such other and further relief as it deems proper.

VIISAGE TECHNOLOGY, INC., ET AL.,

By their attorneys,

/s/ Mitchell H. Kaplan
Mitchell H. Kaplan (BBO #258940)
John R. Baraniak, Jr. (BBO #552259)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000

Dated: May 14, 2007

**CERTIFICATE OF SERVICE**

      This is to certify that on May 14, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William B. Federman
Stuart W. Emmons
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel.: (405) 235-1560
Fax: (405) 239-2112

and

Alan L. Kovacs (BBO #278240)
LAW OFFICE OF ALAN L. KOVACS
2001 Beacon Street, Suite 106
Boston, MA 02135
Tel.: (617) 964-1177
Fax: (617) 332-1223

**Attorneys for Plaintiff**

                                            /s/ Mitchell H. Kaplan
                                            Mitchell H. Kaplan