**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

**In re VIISAGE TECHNOLOGY, INC.
SECURITIES LITIGATION**

**This Pleading Applies to: All Actions**

**Civil Action No. 05-cv-10438-MLW**

### ORDER CERTIFYING THE CLASS, PRELIMINARILY APPROVING
### <u>SETTLEMENT AND PROVIDING FOR NOTICE TO THE CLASS</u>

WHEREAS:

A.    Lead Plaintiffs Turnberry Asset Management, Electronic Trading Group, LLC, Ronald Sauer, David Hancock and Lance Hancock ("Lead Plaintiffs"), on behalf of themselves and the Class certified herein, and Defendants Viisage Technology, Inc. (now known as L-1 Identity Solutions, Inc.), Bernard C. Bailey, William K. Aulet, Denis K. Berube, Marcel Yon, Buddy G. Beck, Charles A. Levine, Thomas J. Reilly, Harriet Mouchly-Weiss, Paul T. Principato and Peter Nessen (collectively, "Defendants") have entered into a Settlement of the claims asserted in the Action, the terms of which are set forth in a Stipulation of Settlement and annexed exhibits dated July 19, 2007 (collectively, the "Settlement Agreement");

B.    Lead Plaintiffs and Defendants have moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order certifying the class defined herein, for settlement purposes only, preliminarily approving the Settlement in accordance with the terms and conditions of the Settlement Agreement and directing the issuance of notice to the class in accordance with the Settlement Agreement; and

C.    The Court, having read and considered the Settlement Agreement, including the proposed Notice of Pendency and Proposed Settlement of Class Action, Application For Attorneys'

Fees and Expenses and Fairness Hearing (the "Notice"), the proposed Summary Notice of Pendency and Proposed Settlement of Class Action, Application For Attorneys' Fees and Expenses and Fairness Hearing (the "Summary Notice"), the proposed Proof of Claim form, and the proposed Final Judgment and Order of Dismissal with Prejudice, Lead Plaintiffs' Motion for Certification of a Settlement Class and for Preliminary Approval of Proposed Settlement, and having held a hearing on said motion on August 13, 2007, finds that substantial and sufficient grounds exist for entering this Preliminary Approval Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    This Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.    The Court finds that a class consisting of all Persons who purchased Viisage's publicly traded securities during the period from May 12, 2004 through March 2, 2005, inclusive (the "Class Period"), excluding:  (i) the Defendants herein, the directors, officers and employees of Viisage, the members of each Individual Defendants' immediate families, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party; and (ii) those Persons who submit valid and timely requests for exclusion from the Class pursuant to the instructions set forth in the Notice, should be certified for settlement purposes pursuant to Fed. R. Civ. Pro. 23 for the following reasons:

(a)    As approximately 14 million shares were of Viisage common stock were purchased by Class Members during the Class Period, the number of members of the Class are likely so numerous that joinder of all Class Members would be impracticable;

(b)    There are questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class Members, including: (i)

whether defendants violated the federal securities laws; (ii) whether defendants misrepresented material facts; (iii) whether defendants' statements omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; (iv) whether defendants knew, or recklessly disregarded that their statements were false and misleading; and (v) whether the members of the Class have sustained damages proximately caused by the alleged misrepresentations and omissions, and, if so, what is the appropriate measure of damages.

(c)    Lead Plaintiffs' claims are typical of the claims of the members of the Class because Lead Plaintiffs and all of the Class Members sustained damages arising out of the same wrongful conduct at issue in this Action;

(d)    Lead Plaintiffs have demonstrated that they have fairly and adequately protected the interests of Class Members and have retained counsel who are experienced and competent in class and securities litigation.  Lead Plaintiffs have no interests that are contrary to or in conflict with the members of the Class Lead Plaintiffs seek to represent;

(e)    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since: (i) joinder of all members is impracticable; (ii) the damages allegedly suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs allegedly done to them, and no Class Member has commenced a separate individual action concerning the claims at issue here; (iii) it is desirable to resolve the Class' claims in this one forum; and (iv) there are no difficulties likely to be encountered in the management of this action as a class action.

3.    The Court appoints Lead Counsel as Class Counsel pursuant to Fed. R. Civ. Pro. 23(g).

4.    The Court preliminarily approves the Settlement of this Action on the terms and conditions set forth in the Settlement Agreement as being sufficiently fair, reasonable, and adequate

to warrant sending notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Fairness Hearing described below.

5.    A hearing (the "Fairness Hearing") will be held on November 16, 2007 at 3:00 p.m. in Courtroom 13 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to consider, among other things, whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court; whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court; whether a Final Judgment substantially in the form of Exhibit B to the Settlement Agreement should be entered in this Action; and to consider Lead Counsel's application for a Fee and Expense Award to Plaintiffs' Counsel.  The Court expressly reserves the right to adjourn the Fairness Hearing from time to time without any further written notice to Class Members.

6.    The Court approves the form, substance, and requirements of the Notice and the Summary Notice (together, the "Notices") and the Proof of Claim form annexed hereto, and finds that the procedures established for publication, mailing, and distribution of the Notices, as set forth in paragraphs 7 through 9 of this Preliminary Approval Order: (a) constitute the best notice practicable under the circumstances and are reasonably calculated to apprise Class Members of the proposed Settlement and their right to object thereto; (b) constitute reasonable, due, adequate, and sufficient notice of the Fairness Hearing and of the rights of persons and entities in the Class with respect thereto; and (c) meet all applicable requirements of the Federal Rules of Civil Procedure (including Rule 23(c)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law.

7.    The Court appoints A.B. Data, Ltd. (the "Claims Administrator") to administer the notice procedure as well as the processing of claims under the supervision of Lead Counsel, as more fully set forth below:

(a)    Not later than twenty-eight (28) days after the entry of this Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause copies of the Notice and the Proof of Claim form, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, to be mailed by first-class mail, postage prepaid, to all potential Class Members that can be identified with reasonable effort; and

(b)    Not later than ten (10) days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit 3, to be published once in the national edition of the *Wall Street Journal*.

8.    No later than fourteen (14) days prior to the Fairness Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of the mailings and publication required in paragraph 7 of this Preliminary Approval Order.

9.    The Claims Administrator shall ask nominees that hold shares of Viisage that were purchased during the Class Period to mail copies of the Notice and the Proof of Claim form to the beneficial owners of those Viisage shares within ten (10) days after receipt thereof, or to send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail copies of the Notice and Proof of Claim form to such beneficial owners.

10.    Lead Counsel is authorized to pay any and all Notice Costs up to $150,000.00 out of the Settlement Fund without further order of the Court.  Any .reimbursement of banks, brokerage houses, or other nominees for costs of mailing notices to beneficial owners of Viisgae shares who are potential Class Members shall be limited to out-of-pocket expenses that would not have been

incurred except for the sending of such notices. Any dispute concerning such reimbursement shall be resolved by this Court.

11.    Any member of the Class who wishes to be excluded from the Class must submit a request for exclusion, in accordance with the instructions in the Notice, to the Claims Administrator, by first class mail no later than twenty-one (21) days before the Fairness Hearing. All persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by any of the terms and provisions of the Settlement Agreement, including the Releases defined in Section 6 thereof, or any proceedings, rulings, orders, and judgments in this Action.. The Claims Administrator shall provide copies of requests for exclusion to Lead Counsel and Defendants' Counsel, within three (3) days after such requests are received, and at least seventeen (17) days before the Fairness Hearing. Any Class Member who does not submit a valid and timely written request for exclusion from the Class in accordance with the instructions in the Notice is a Class Member and shall be bound by all of the terms and provisions of the Settlement Agreement, including the Releases defined in Section 6 thereof, and by all proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable to the Class.

12.    Any Class Member who wishes to participate in the distribution of the Net Settlement Fund must sign and return a completed Proof of Claim form in accordance with the instructions contained therein and in the Notice. All Proof of Claim forms must be submitted by first-class mail, postmarked no later than December 21, 2007 or such other time as may be set by the Court. If a Class Member chooses to return his, her, or its Proof of Claim form in a manner other than by first-class mail, then it must be actually received at the address on the Proof of Claim form no later than December 21, 2007 or such other date as may be set by the Court. Except as otherwise ordered by the Court, any Class Member who fails to return a timely and signed Proof of Claim form shall be barred from receiving a distribution of the Net Settlement Fund, but shall nevertheless be bound by

and subject to the Settlement Agreement, the Final Judgment, and all proceedings, rulings, orders, and judgments in this Action, including, without limitation, the release of the Released Claims and the dismissal with prejudice of this Action. Notwithstanding the foregoing, Lead Counsel may, in their sole discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

13.    Any Class Member may enter an appearance in the Action, individually or through counsel of his, her or its own choice, at his, her or its own expense. Any Class Member who chooses not to enter an appearance in the Action will be represented by Lead Counsel.

