UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION<br><br>This Pleading Applies to:  All Actions | Civil Action No. 05-cv-10438-MLW |

**LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF
<u>ALLOCATION OF THE NET SETTLEMENT FUND</u>**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiffs Turnberry Asset Management, Electronic Trading Group L.L.C., Ronald Sauer and David and Lance Hancock (collectively "Lead Plaintiffs"), on behalf of the certified Class, respectfully and hereby move for final approval of the proposed Settlement of this class action (the "Action") and the Plan of Allocation of the Net Settlement Fund.

In support of Lead Plaintiffs' motion, Lead Plaintiffs rely on their Memorandum of Law in Support of Motion for Final Approval of Proposed Class Action Settlement and Plan of Allocation of the Net Settlement Fund, the Affidavit of Jeffrey A. Klafter in Support of Lead Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement and Plan of Allocation, and Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, and the Compendium of Affidavits and Declarations, each of which are filed herewith, and all prior proceedings in this Action.

Pursuant to the Court's Order, filed August 17, 2007, this motion is set to be heard by the Court during the Fairness Hearing scheduled for November 16, 2007 at 3:00 p.m.

A proposed Final Judgment and Order of Dismissal with Prejudice, and proposed Order Approving Plan of Allocation, are submitted herewith for the Court's consideration.

Dated: November 2, 2007

Respectfully submitted,

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

By:  /s/ Patrick T. Egan
Jeffrey C. Block (BBO# 600747)
Leslie R. Stern  (BBO# 631201)
Patrick T. Egan (BBO# 637477)
One Liberty Square, 8th Floor
Boston, MA 02109
(617) 542-8300

**Plaintiffs Liaison Counsel**


Jeffrey A. Klafter, Esq. (*pro hac vice*)
**KLAFTER & OLSEN LLP**
1311 Mamaroneck Ave., Suite 220
White Plains, NY 10605
(914) 997-5656

Kurt B. Olsen, Esq.
**KLAFTER & OLSEN LLP**
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C.  20036
(202) 261-3553


Vincent R. Cappucci. Esq.
Stephen D Oestreich, Esq.
Robert N. Cappucci, Esq. (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue
26th Floor West
New York, NY 10017
(212) 894-7200

**Co-Lead Counsel for
Lead Plaintiffs and the Class**

<u>Certificate of Compliance with Local Rule 7.1(a)(2)</u>

I hereby certify that on October 30, 2007, I conferred with Mitchell H. Kaplan, Esq., counsel for Defendants, concerning the issues presented and relief sought by this motion.

I am authorized to state that the Defendants agree that the Court should give final approval to the Settlement set forth in the Stipulation of Settlement Lead Plaintiffs filed with the Court on July 23, 2007, and that the Court should enter a Final Judgment and Order of Dismissal with Prejudice that is substantially similar, in all material respects, to the form attached as Exhibit B to that Stipulation of Settlement.

I am further authorized to state that the Defendants take no position with respect to the request for approval of the Plan of Allocation of the Net Settlement Fund.

/s/     Jeffrey A. Klafter
Jeffrey A. Klafter

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION<br><br>This Pleading Applies to: All Actions | Civil Action No. 05-cv-10438-MLW |

**[PROPOSED] FINAL JUDGMENT AND
<u>ORDER OF DISMISSAL WITH PREJUDICE</u>**

WHEREAS:

A. Lead Plaintiffs Turnberry Asset Management, Electronic Trading Group, LLC, Ronald Sauer, David Hancock and Lance Hancock ("Lead Plaintiffs"), on behalf of themselves and the Class certified herein, and Defendants Viisage Technology, Inc. (now known as L-1 Identity Solutions, Inc.), Bernard C. Bailey, William K. Aulet, Denis K. Berube, Marcel Yon, Buddy G. Beck, Charles A. Levine, Thomas J. Reilly, Harriet Mouchly-Weiss, Paul T. Principato and Peter Nessen (collectively, "Defendants") have entered into a Settlement of the claims asserted in the Action, the terms of which are set forth in a Stipulation of Settlement dated July 19, 2007 (the "Settlement Agreement");

B. This Court entered an Order certifying the Class, for settlement purposes only, preliminarily approving the Settlement and providing for Notice to potential Class Members, scheduling a hearing for November 16, 2007 (the "Fairness Hearing"), and providing Class Members with an opportunity to object to the proposed Settlement and to be heard at the Fairness Hearing, on August 17, 2007 (the "Preliminary Approval Order");