14.    Pending final determination of whether the Settlement should be approved and the Court's entry of the Final Judgment, neither Lead Plaintiffs nor any other Class Member, either directly, representatively, or in any other capacity, shall institute, commence or prosecute any action or proceeding against any of the Released Persons, in any court or tribunal, that asserts any of the Released Claims.

15.    Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any terms of the proposed Settlement Agreement, to the Plan of Allocation, or to Lead Counsel's request for a Fee and Expense Award must file with the Court (c/o Clerk of the Court, United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210), in the manner provided in the Notice and no later than twenty-one (21) days before the Fairness Hearing or as the Court may otherwise direct, notice of the Class Member's intention to object, the grounds for such objection, and all papers the Class Member intends to present to the Court in opposition to the Settlement Agreement, the Plan of Allocation, or Lead Counsel's request for a Fee and Expense Award, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his, her or its objection. In addition to filing such papers and materials with the Court, the Class Member must serve copies of

such papers and materials, in the manner provided in the Notice, upon each of the following Lead

Counsel and Defendants' Counsel:

> Jeffrey A. Klafter, Esq.
> Kurt B. Olsen, Esq.
> KLAFTER & OLSEN LLP
> 1311 Mamaroneck Avenue, Suite 220
> White Plains, NY 10605
>
> Vincent R. Cappucci, Esq.
> Stephen D. Oestreich, Esq.
> Robert N. Cappucci, Esq.
> ENTWISTLE & CAPPUCCI LLP
> 280 Park Avenue
> 26th Floor West
> New York, NY  33432
>
> *Co-Lead Counsel for Lead Plaintiffs*
>
> Mitchell H. Kaplan, Esq.
> CHOATE HALL & STEWART LLP
> Two International Place
> Boston, MA 02110
>
> *Counsel for Defendants*

16.     Any Class Member may file an objection of the nature described in paragraph 15 on

his, her or its own or through an attorney hired at his, her or its own expense.  Any Class Member

who files and serves such an objection may, but is not required to, appear at the Fairness Hearing,

either in person or through an attorney hired at the Class Member-'s own expense.  If a Class

Member hires an attorney to represent him, her or it at the Fairness Hearing, the attorney must file a

notice of appearance with the Clerk of the Court and deliver a copy of that notice to Lead Counsel

and Defendants' Counsel, at the addresses set forth in paragraph 15 of this Order, no later than

twenty-one (21) days before the date of the Fairness Hearing.

17.     Persons who intend to object to the Settlement <u>and</u> present evidence at the Fairness

Hearing must include in their written objections the identity of any witnesses they may seek to call to

testify and any exhibits they may seek to introduce into evidence at the Fairness Hearing.  Any Party

has the right to object to any testimony or other evidence that a person objecting to the Settlement seeks to introduce.

18.    Unless the Court otherwise directs, no member of the Class or other person shall be entitled to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for a Fee and Expense Award, or otherwise be heard at the Fairness Hearing, except by filing and serving written objections as described above and following the objection procedure in the Notice.  Any person who does not object in the manner prescribed above may be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all of the terms and provisions of the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this Action.

19.    No Person that is not a Lead Plaintiff, Class Member, Plaintiffs' Counsel, or the Claims Administrator shall have any right to any portion of the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

20.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, the Plan of Allocation, and/or further order(s) of the Court.

21.    All papers in support of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for a Fee and Expense Award shall be filed and served no later than fourteen (14) days prior to the Fairness Hearing.

22.    Neither this Order, the Settlement Agreement (whether or not it is consummated and whether or not it is terminated), nor any of their provisions, nor any negotiations, proceedings or agreements relating to the Settlement Agreement and the Settlement, nor any matter arising in connection with such negotiations, proceedings or agreements, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement: (i) is or may in any event be

deemed or construed to be or may be offered or received in evidence or used as or deemed to be an admission or evidence of a presumption, concession or admission by any Defendant of the truth of any fact alleged in the Complaint or the validity of any Released Claim or of any wrongdoing, liability, negligence or fault by any Defendant, or a presumption, concession or admission by any Lead Plaintiff as to the infirmity of any fact alleged in the Complaint, viability of any Released Claim, or lack of wrongdoing, liability, negligence or fault by any Defendant; (ii) is or may be deemed to be or may be referred to or used as an admission or evidence of a presumption, concession or admission with respect to any fault or omission, or lack thereof, of the Defendants, or for any other reason, in any civil, criminal, arbitration or administrative action or proceeding in any court, arbitration, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate, effectuate or enforce any of the provisions of the Settlement Agreement, the Settlement or the Final Judgment; (iii) is or may be used as an admission or evidence that Lead Plaintiffs' claims in the Action did not have merit; (iv) is or may be used or construed against any Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered by Lead Plaintiffs, on behalf of the Class, after trial; (v) is or may be used or construed or received in evidence as an admission, concession or presumption by Defendants that any damages were recoverable under the Complaint or by Lead Plaintiffs that the damages recoverable under the Complaint would not have exceeded the Settlement Fund.  Defendants may file the Settlement Agreement in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Any Party may file the Settlement Agreement in any action that may be brought to enforce the terms of the Settlement Agreement.

23.    At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation and Lead Counsel's application for a Fee and Expense Award shall be approved.  Neither

Defendants nor Defendants' Counsel shall have any responsibility for, or any liability whatsoever with respect to, any Plan of Allocation of the Net Settlement Fund or any application for a Fee and Expense Award. Such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. The Court may approve the Settlement with such modifications as may be agreed to, in writing, by the Parties, if appropriate, without further notice to the Class.

24. This Court shall have exclusive jurisdiction over this Action, the implementation, administration and enforcement of the Settlement, the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Net Settlement Fund, and any other matters arising out of or connected with the Settlement.

25. This Court may alter any of the deadlines in this Order for good cause shown.

IT IS SO ORDERED.

Dated: _August 17, 2007_____

_/s/ Mark L. Wolf_____
HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS'
FEES AND EXPENSES AND FAIRNESS HEARING**

**If You Bought Viisage Technology, Inc. ("Viisage") common stock during the period from May 12, 2004 through March 2, 2005,
inclusive., you could get a payment from the class action settlement described below.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

THIS NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND
EXPENSES AND FAIRNESS HEARING ("NOTICE") RELATES TO A PROPOSED SETTLEMENT OF CLASS CLAIMS ASSERTED IN
AN ACTION ENTITLED IN RE VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION, CIVIL ACTION NO. 05-cv-10438-MLW,
BROUGHT BY LEAD PLAINTIFFS TURNBERRY ASSET MANAGEMENT, ELECTRONIC TRADING GROUP, LLC, RONALD SAUER,
DAVID HANCOCK AND LANCE HANCOCK, ON BEHALF OF THEMSELVES AND THE CLASS DEFINED HEREIN (COLLECTIVELY,
"LEAD PAINTIFFS") AGAINST VIISAGE (NOW KNOWN AS L-1 IDENTITY SOLUTIONS, INC.), BERNARD C. BAILEY, WILLIAM K.
AULET, DENIS K. BERUBE, MARCEL YON, BUDDY G. BECK, CHARLES A. LEVINE, THOMAS J. REILLY, HARRIET MOUCHLY-
WEISS, PAUL T. PRINCIPATO AND PETER NESSEN (COLLECTIVELY, "DEFENDANTS").

THIS NOTICE EXPLAINS IMPORTANT RIGHTS YOU MAY HAVE INCLUDING YOUR POSSIBLE RECEIPT OF CASH
CONSIDERATION AS A RESULT OF THE SETTLEMENT AND ALSO CONTAINS A PROOF OF CLAIM FORM THAT YOU MUST
COMPLETE AND SUBMIT BY DECEMBER 21, 2007 IN ORDER TO BE ELIGIBLE TO SHARE IN THE SETTLEMENT. PLEASE READ
IT CAREFULLY!