- 2 -

    C.    Notice has been provided to the members of the Class in accordance with the Preliminary Approval Order, as evidenced by the Affidavit of Anya Verkhovskaya of A.B.Data, Ltd., the Court approved Claims Administrator;

    D.    The Court held the Fairness Hearing on November 16, 2007 to determine whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court, and whether a Final Judgment as provided for in the Settlement Agreement should be entered herein; and

WHEREAS, the Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the Parties to the Settlement and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Class Members against the Released Persons.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.    The Court finds that the distribution of the Notice, the publication of the Summary Notice, and the method or providing notice, all implemented in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order:

    (a)    constituted the best practicable notice to Class Members under the circumstances of this Action;

    (b)    were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this class action, (ii) their right to request exclusion from the Class; (iii) their right to object to any aspect of the proposed Settlement, (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, if they are

not excluded from the Class, and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Class;

(c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rule 23(c)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of the Court, and any other applicable law.

3. This Court finds that it has jurisdiction over the subject matter of the Action, including the terms and conditions of the Settlement Agreement and all exhibits thereto, and over all Parties to the Action and all Class Members.

4. The Court finds that the terms and provisions of the Settlement Agreement were negotiated by the Parties at arms-length, entered into by the Parties in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law. The Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

5. The Court finds that Lead Plaintiffs and all other members of the Class, as well as their heirs, executors, administrators, successors, and assigns, are bound by the Settlement Agreement and by this Final Judgment and Order of Dismissal with Prejudice. The Class, as certified by the Court for settlement purposes only, means all Persons who purchased Viisage's

publicly traded securities during the period from May 12, 2004 through March 2, 2005, inclusive. Excluded from the Class are: (i) the Defendants herein, the directors, officers and employees of Viisage, the members of each Individual Defendants' immediate families, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party; and (ii) those Persons who submitted valid and timely requests for exclusion from the Class in accordance with the procedures set forth in the Preliminary Approval Order and also set forth in the Notice, as identified on Exhibit 1 hereto.

6. The Action is hereby dismissed on the merits and with prejudice. The Parties and all persons and entities are to bear their own costs, except as otherwise provided in the Stipulation or this Final Judgment.

7. Upon the Effective Date, each and every Lead Plaintiff and Class member, and any of their heirs, executors, administrators, successors or assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against each and all of the Released Persons, whether or not such Class Member submit a timely and valid Proof of Claim form.

8. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Class Members, Lead Plaintiffs, and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

9. The Court finds that Lead Counsel and Lead Plaintiffs adequately represented the Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purposes of negotiating, entering into and implementing the Settlement.

10. Upon the Effective Date, Lead Counsel, without further approval of Defendants or the Court, may cause to be paid out of the Escrow Account any Notice and Administration Expenses.

11. Neither this Final Judgment, the Settlement Agreement (whether or not it is consummated and whether or not it is terminated), nor any of their provisions, nor any negotiations, proceedings or agreements relating to the Settlement Agreement and the Settlement, nor any matter arising in connection with such negotiations, proceedings or agreements, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement: (i) is or may in any event be deemed or construed to be or may be offered or received in evidence or used as or deemed to be an admission or evidence of a presumption, concession or admission by any Defendant of the truth of any fact alleged in the Complaint or the validity of any Released Claim or of any wrongdoing, liability, negligence or fault by any Defendant, or a presumption, concession or admission by any Lead Plaintiff or member of the Class as to the infirmity of any fact alleged in the Complaint, viability of any Released Claim, or lack of wrongdoing, liability, negligence or fault by any Defendant; (ii) is or may be deemed to be or may be referred to or used as an admission or evidence of a presumption, concession or admission with respect to any fault or omission, or lack thereof, of the Defendants, or for any other reason, in any civil, criminal, arbitration or administrative action or proceeding in any court, arbitration, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate, effectuate or enforce any of the provisions of the Settlement Agreement, the Settlement or the Final Judgment; (iii) is or may be used as an admission or evidence that the claims of Lead Plaintiffs' or Class Members in the Action did not have merit; (iv) is or may be used or construed against any Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered by Lead Plaintiffs, on behalf of the Class, after trial; (v) is or may be used or construed or received in evidence as an admission, concession or presumption by Defendants that any damages

- 5 -

were recoverable under the Complaint or by Lead Plaintiffs that the damages recoverable under the Complaint would not have exceeded the Settlement Fund.  Defendants may file this Settlement Agreement and/or this Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Any Party may file the Settlement Agreement and/or this Final Judgment in any action that may be brought to enforce the terms of this Settlement Agreement and/or this Final Judgment.