- The proposed Settlement will provide $2.3 million in cash (the "Settlement Amount") to pay claims of investors who purchased
  Viisage's publicly traded securities during the period from May 12, 2004 through March 2, 2005, inclusive (the "Class Period").
  The only securities issued by Viisage that were publicly traded during the Class Period were its common stock. Lead Plaintiffs
  estimate that the average recovery per 100 damaged shares of common stock would be approximately $6.70 before the
  deduction of attorney, notice, administrative, and tax fees, costs, and expenses, as approved by the Court. The recovery is
  explained in greater detail below. As is also explained below, the parties do not agree on the average amount of damages that
  would be recoverable if Lead Plaintiffs prevailed on all claims.

- The proposed Settlement will resolve a lawsuit over whether the Defendants violated federal securities laws as a result of issuing
  allegedly false and misleading public statements. The Defendants deny all allegations of wrongdoing. Lead Plaintiffs believe that
  the proposed Settlement is in the best interests of the members of the Class in that it provides a significant benefit now, as
  compared to the risk that a smaller or no recovery would be achieved after a trial and appeals, possibly years in the future, in
  connection with which Defendants would have the opportunity to assert substantial defenses to the claims asserted on behalf of
  the Class.

- Lead Counsel intends to apply for an award of attorneys' fees on behalf of all plaintiffs' counsel (collectively, "Plaintiffs'
  Counsel") not to exceed 25% of the Settlement Amount. In addition, Lead Counsel intends to apply for reimbursement of
  expenses paid and incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of this Action, in an
  amount not to exceed $55,000.00. If Lead Counsel's Fee and Expense Application is approved by the Court, the average
  recovery per 100 allegedly damaged shares of common stock would be reduced by approximately $1.70, for an average net
  recovery per 100 damaged shares of approximately $5.00. Plaintiffs' Counsel have litigated this Action on a contingent-fee
  basis, and have advanced all of the expenses of litigation with the expectation that if they were successful in recovering money
  for the Class, they would receive attorneys' fees and be reimbursed for their expenses from the recovery, as is customary in
  this type of litigation.

- Your legal rights are affected whether you act, or do not act, so please read this Notice carefully. If you have any questions
  concerning any matter contained in this Notice, you may contact any of the Lead Counsel identified below or the Claims
  Administrator as indicated on page __.

| YOUR LEGAL RIGHTS AND OPTIONS CONCERNING THE PROPOSED SETTLEMENT, FEE AND EXPENSE APPLICATION OR PLAN OF ALLOCATION: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to get a payment. |
| **REQUEST EXCLUSION FROM THE CLASS** | Get no payment, Preserve all rights. |
| **OBJECT** | Write to the Court about why you don't like the any of the above. |
| **APPEAR AT A HEARING** | Ask to speak in Court about any of the above. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options – **and the deadlines to exercise them –** are explained in this Notice.

- The issuance of this Notice is not intended to be an expression of the Court's opinion on the merits of any claim in the Action and
  the Court in charge of this case still has to decide whether to enter a judgment approving the proposed Settlement. Payments will be
  made if the Court approves the proposed Settlement, after appeals are resolved, and after the completion of all claims processing.
  Please be patient.

- Any questions regarding the proposed Settlement should be directed to the following Plaintiffs' Lead Counsel: Robert N.
  Cappucci, Esq., Entwistle & Cappucci LLP, 1-212-894-7200 or Jeffrey A. Klafter, Esq., Klafter & Olsen LLP, 1-914-997-5656.

**DO NOT CONTACT THE COURT**

| WHY DID I GET THIS NOTICE? |
|---|

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and pursuant to an Order of the United States District Court for the District of Massachusetts (the "Court"). The purpose of this Notice is to inform you: (1) that the Court has, for settlement purposes only, certified this action as a class action, on behalf of a class consisting of all persons who purchased Viisage's publicly traded securities during the period from May 12, 2004 through March 2, 2005, inclusive, with certain exclusions set forth in the footnote below (the "Class");[1] (2) of the proposed settlement that has been reached in this class action between Lead Plaintiffs, individually and on behalf of the Class, and Defendants; (3) of a hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and at which the Court may also consider approval of the Plan of Allocation and the application of Lead Counsel on behalf of all Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, described below.

Pursuant to an Order of the Court dated August__, 2007, (the "Preliminary Approval Order"), the Fairness Hearing will be held at 3:00 p.m. on November 16, 2007, before the Honorable Mark L. Wolf in Courtroom 10 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A MEMBER OF THE CLASS ("CLASS MEMBER") OR ARE ENTITLED TO RECEIVE PROCEEDS FROM THE PROPOSED SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE PROPOSED SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED PROOF OF CLAIM FORM TO THE CLAIMS ADMINISTRATOR BY DECEMBER 21, 2007.**

**PLEASE BE ADVISED THAT THE COURT MAY ALTER THIS OR ANY OF THE OTHER DEADLINES SET FORTH IN THIS NOTICE FOR GOOD CAUSE SHOWN.**

| WHAT RECOVERY DOES THE PROPOSED SETTLEMENT PROVIDE? |
|---|

Pursuant to the Settlement described herein, the Defendants have agreed to pay or cause to be paid a total of $2,300,000 (the "Settlement Amount") for the benefit of the Class. The Settlement Amount, less notice and administration expenses and attorneys' fees and expenses awarded to Plaintiffs' Counsel (the "Net Settlement Fund") will be distributed in accordance with a plan of allocation (the "Plan of Allocation") described below. Under the proposed Plan of Allocation, the expected recovery from the proposed Settlement per 100 damaged shares of common stock would be approximately $6.70. However, your actual recovery from the Net Settlement Fund will depend on a number of variables including the number of Viisage shares of common stock you purchased during the Class Period, whether those shares were held as of the close of the market on March 2, 2005 or sold on or before June 1, 2005, the total number of shares for which timely and valid Proof of Claim forms have been submitted by Class Members ("Authorized Claimants"), and the amount of attorneys fees and expenses awarded by the Court. See "How Much Will My Payment Be?", on page __ below.

| WHAT MIGHT HAVE HAPPENED IF THE PARTIES HAD NOT AGREED TO THE PROPOSED SETTLEMENT? |
|---|

Lead Plaintiffs and Defendants do not agree on the average amount of damages per share of Viisage common stock that would be recoverable if Lead Plaintiffs were to have prevailed on the Class' claims asserted in the Action which were not dismissed by the Court. The issues on which the Parties disagree include, among other things, the amount of

---

[1] Excluded from the Class are: (i) the Defendants herein, the directors, officers and employees of Viisage, the members of each Individual Defendant's immediate families, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party; and (ii) those Persons who submit a valid and timely request for exclusion from the Class pursuant to the instructions set forth in this Notice.

damage, if any, allegedly caused by the alleged misrepresentations and omissions set forth in the claims that were not dismissed by the Court. If Lead Plaintiffs failed to establish any essential legal or factual element of their claims, neither they nor the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their asserted challenges to recoverable damages, Plaintiffs would likely recover substantially less than the Settlement Amount of $2,300,000, or recover nothing.

---

**WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?**

---

This securities class action was commenced on March 8, 2005, alleging violations of the federal securities laws on behalf of certain investors in Viisage. By Order dated January 19, 2006, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court appointed Turnberry Asset Management, Electronic Trading Group, LLC, Ronald Sauer, David Hancock, and Lance Hancock as Lead Plaintiffs and approved their selection of Klafter & Olsen LLP and Entwistle & Cappucci LLP as Lead Counsel in the Action ("Lead Counsel"). Lead Plaintiffs filed their Consolidated Amended Class Action Complaint on February 27, 2006 (the "Complaint"), which alleged, among other things, that Viisage issued press releases and filed documents with the Securities and Exchange Commission (the "SEC"), and that certain of the individual defendants made statements during conference calls with securities analysts, which contained materially false and misleading statements concerning: (1) litigation with which Viisage was involved in connection with a contract it had obtained with the Georgia Department of Motor Vehicle Safety ("DMVS") to provide secure drivers licenses for the State ("the Georgia DMVS Litigation"); and (2) Viisage's disclosure controls and internal financial controls. The Complaint further alleged that these materially false and misleading statements were made with knowledge of, or in reckless disregard of, the true facts. Lead Plaintiffs asserted in the Complaint that, in connection with this alleged wrongdoing, Defendants violated Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b) (and Rule 10b-5 promulgated thereunder) and 20(a) of the Securities Exchange Act of 1934, and caused damages to Lead Plaintiffs and the members of the Class. By their Complaint, Lead Plaintiffs sought money damages plus interest, costs and attorneys' fees from Defendants.