   12. The terms and provisions of the Settlement Agreement and of this Final Judgment are binding on Lead Plaintiffs and all other Class Members, as well as their heirs, executors, administrators, successors, and assigns, and they are hereby permanently barred and enjoined from asserting, instituting, commencing, continuing, or prosecuting either directly or indirectly, representatively, derivatively or in any other capacity, any Released Claims (including Unknown Claims) against any Released Person; *provided, however,* that this Final Judgment shall not bar any action or claim to enforce the terms of the Settlement as approved by the Court or this Final Judgment.

   13. Without affecting the finality of this Final Judgment for purposes of appeal or in any other way, this Court hereby expressly retains exclusive jurisdiction: (a) with respect to implementation and enforcement of the terms of the Settlement Agreement, and the administration and consummation of the Settlement embodied therein, including any distribution from or disposition of the Settlement Fund and any interest earned thereon; and (b) as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and for any other necessary purpose.

14. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15. If the Effective Date does not occur, then:

(a) this Final Judgment and any order or judgment entered after the date of the Settlement Agreement that relates to this Settlement Agreement, shall be null and void and shall have no force or effect;

(b) the Settlement Agreement shall be null and void and shall have no force or effect, and no Party to the Settlement Agreement shall be bound by any of its terms, except for the terms of Sections 9.6, 7.2 and 10.5 of the Settlement Agreement;

(c) Lead Counsel shall, within ten (10) days, authorize the Escrow Agent to immediately return to Defendants' Counsel, in accordance with their instructions, the Settlement Amount (plus any interest accrued thereon) less any Notice and Administration Expenses paid out of, or incurred by, the Settlement Fund not to exceed $150,000.00, and less any Taxes and Tax Expenses paid out of, or incurred by, the Settlement Fund;

(d) the Settlement Agreement, all of its provisions, and all negotiations, statements, documents and proceedings relating to it shall be without prejudice to the rights of Defendants, Lead Plaintiffs, or any Class Member, all of whom shall be restored to their respective positions vis-à-vis each other as they existed immediately before the execution of the Settlement Agreement; and

(e) neither the Settlement Agreement, nor the fact of its having been made, nor any documents prepared and statements made in connection therewith shall be referred to, admissible in or introduced or entered into evidence in any other way for any purpose whatsoever in this Action or in any other action or proceeding.

16. Nothing in this Final Judgment shall preclude or bar any action or claim to enforce the terms of the Settlement Agreement as approved by the Court or this Final Judgment.

17. All agreements made during the course of this Action, relating to the confidentiality of documents or other information produced during pre-trial discovery in this Action ("Discovery Material") shall survive this Settlement Agreement and this Final Judgment.

18. The Parties may, without notice to or further approval from the Court, enter into written agreements that amend, modify or expand the Settlement Agreement and its implementing documents (including the exhibits to the Settlement Agreement), provided that such amendments, modifications, or expansions of the Settlement Agreement are not materially inconsistent with this Final Judgment and do not (a) materially limit the rights of Class Members under the Settlement Agreement; or (b) materially limit the rights of the Released Persons under the Settlement Agreement.

19. The Court, without affecting the finality of this Final Judgment for purposes of appeal, retains jurisdiction as to any award of attorneys' fees and expenses to Lead Counsel on behalf of Plaintiffs' Counsel, any award of costs and expenses to one or more of the Lead Plaintiffs, all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and for any other necessary purpose.

IT IS SO ORDERED.

Dated: November___, 2007

_____
HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

OCT 02 2007



September 26, 2007

In re Viisage Technology, Inc. Securities Litigation
EXCLUSIONS
Claims Administrator
c/o A.B. Data, Ltd.
Milwaukee, WI 53217

**Re: In re Viisage Technology, Inc. Securities Litigation**

Dear Claims Administrator:

    EWT, LLC, located at 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210, wishes to be excluded from the class action lawsuit against Viisage Technology, Inc. Unfortunately, I am unable to include a list of all purchases and sales of Viisage Technology, Inc. securities during the Class Period, but I do know that we did make purchases and sales during that period.