On April 3, 2006, Defendants filed their motion to dismiss the Complaint, which motion was opposed by Lead Plaintiffs. The Court held oral argument on Defendants' motion to dismiss on February 1, 2007, at which time, following extensive oral argument, the Court denied the motion to dismiss Lead Plaintiffs' claims concerning Viisage's disclosure controls and internal financial controls, but requested each of the parties to submit further briefing on Lead Plaintiffs' claims concerning the Georgia DMVS Litigation disclosures. These supplemental briefs were filed with the Court on February 14, 2007. The Court then held further argument concerning the Georgia DMVS Litigation disclosures on February 23, 2007, at which time the Court determined to allow Defendants' motion to dismiss those claims. On February 27, 2007, the Court entered an Order memorializing these rulings (the "February 27 Order"). Accordingly, the only claims allowed to proceed to discovery by the Court were Lead Plaintiffs' claims concerning statements made during the Class Period in certain of Viisage's filings with the Securities and Exchange Commission regarding the effectiveness of Viisage's disclosure controls and internal financial controls.

The February 27 Order further directed the parties to, by April 27, 2007: (1) meet to discuss a possible settlement of the Action; (2) exchange certain information to assist the Parties in discussing settlement; and (3) report to the Court on the status of those discussions and to present a proposed scheduling order to govern the case in the event a settlement was not achieved. In accordance with the February 27 Order, Defendants' counsel provided Lead Counsel with seven hundred and seventy pages of documents concerning Viisage's disclosure and internal financial controls during the Class Period and Lead Counsel provided Defendants' counsel with documents and information concerning trading in Viisage common stock by certain of the Lead Plaintiffs.

---

**WHAT LED UP TO THE PROPOSED SETTLEMENT?**

---

In accordance with the February 27 Order, counsel for the Parties engaged in settlement discussions but were unable to reach agreement by April 27, 2007 and therefore negotiated and submitted a Proposed Joint Pretrial Scheduling Order ("Proposed Order") for the Court's approval on that date. However, as the Parties were still engaged in settlement negotiations, the Proposed Order contained a three-week delay before the commencement of formal discovery in which to conduct further negotiations. Despite the efforts of counsel for the Parties, during this three-week period, no agreement was reached. Accordingly, Defendants answered the Complaint on May 14, 2007 and the Parties were prepared to commence discovery upon entry of the Proposed Joint Pretrial Scheduling Order.

Following the submission of the Proposed Order, however, the Parties made further efforts to reach a settlement and finally reached an agreement-in-principle to settle this Action for the Settlement Amount on June 13, 2007, subject to the negotiation of a definitive stipulation of settlement and releases in forms satisfactory to counsel for all Parties, and

approval of that stipulation of settlement by the Court.  The proposed Settlement described herein is the product of extensive arm's-length negotiations between Lead Counsel and Defendants' Counsel.

## WHAT ARE THE REASONS FOR THE SETTLEMENT?

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute this Action through trial and appeals and the uncertain outcome of such proceedings.  In particular, Lead Plaintiffs and Lead Counsel have considered the likelihood of proving liability and damages on the internal control claims which the Court allowed to proceed to discovery. Following extensive discovery, Defendants would have moved for summary judgment, which, if successful, would terminate the Action unless the grant of summary judgment could be reversed on appeal.  Lead Plaintiffs and Lead Counsel also took into account the issues which would have to be decided by a jury if summary judgment was denied, including whether any statement made by any of the Defendants was false, whether the Defendants acted with scienter (knowingly or recklessly), a predicate for liability on certain of Lead Plaintiffs' claims, whether each of the alleged misrepresentations and omissions were material, and the amount of any damages caused by the alleged misrepresentations and omissions.  Proof of damages caused by the alleged misrepresentations and omissions concerning Viisage's internal disclosure and financial controls would also be particularly problematic as Viisage made other disclosures in its announcement on March 2, 2005 in which Viisage first publicly disclosed material weaknesses in these controls.  Lead Plaintiffs and Lead Counsel have also taken into account the uncertain outcome and trial risk in complex actions such as this Action. Based upon consideration of these factors, which could have led to a smaller or no recovery at all after a trial and appeals, possibly years in the future, and balancing them against the certain and significant benefits that the Class will receive as a result of the proposed Settlement, Lead Plaintiffs and Lead Counsel determined that the proposed Settlement described herein is fair, reasonable and adequate and that it is in the best interests of the Class to settle the Action on the terms described herein.

Prior to agreeing to the proposed Settlement, Lead Counsel conducted an extensive investigation and discovery relating to the events and transactions underlying the claims. Lead Counsel also retained and had the benefit of experts in calculating damages in actions such as this.

## WHY HAVE THE DEFENDANTS AGREED TO THE PROPOSED SETTLEMENT?

Defendants have denied and expressly continue to deny any wrongdoing, fault, liability, violation of law or damage alleged in the Complaint and do not admit or concede any wrongdoing, fault, liability, violation of law or damage in connection with any facts or claims that have been or could have been alleged against them by the Lead Plaintiffs, but consider it desirable for the Action to be settled and dismissed because the proposed Settlement will (i) bring to an end the substantial expenses, burdens, risks and uncertainties associated with continued litigation of this Action; (ii) finally put to rest those claims and the underlying matters; and (iii) avoid further expense and disruption of the management and operation of Defendants' business due to the prosecution and defense of this Action.

## HOW MUCH WILL MY PAYMENT BE?

If the proposed Settlement is approved by the Court and you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of valid Proof of Claim Forms that Class Members submit, the number of shares of Viisage common stock you purchased, and when you purchased or sold those shares, as described in the Plan of Allocation that is included at the end of this Notice.

By following the Plan of Allocation at the end of this Notice, you can calculate your "Recognized Loss."  The Claims Administrator will distribute the Net Settlement Fund according to the Plan of Allocation after all Proof of Claim forms have been processed, the Settlement has been approved by the Court, and any appeals have been resolved in favor of approval of the Settlement or the time for any appeals has expired.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

To qualify for a payment out of the Net Settlement Fund, you must complete and sign the Proof of Claim form enclosed with this Notice and and mail it by First-Class mail to In re Viisage Technology, Inc. Securities Litigation, c/o A.B. Data, Ltd., Claims Administrator, P.O. Box 170500, Milwaukee, WI 53217, postmarked no later than December 21, 2007. If a Class Member chooses to return his, her, or its Proof of Claim form in a manner other than by First-Class mail, then it must be actually received at the address on the Proof of Claim form no later than December 21, 2007.

Review the Proof of Claim form and read the instructions carefully. The Proof of Claim form must be supported by such documents specified in the Proof of Claim form as are reasonably available to you. The Proof of Claim form includes the Releases set forth below. Any member of the Class who fails to submit a Proof of Claim form postmarked or received by December 21, 2007, and who does not exclude himself, herself or itself from the Class, shall be forever barred from receiving any payments pursuant to the proposed Settlement described herein, but in all other respects will be subject to and bound by the provisions of any judgment entered, including but not limited to the releases included therein. This means that if the proposed Settlement is approved by the Court, each Class Member will be deemed to have released the Released Claims against the Released Persons, as defined below, and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against the Released Persons regardless of whether or not you submit a Proof of Claim. If you have any questions, or need assistance, call the Claims Administrator at (866) 217-4245 toll-free or send an e-mail to info@abdatalawserve, and someone will assist you.

## WHEN WILL I RECEIVE MY PAYMENT?

The Court will hold a hearing on November 16, 2007 to consider whether to approve the proposed Settlement. The Net Settlement Fund cannot be distributed until after the Court has approved the proposed Settlement and any appeals have been resolved in favor of its approval, or after the expiration of the time to file an appeal. The resolution of any appeals could take more than a year. In addition, the review and processing of Proof of Claim forms must be completed by the Claims Administrator before Net Settlement Fund distributions can be made. Claims processing, by itself, is a complicated process and will take many months. Please be patient.