    Please fax or send me a confirmation that you have received this request to be excluded from the class.

Thank You,

Shirley Scheker
In-House Counsel
EWT, LLC
Phone: (310) 651-9754

9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210   TEL 310.651.9740   FAX 310.651.9759

EWT
LLC

131
6680 $ 00.41° SEP 27 07   PB8623602
0889   BEVERLY HILLS CA   90210

VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION
   EXCLUSIONS
   CLAIMS ADMINISTRATOR
   C/O A.B. DATA, LTD.
   MILWAUKEE, WI  53217

9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210

OCT 18 2007

October 15, 2007

Claims Administrator
c/o A. B. Data, Ltd.
Post Office Box 170500
Milwaukee, WI 53217

Re: Viisage Technology, Inc. Securities Litigation

To Whom It May Concern:

Consider this letter my request for Exclusion as per the above captioned re:

The following information complies with your information request.

1. Address: 7015 Lombardy St., Boynton Beach, FL 33437

2. Shares of Viisage common stock purchased and sold during the Class Period, the date(s) of such purchase(s) and sale(s) paid and received:

Purchased 1000 shares on July 28, 2004 at $6.86 per share ($6,860 + commissions. However on Dec. 19, 2005 I received a reverse split so I currently have 400 Shares of L1 Identity Solutions, Inc.com

Believe this will comply with your request for information.

Sincerely,

Jamie van Zwaren

Note: Temporary address

365 Alberta Drive
Norwood, N.C. 28128
(704) 474-28128



Jamie van Zwaren
365 Alberta Drive
Norwood, N. C.
28128

CERTIFIED MAIL

7006 0100 0006 3545 8834

U.S. POSTAGE PAID
NORWOOD, NC
28128
OCT 15, 07
AMOUNT
$5.21
00029052-01

Claims Administrator
c/o A. B. Data, Ltd.
Post Office Box 170500
Milwaukee, WI 53217

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION<br><br>This Pleading Applies to: All Actions | Civil Action No. 05-cv-10438-MLW |

[Proposed] ORDER APPROVING
PLAN OF ALLOCATION

WHEREAS:

A. On August 17, 2007, this Court entered an Order Certifying the Class, Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), preliminarily approving the proposed Settlement, certifying the Class for settlement purposes only, directing individual and publication notice to potential Class members, scheduling a hearing for November 16, 2007 (the "Fairness Hearing"), and providing Class members with an opportunity to object to, *inter alia*, the Plan of Allocation and to be heard concerning such objections;

B. Notice has been provided to the members of the Class in accordance with the Preliminary Approval Order, as evidenced by the Affidavit of Anya Verkhovskaya of A.B. Data, Ltd., dated October 31, 2007;

C. The Notice of Pendency and Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing (the "Notice"), disseminated to Class Members in accordance with the Preliminary Approval Order, contained Lead Plaintiffs' proposed Plan of Allocation for distribution of the Net Settlement Fund to Authorized Claimants;

  D. Pursuant to the Preliminary Approval Order and as set forth in the Notice, any objections to the Plan of Allocation were to be filed and served by October 26, 2007; and

  E. No objections have been received to the proposed Plan of Allocation within the time frame set by the Court or to date.

  NOW, THEREFORE, IT IS HEREBY ORDERED:

  1. This Order incorporates by reference the definitions in the Stipulation of Settlement, and all terms used herein shall have the same meanings as set forth in the Stipulation of Settlement.

  2. This Court has jurisdiction over the subject matter of the Plan of Allocation of the Net Settlement Fund and all matters relating thereto, including all members of the Class.

  3. Due and adequate notice of the Plan of Allocation was directed to all persons who are Class members, advising them of their right to object thereto.

  4. The formula for the calculation of the claims which is set forth in the Notice provided to Class members provides a fair and reasonable basis upon which to allocate the Net Settlement Fund among Authorized Claimants.

  IT IS SO ORDERED.

Dated: _____, 2007

                _____
                HON. MARK L. WOLF
                UNITED STATES DISTRICT JUDGE