## WHAT RIGHTS AM I GIVING UP TO RECEIVE A PAYMENT?

If you are a Class Member and if the proposed Settlement is approved by the Court and that approval becomes final, you, on behalf of yourself, your heirs, executors, administrators, successors, assigns, and any persons you represent, will release all "Released Claims," including all "Unknown Claims," against all "Released Persons" as follows:

(a)    "Released Claims" shall collectively mean any and all claims (including Unknown Claims (as defined below), debts, demands, liabilities, rights and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, based upon or related to the purchase of Viisage publicly traded securities during the Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Action against any of the Released Persons, except claims to enforce the Settlement or any of its terms.

(b)    "Released Persons" means any and all of the Defendants, their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former employees, officers, and directors of each of them, the present and former trustees, attorneys, accountants, insurers, partners, principals, and agents of each of them, and the predecessors, heirs, executors, administrators, successors, and assigns of each of them, and any person or entity which is or was related to or affiliated with any Released Person or in which any Released Person has or had a controlling interest and the present and former employees, officers, directors, attorneys, accountants, insurers, partners, principals, and agents of each of them

(c)    "Unknown Claims" means any and all Released Claims that the Lead Plaintiffs or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Defendants and the Released Persons including, without limitation, claims that, if known by them, might have affected their decisions to settle with and release the Defendants and the Released Persons, or might have affected their decisions whether to object to this Settlement.

(d)    If you are a Class Member, all of the Court's proceedings, rulings, orders, and judgments will apply to you

and legally bind you.

---

CAN I EXCLUDE MYSELF FROM THE CLASS?

---

YOU WILL BE EXCLUDED FROM THE CLASS ONLY UPON SPECIFIC WRITTEN REQUEST AS DESCRIBED BELOW. If you request to be excluded, you will not be entitled to share in any recovery obtained by the Lead Plaintiffs by settlement or favorable judgment in the Action, including the Settlement with the Defendants described in this Notice. You also will not be bound by any judgment in favor of either the Lead Plaintiffs or Defendants.

You may request to be excluded from the Class by timely mailing a written Request for Exclusion, POSTMARKED ON OR BEFORE *OCTOBER 26, 2007*, to: In re Viisage Technology, Inc. Securities Litigation, c/o A.B. Data, Ltd., Claims Administrator, P.O. Box 170500, Milwaukee, WI 53217.

Your Request for Exclusion should include your name (and the name of any joint owner of Viisage common stock), your address, the number of shares of Viisage common stock purchased and sold by you during the Class Period, the date(s) of such purchase(s) and sale(s) and the price(s) paid and received, and should specifically state that you request to be excluded from the Class in the Action. Each individual requesting exclusion must personally sign a Request for Exclusion. In the case of a corporation or partnership requesting exclusion, an officer of the corporation or general partner must sign a Request for Exclusion.

---

DO I HAVE A LAWYER IN THIS CASE?

---

Yes.  The Court appointed Klafter & Olsen LLP and Entwistle & Cappucci LLP as Lead Counsel in the Action to represent all Class Members in this Action.  You will not be charged for these lawyers, although they will ask the Court to award them a portion of the Settlement Amount as a fee for the services of all Plaintiffs' Counsel to Lead Plaintiffs and the Class and to reimburse them for their expenses in prosecuting this Action.  If you want to be represented by your own lawyer, you may hire one at your own expense.

---

HOW WILL THE LAWYERS BE PAID?

---

Lead Counsel for the Lead Plaintiffs will apply, on behalf of all Plaintiffs' Counsel, in one or more applications, to the Court for an award of attorneys' fees from the Settlement Amount of twenty-five percent (25%) of the Settlement Amount, and reimbursement of expenses of no greater than $55,000.00 (The "Request for Attorneys' Fees and Expenses").  If this amount is awarded by the Court, the average estimated cost per 100 allegedly damaged shares is $1.70, for an average net recovery per 100 damaged shares of approximately $5.00..  Plaintiffs' Counsel have spent more than two years litigating this Action on an entirely contingent-fee basis, and have advanced all of the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive attorneys' fees and be reimbursed for their expenses from any funds recovered on behalf of the Class, as is customary in this type of litigation. Any amounts awarded by the Court will come out of the Settlement Amount.

---

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE PROPOSED SETTLEMENT, PLAN OF ALLOCATION AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES?

---

As noted above, the Fairness Hearing will be held on November 16, 2007 at 3:00 p.m. in Courtroom 10 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, at which the Court will consider, among other things, whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court; whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court; whether a Final Judgment substantially in the form of Exhibit B to the Settlement Agreement should be entered in this Action.  The Court expressly reserves the right to adjourn the Fairness Hearing from time to time without any further written notice to Class Members, other than notice posted at the Court on the date of the Fairness Hearing.  At or after the Fairness Hearing, the Court will also consider whether to

approve Lead Counsel's Request for Attorneys' Fees and Expenses and the Plan of Allocation described herein.

> **WHAT CAN I DO IF I DON'T LIKE THE PROPOSED SETTLEMENT, THE REQUEST FOR ATTORNEYS' FEES AND EXPENSES, AND/OR THE PLAN OF ALLOCATION?**

If you are a Class Member, you can object to the Settlement, the Request for Attorneys' Fees and Expenses and/or the Plan of Allocation if you do not like any part of it. If you object to the Settlement, the Request for Attorneys' Fees and Expenses and/or the Plan of Allocation, you can present reasons why you think the Court should not approve any of them. To object, you must send a letter saying what you object to and the reasons for your objection. Be sure to include the case name and number: "*In re Viisage Technology, Inc. Securities Litigation*, Civil Action No. 05-cv-10438-MLW (D. Mass.)," your name, current address, telephone number, and signature, information concerning your purchase(s) and sale of Viisage common stock during the Class Period and through June 1, 2005, including the number of such shares purchased and sold, the dates of purchase and sale, the reason(s) you object to the proposed Settlement, the Request for Attorneys' Fees and Expenses and/or the Plan of Allocation, and all legal support you wish to bring to the Court's attention or evidence you have to support your objection. You must mail or deliver copies of your objection and of any papers you would like to present to the Court to all of the people identified below such that they are *received* no later than **October 26, 2007:**

*The Court:*

Clerk of the Court
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

*Lead Counsel for Plaintiffs:*

Jeffrey A. Klafter, Esq.
KLAFTER & OLSEN LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, New York 10605

Robert N. Cappucci, Esq.
ENTWISTLE & CAPPUCCI LLP
280 Park Avenue
26th Floor West
New York, New York 10017

*Counsel for Defendants*:

Mitchell H. Kaplan, Esq.
CHOATE HALL & STEWART LLP
Two International Place
Boston, MA 02110

Any objection may be filed and served on your own or through an attorney hired at your own expense. If you file and serve an objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through an attorney hired at your own expense. If you hire an attorney to represent you at the Fairness Hearing, the attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of that notice to Lead Counsel and Defendants' Counsel, at the addresses set forth above, so that they are *received* no later than **October 26, 2007**.

ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION, AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT, THE FEE AND EXPENSE APPLICATION, AND/OR THE PROPOSED PLAN OF ALLOCATION, UNLESS THE COURT ORDERS OTHERWISE.

Class Members who do not object to the Settlement, Fee and Expense Application and Plan of Allocation need not appear at the Fairness Hearing.

WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND REQUESTING EXCLUSION?

Objecting is telling the Court that you do not like something about the Settlement, Plan of Allocation or Request for Attorneys' Fees and Expenses. You can object only if you are a Class Member. If you submit a Request for Exclusion, that tells the Court that you don't want to be a Class Member, and therefore you cannot object because the Action no longer affects you.

WHAT WILL HAPPEN IF I DO NOTHING AT ALL?

If you fail to submit a timely Proof of Claim form in response to this Notice, you will not get any money from this Settlement. Whether or not you submit a timely Proof of Claim form, if you are a Class Member, you will not ever be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any Defendant or other Released Person asserting any of the Released Claims, as described above.

WHAT IS THE PLAN OF ALLOCATION?

The Plan of Allocation is the method by which the Net Settlement Fund will be allocated among Class Members who submit timely, valid and signed Proof of Claim forms ("Authorized Claimants"). It is the product of Lead Counsel's investigation and discovery, and consultation with their damage expert. In formulating this Plan of Allocation, Lead Counsel considered the applicable law governing the ability to recover damages for the alleged internal control claims – the only claims allowed to proceed by the Court.

Shortly following the commencement of this Action, the United States Supreme Court issued a decision concerning the ability of purchasers of securities to recover losses in a securities fraud action such as this. The Supreme Court held that to recover damages, a plaintiff must show a connection between the alleged misrepresentations and the loss. Since this decision, appellate courts have interpreted it to bar a recovery of losses absent a showing that any losses were caused by a public disclosure concerning the alleged fraud. Here, the first disclosure of material weaknesses in Viisage's internal controls occurred after the close of the market on March 2, 2005.

Specifically, on March 2, 2005, after the close of the market, Viisage issued a press release reporting its fourth quarter financial results, which largely conformed to the preliminary results announced by Viisage on February 7, 2005. Viisage also disclosed in its March 2, 2005 press release that "the Company determined that it had an internal control deficiency that constitutes a 'material weakness'. . ." Further, Viisage held a conference call with securities analysts at 8:00 am on March 3, 2005, during which it amplified on its internal control deficiencies and also indicated that Viisage expected fiscal year 2005 revenues to be "between $73 million and $80 million" as compared to security analyst then consensus revenue estimates of approximately $83 million. Further, contrary to its prior practice of providing guidance for Earnings Before Income Tax, Depreciation and Amortization ("EBITDA"), Viisage stated that "we have decided to not give specific guidance on that number. . . ." Following these disclosures, the price of Viisage common stock declined by $0.97 per share (or 17.7%) on March 3, 2005 (not taking into account the 2-for-5 reverse stock split in December 2005). Also, following Viisage's March 2 and 3, 2005 revelations, security analysts generally reduced their estimates and ratings on Viisage common stock due to Viisage's lowered revenue estimates and its internal control deficiencies. Parsing out the portion of the decline in Viisage's stock price on March 3, 2005 that plaintiffs contend was due to the internal control disclosures was the subject of an extensive disagreement among the parties and would have been hotly debated by expert witnesses retained by Lead Plaintiffs and Defendants. For purposes of this Plan of Allocation, given that security analysts focused on both Viisage's lowered revenue guidance and the internal control issues in their reports, it is assumed that 50% of the $0.97 decline per share of Viisage common stock on March 3, 2005 (or $0.485) was caused by the revelations concerning the alleged internal control misrepresentations and omissions.

Based on these factors, each Authorized Claimant's "Recognized Loss" will be calculated for purposes of the proposed Settlement as follows:

(a)    For shares of Viisage common stock <u>that were purchased during the period May 12, 2004 and March 2, 2005, inclusive, and still held as of the close of the market on March 2, 2005</u> (the end of the Class Period), the Recognized Loss per share shall be <u>the lesser of</u>: (1) $0.485; <u>and</u> (2) if sold prior to June 1, 2005 [the 90-day period after March 2, 2005], the difference between (x) the purchase price paid and (y) the sales price.  If you did not incur a loss based upon shares of common stock purchased during the Class Period and sold during the period March 3, 2005 through and including June 1, 2005, then the Recognized Loss per share shall be $0.00.

(b)   For shares of Viisage common stock <u>that were purchased during the period May 12, 2004 and March 2, 2005, inclusive, and sold during the same period</u>, the Recognized Loss per share shall be $0.00 because both the purchase and sale occurred during a period when there was no public disclosure of a material weakness in Viisage's internal controls prior to the close of the market on March 2, 2005.  As a result, any losses on such transactions are not compensable pursuant to the federal security law claims asserted in this Action.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the price received per share and the price paid per share shall be exclusive of commissions, taxes, fees and charges.

For purposed of calculating the Recognized Loss of an Authorized Claimant, the first in, first out ("FIFO") method will be used.  This means that sales of Viisage common stock will be first matched with any pre-Class Period holdings and then with purchases during the Class Period in chronological order. All profits determined on a FIFO basis shall be subtracted from the total of all losses determined on a FIFO basis from all transactions in Visage common  stock during the Class Period to determine if an Authorized Claimant has a Recognized Loss. If at any time more shares of Viisage common stock are sold than have been purchased during the Class Period, an initial balance of a corresponding number of shares will be imputed unless it is indicated on the Proof of Claim form.  <u>Only if an Authorized Claimant had a net loss, after the total of such profits is subtracted from the total of such losses, will such Authorized Claimant be eligible to receive a distribution from the Net Settlement Fund.</u>

Any person or entity who sold Viisage common stock "short" shall have no Recognized Loss with respect to any purchase during the Class Period to cover such short sale.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.  As such, each Authorized Claimant will receive a *pro rata* share of the Net Settlement Fund.  The Court has reserved jurisdiction to allow, disallow, or adjust the Recognized Loss of any Class Member on equitable grounds.

***Please note that the term "Recognized Loss" is used solely for calculating the amount of participation by Authorized Claimants in the Net Settlement Fund, and does not reflect the actual amount an Authorized Claimant can expect to recover.***

No Authorized Claimant will have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other person designated by Lead Counsel, based on distributions made substantially in accordance with this Plan of Allocation, or further orders of the Court.  No Authorized Claimant or any other Person shall have any claim against Defendants or Defendants' Counsel based on the amounts of any distributions from the Net Settlement Fund, any determinations regarding that Person's eligibility to receive a distribution from the Net Settlement Fund, or any rejection of that Person's claim to receive a distribution from the Net Settlement Fund.

| SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES |
| --- |

If you hold Viisage common stock that was purchased during the Class Period as nominee for a beneficial owner, then within ten (10) days after you receive this Notice, you must either:   (a) mail copies of this Notice and the accompanying Proof of Claim Form by first-class mail to each such beneficial owner; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator at the following address:

*In re Viisage Technology, Inc. Securities Litigation*
c/o A.B. Data, Ltd., Claims Administrator
Attention: Fulfillment Department
P.O. Box 170500
4057 North Wilson Drive
Milwaukee, Wisconsin 53217

(800) 949-0192
Fax (414) 963-7950
fulfillment@abdatalawserve.com

---

**ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? WHO SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

This Notice summarizes the proposed Settlement.  More details are contained in the formal Settlement Agreement which has been filed with the Court.  In addition, Lead Plaintiffs' submissions in support of the proposed Settlement, the Plan of Allocation and Lead Counsel's Fee and Expense Application will be on file with the Court on November 2, 2007.  If you want a copy of the Settlement Agreement, Lead Plaintiffs' submissions in support of the proposed Settlement, the Plan of Allocation or Lead Counsel's Fee and Expense Application, or if you have any questions about these matters, you may: write to Lead Counsel at one of the addresses set forth above; write to the Claims Administrator at In re Viisage Technology, Inc. Securities Litigation, c/o A.B. Data, Ltd., Claims Administrator, P.O. Box 170500, Milwaukee, WI 53217 or call (866) 217-4245 toll-free.

***PLEASE DIRECT YOUR QUESTIONS TO THE CLAIMS
ADMINISTRATOR OR TO LEAD COUNSEL.  DO NOT
CONTACT THE COURT OR DEFENDANTS' COUNSEL WITH QUESTIONS.***

DATED: _____, 2007          BY ORDER OF THE UNITED STATES
                                           DISTRICT COURT FOR THE
                                           DISTRICT OF MASSACHUSETTS

## IN RE VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION

## PROOF OF CLAIM

IF YOU PURCHASED THE COMMON STOCK OF VIISAGE TECHNOLOGY, INC. ("VIISAGE") DURING THE PERIOD FROM MAY 12, 2004 THROUGH MARCH 2, 2005, INCLUSIVE, ("CLASS PERIOD"), AND WERE ALLEGEDLY DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED SETTLEMENT DESCRIBED IN THE ACCOMPANYING NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING ("NOTICE").[1]

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE, SIGN AND SUBMIT THIS PROOF OF CLAIM FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS AND MAIL IT BY FIRST-CLASS MAIL, POSTMARKED **NO LATER THAN DECEMBER 21, 2007** TO THE CLAIMS ADMINISTRATOR AT THE FOLLOWING ADDRESS:

In re Viisage Technology, Inc., Securities Litigation
c/o A.B. Data, Ltd.
Claims Administrator
Post Office Box 170500
Milwaukee, WI 53217

IF YOU CHOOSE TO RETURN THIS PROOF OF CLAIM FORM IN A MANNER OTHER THAN BY FIRST-CLASS MAIL, THEN IT MUST BE ACTUALLY RECEIVED

---

[1] If you do not have the Notice, you may download it from www.abdatalawserve.com, www.klafterolsen.com, www.entwistle-law.com or request it mailed to you by calling toll-free (866) 217-4245 or writing to the Claims Administrator.

BY THE CLAIMS ADMINISTRATOR AT THIS ADDRESS **NO LATER THAN DECEMBER 21, 2007.**

### REQUIREMENTS FOR FILING A PROOF OF CLAIM

Your claim will be considered only upon compliance with all of the following conditions:

1.  You must accurately complete all portions of the attached Proof of Claim form.

    The Proof of Claim form contains purchase and sale schedules. You must carefully complete each applicable section of the schedules. List each transaction during the period from May 12, 2004 through June 1, 2005, inclusive, separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list. Do not omit to state any requested information regarding your holdings, purchases or sales (including any free receipts and/or free deliveries). This information is necessary to determine your share of any distribution. If you cannot list all transactions in the spaces provided in the Proof of Claim form, or if you believe that you must or should supply additional information with respect to any transaction, attach additional sheets to the Proof of Claim form supplying the required information. Your full name must be properly identified on each additional sheet of paper.

2.  You must sign the Proof of Claim form.

    If the shares of Viisage common stock were or are owned jointly, all joint owners must sign the Proof of Claim form. Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim form on behalf of persons or entities represented by them, but they must identify such persons or

entities and provide proof of their authority (for example, currently effective letters testamentary or letters of administration) to complete and execute the Proof of Claim form on their behalf and to bind them in accordance with the terms thereof.  A Proof of Claim form submitted by legal representatives of a claimant must be executed by all such representatives.

3.  You must attach to the Proof of Claim form legible copies of broker confirmation slips, monthly brokerage statements, or other proof satisfactory to A.B. Data confirming the particulars of each purchase and sale you have made during the period from May 12, 2004, through June 1, 2005, inclusive.  Please make sure that all supporting documentation states your account name.  If you are filing on behalf of a deceased claimant, please provide a copy of the death certificate and a will or probate documents.

4.  If you acquired Viisage common stock by means of a gift, inheritance or operation of law during the Class Period, such acquisitions do not qualify as part of the Settlement.

5.  Any person or entity who sold Viisage common stock "short" shall have no Recognized Loss with respect to any purchase during the Class Period to cover such short sale.

6.  **You must also provide supporting documentation showing your holdings as of the close of trading on May 11, 2004, and June 1, 2005, if any.**

7.  Your failure to complete and mail the Proof of Claim form postmarked, or submit it so that it is received, by **December 21, 2007**, may preclude you from receiving any share of the available proceeds of the Settlement.  So that you will have a record of the date of your mailing and its receipt by A.B. Data, you are advised to use certified mail, return receipt requested.

ANY PERSON WHO KNOWINGLY SUBMITS A FALSE PROOF OF CLAIM FORM IS SUBJECT TO PENALTIES FOR PERJURY AND OTHER VIOLATIONS OF FEDERAL LAW.

Submission of a Proof of Claim form, however, does not assure that you will share in the distribution of the Net Settlement Fund.

If the proposed Settlement is approved by the Court, and if you have a Recognized Loss entitling you to a *pro rata* payment from the Net Settlement Fund as calculated in accordance with the Plan of Allocation described in the accompanying Notice, a check will be sent to you, or too your financial institution by direct deposit if you elect, representing such *pro rata* share at an appropriate time after all Proof of Claim forms from all Class Members have been processed.  Processing all of the Proof of Claim forms will likely take a significant amount of time.  Please be patient, and please advise the Claims Administrator of any changes in your name and/or address.

**If you are a Class Member and you do not complete, sign and return the Proof of Claim form postmarked or received by the deadline, you will not receive any money from the Net Settlement Fund but you will still be bound by all orders of the Court in this action, including the Release reprinted in the Notice.**

### ***STATEMENT OF CLAIM***

Please print or type

I, _____, and _____ state as follows:

(if applicable)


LAST NAME (Claimant)          FIRST NAME (Claimant)

Last Name (Beneficial Owner if different from Claimant)          First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)          First Name (Co-Beneficial Owner)

Company/Other Entity (If Claimant is Not an Individual)

Trustee/Nominee/Other

Account Number (If Claimant is Not an Individual)          Trust/Other Date (If Applicable)

Address

Address

City          State          Zip Code          -

Foreign Province          Foreign Zip Code          Foreign Country

Telephone Number (Day)    Telephone Number (Night)

(          )          -          (          )          -

Beneficial Owner's Employer Identification Number    or    Social Security Number

          -                    -          -

E-mail Address

IDENTITY OF CLAIMANT
○ Individual  ○ Joint Owners  ○ Estate  ○ Corporation  ○ Trust  ○ Partnership  ○ Other (specify, describe on separate sheet)  ○ IRA, Keogh or other type of Individual Retirement Plan (indicate type of plan, mailing address, and name of current custodian)  ○ Legal Representative

**Legal Representative of claimants must attach power of attorney or other instrument**

**showing authority to act as Legal Representative.**

Defendants include:  VIISAGE TECHNOLOGY, INC. (NOW KNOWN AS L-1 IDENTITY SOLUTIONS, INC.), BERNARD C. BAILEY, WILLIAM K. AULET, DENIS K. BERUBE, MARCEL YON, BUDDY G. BECK, CHARLES A. LEVINE, THOMAS J. REILLY, HARRIET MOUCHLY-WEISS, PAUL T. PRINCIPATO AND PETER NESSEN (COLLECTIVELY, "DEFENDANTS").

☐  Check here if the claimant or beneficial owner is excluded from the Class.

☐  Check here if the claimant or beneficial owner was an officer, director or partner, of Viisage Technology, Inc. (now known as L-1 Identity Solutions, Inc.) at any time between May 12, 2004, through and including March 2, 2005.  If so, please state position(s) held and dates of employment.

☐  Check here if the claimant or beneficial owner acquired Viisage common stock through the Viisage employee benefit plan.

---

DIRECT DEPOSIT – If you prefer your settlement check to be directly deposited into your bank account, check here ○

You MUST provide the following information:

BANK NAME

ROUTING NUMBER

ACCOUNT NUMBER

○ CHECKING ACCOUNT     ○ SAVINGS ACCOUNT

CLAIMANT'S ACCOUNT NAME MATCHES SUBMITTED DOCUMENTATION (MUST MATCH)     ○ Y ○ N

---

**SCHEDULE OF PURCHASES AND SALES OF VIISAGE COMMON STOCK**

Separately list each of your purchases and sales of Viisage Common Stock.  Attach a separate schedule if more space is needed.  Be sure to include your full name on any separate sheets.

For purposes of this schedule, you should list all transactions (including any free receipts and/or free deliveries) from May 12, 2004, through June 1, 2005, inclusive.

The date of purchase and sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.  The purchase price is the price paid without regard to commissions or other expenses.   The sale price is the price received without regard to commissions or other expenses.

**BEGINNING HOLDINGS OF VIISAGE COMMON STOCK:**

Please state the number of shares of Viisage common stock that you owned as of the close of business on May 11, 2004.

Proof enclosed?

○ Y  ○ N

If none, check here ☐

**PURCHASES:**

List all purchases of Viisage common stock between May 12, 2004, and June 1, 2005, inclusive:

If none, check here. ○

| Date(s) of purchase List chronologically | | | Number of shares purchased | Purchase price per share (excluding taxes, commissions, etc.) | Proof of purchase enclosed |
|---|---|---|---|---|---|
| MM | DD | YYYY | | | |
| / | / | | | $ . | ○ Y |
| | | | | | ○ N |
| / | / | | | $ . | ○ Y |
| | | | | | ○ N |
| / | / | | | $ . | ○ Y |
| | | | | | ○ N |
| / | / | | | $ . | ○ Y |
| | | | | | ○ N |
| / | / | | | $ . | ○ Y |
| | | | | | ○ N |
| / | / | | | $ . | ○ Y |
| | | | | | ○ N |

IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT

AS ABOVE.  PRINT YOUR FULL NAME ON EACH ADDITIONAL PAGE.

**SALES:**

List all sales you made of Viisage common stock between May 12, 2004, and June 1, 2005, inclusive:

If none, check here. ○

| Date(s) of sales<br>List chronologically<br>MM    DD    YYYY | Number of shares sold | Sale price<br>per share<br>(excluding taxes, commissions, etc.) | Proof of sale enclosed |
|---|---|---|---|
| ___ / ___ / _____ | _____ | $ _____ . ___ | ○ Y<br>○ N |
| ___ / ___ / _____ | _____ | $ _____ . ___ | ○ Y<br>○ N |
| ___ / ___ / _____ | _____ | $ _____ . ___ | ○ Y<br>○ N |
| ___ / ___ / _____ | _____ | $ _____ . ___ | ○ Y<br>○ N |
| ___ / ___ / _____ | _____ | $ _____ . ___ | ○ Y<br>○ N |
| ___ / ___ / _____ | _____ | $ _____ . ___ | ○ Y<br>○ N |

IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT

AS ABOVE.  PRINT YOUR FULL NAME ON EACH ADDITIONAL PAGE.

**UNSOLD HOLDINGS:**

Proof enclosed?

Please state the number of shares of Viisage common stock that you held as of the close of trading on June 1, 2005.

[_____]    ○ Y ○ N

If you did not own any shares of Viisage common stock as of the close of trading on June 1, 2005, please check here. ○

### *YOU MUST PROVIDE SUPPORTING DOCUMENTATION OF ALL HOLDINGS AND TRANSACTIONS IN VIISAGE SECURITIES INDICATED ABOVE.*

### *CERTIFICATION*

1.      I (We) purchased publicly common stock of Viisage during the period from May 12, 2004, through March 2, 2005, inclusive. (Do not submit this Proof of Claim if you did not purchase Viisage common stock during this period).

2.      By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Class Member(s) as defined above and in the Notice, or am (are) legally authorized to act for such person; that I am (we are) not a Defendant(s) in the Litigation or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not submitted a Request for Exclusion.  (If you are acting in a representative capacity on behalf of a Class Member (e.g. as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.      I (We) have set forth where requested above all relevant information with respect to my ownership of Viisage common stock at the commencement of the Class Period and all purchases and sales of  Viisage common stock during the Class Period and during the ninety day period after the Class Period.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

4.      I (We) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns or other documents

evidencing each purchase, sale or retention of Viisage common stock listed above in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

5.      I (We) understand that the information contained in this Proof of Claim form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification.

6.      Upon the occurrence of the Effective Date (the date on which the proposed Settlement is approved by the Court and that approval becomes final), my (our) signature(s) hereto will constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, executors, administrators, successors and assigns (or, if I am (we are) submitting this Proof of Claim form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, successors, and assigns) of all "Released Claims," including "Unknown Claims" against each and all of the "Released Persons," as each term is defined in the Notice.

7.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may make a request to the Claims Administrator to accept, or may be requested by the Claims Administrator to submit, information regarding their transactions in Viisage common stock in electronic files. All claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your Proof of Claim

electronically, you must contact the Claims Administrator at 1(800) 949-0194 or visit their website at www.abdatalawserve.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

8.      Substitute Form W-9 - Request for Taxpayer Identification Number ("TIN"):

Enter Taxpayer Identification Number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number ("SSN"). The Internal Revenue Service ("IRS") requires such Taxpayer Identification Number. If you fail to provide this information, your claim may be rejected.

_____
Social Security Number
(for individuals)


_____
Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the IRS that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the IRS that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____ (Signature)

_____ (Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date:_____

## REMINDER CHECKLIST

1.    ↑      Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

2.    ↑      Do NOT use highlighter on the Proof of Claim form or any supporting documents.

3.    ↑      If you move or change your name after submitting this Proof of Claim form, please notify the Claims Administrator of the change in your name and/or address.

4.    ↑      Keep a copy of your Claim Form and all documentation submitted for your records.

13

5.    ↑    You will **<u>not</u>** receive confirmation that your Proof of Claim form has been received **<u>unless</u>** you send it via Certified Mail, Return Receipt Requested or by some other means that provides you with proof of receipt.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

**In re VIISAGE TECHNOLOGY, INC.
SECURITIES LITIGATION**

---

**This Pleading Applies to: All Actions**

**Civil Action No. 05-cv-10438-MLW**

---

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
### OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND
### FAIRNESS HEARING

**TO:    ALL PERSONS WHO PURCHASED VIISAGE TECHNOLOGY, INC.
("VIISAGE") COMMON STOCK DURING THE PERIOD FROM MAY 12,
2004 THROUGH MARCH 2, 2005, INCLUSIVE**.

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE
AFFECTED BY A SETTLEMENT IN THIS CLASS ACTION LAWSUIT.

This Summary Notice of Pendency and Proposed Settlement of Class Action and Fairness Hearing is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts.  The purpose of this notice is to inform you: (1) that the Court has, for settlement purposes only, certified this action as a class action, on behalf of a class consisting of all persons who purchased Viisage's publicly traded securities during the period from May 12, 2004 through March 2, 2005, inclusive, with certain exclusions (the "Class"); and (2) of the proposed settlement that has been reached in this class action between Lead Plaintiffs Turnberry Asset Management, Electronic Trading Group, LLC, Ronald Sauer, David Hancock and Lance Hancock ("Lead Plaintiffs"), on behalf of themselves and the certified class, and Defendants Viisage  (now known as L-1 Identity Solutions, Inc.), Bernard C. Bailey, William K. Aulet, Denis K. Berube, Marcel Yon, Buddy G. Beck, Charles A. Levine, Thomas J. Reilly, Harriet Mouchly-Weiss, Paul T. Principato and Peter Nessen (collectively, "Defendants").   The only securities issued by Viisage that were publicly traded during the Class Period were its common stock.

The proposed Settlement provides for the creation of a two million three hundred thousand dollar ($2,300,000.00) Settlement Fund for the benefit of the Class.  A Fairness Hearing will be held before the Honorable Mark L. Wolf, United States District Judge, on November 16, 2007 at 3:00 p.m. in Courtroom 10 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine, among other things, (i) whether the proposed Settlement is fair, reasonable, and adequate and should be approved, and therefore, whether the action should be dismissed with prejudice; (ii)

whether a proposed Plan of Allocation for the distribution of the Net Settlement Fund to Authorized Claimants should be approved; and (iii) whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of expenses incurred by Plaintiffs' Counsel in prosecuting the Action should be approved.  The Court has expressly reserved the right to adjourn the Fairness Hearing from time to time without any further written notice to members of the Class ("Class Members").

You are a Class Member if you purchased Viisage's publicly traded securities during the period from May 12, 2004 through March 2, 2005, inclusive, unless you request exclusion from the Class in accordance with the instructions contained in the Notice described below.  If you are a Class Member, your rights against the Defendants and certain affiliated persons and entities will be affected if the proposed Settlement is approved by the Court.

If you are a Class Member and wish to share in the settlement proceeds, you must submit a signed Proof of Claim form, no later than December 21, 2007, establishing that you are entitled to a recovery.  IF YOU DO NOT TIMELY SUBMIT A SIGNED PROOF OF CLAIM FORM, YOU WILL NOT SHARE IN THE SETTLEMENT PROCEEDS, BUT YOU WILL STILL BE BOUND BY THE FINAL JUDGMENT OF THE COURT.

This notice provides only a summary of matters concerning the Action and the proposed Settlement and incorporates by reference certain defined terms, the meanings of which are set forth in a detailed Notice of Pendency and Proposed Settlement of Class Action, Application For Attorneys' Fees and Expenses and Fairness Hearing (the "Notice") and Proof of Claim form that have been mailed to Class Members.  The Notice and Proof of Claim form contain additional important information regarding the proposed Settlement and related matters affecting Class Members' rights.  If you have not received a copy of the Notice or the Proof of Claim form, you may obtain them free of charge by contacting:  *In re Viisage Technology, Inc. Securities Litigation Claims Administrator*, c/o A.B. Data, Ltd., P.O. Box 170200, Milwaukee, Wisconsin 53217, toll-free telephone (866) 217-4245, or by downloading them from www.klafterolsen.com, www.entwistle-law.com, or the Claims Administrator's website:  www.abdatalawserve.com.

You may also contact Lead Counsel for the Lead Plaintiffs directly:  Jeffrey A. Klafter, Klafter & Olsen LLP, 1311 Mamaroneck Avenue, Suite 220, White Plains, NY 10605, and Robert N. Cappucci, Entwistle & Cappucci LLP, 280 Park Avenue, 26th Floor West, New York, NY 10017.

**EMPLOYEES OF THE COURT CANNOT ANSWER QUESTIONS ABOUT THIS CASE.  PLEASE DIRECT ALL QUESTIONS TO THE CLAIMS ADMINISTRATOR OR LEAD COUNSEL.**

Dated:  <u>August 17</u>, 2007

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS