UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION** <br><br> **This Pleading Applies to: All Actions** | Civil Action No. 05-cv-10438-MLW |

**LEAD COUNSEL'S MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

Pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, and 15 U.S.C. § 77z-1(a)(4), Court-appointed Lead Counsel for Lead Plaintiffs and the Class respectfully move this Court, on behalf of all Plaintiffs' Counsel, for an order awarding attorneys' fees in the amount of twenty-five percent (25%) of the Settlement Fund, and reimbursing out-of-pocket expenses in the total amount of $41,652.61.

In support of Lead Counsel's motion, Lead Counsel rely on their Memorandum of Law in Support of their Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, the Affidavit of Jeffrey A. Klafter in Support of Lead Plaintiffs' Motion for Approval of Proposed Class Action Settlement and Plan of Allocation, and Lead Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses, and the Compendium of Affidavits and Declarations, each of which are filed herewith, and all prior proceedings in this Action.

Pursuant to the Court's Order dated August 17, 2007, this motion is set to be heard by the Court at or after the Fairness Hearing scheduled for November 16, 2007 at 3:00 p.m.

A proposed Order Granting Lead Counsel's Motion for Award of Attorney's Fees and Reimbursement of Expenses is submitted herewith for the Court's consideration.

Dated: November 2, 2007                    Respectfully submitted,

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

By:  <u>Patrick T. Egan</u>
Jeffrey C. Block (BBO# 600747)
Leslie R. Stern (BBO# 631201)
Patrick T. Egan (BBO# 637477)
One Liberty Square, 8th Floor
Boston, MA 02109
(617) 542-8300

**Plaintiffs Liaison Counsel**

Jeffrey A. Klafter, Esq. (*pro hac vice*)
**KLAFTER & OLSEN LLP**
1311 Mamaroneck Ave., Suite 220
White Plains, NY 10605
(914) 997-5656

Kurt B. Olsen, Esq.
**KLAFTER & OLSEN LLP**
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 261-3553

Vincent R. Cappucci. Esq.
Stephen D Oestreich, Esq.
Robert N. Cappucci, Esq. (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue
26th Floor West
New York, NY 10017
(212) 894-7200

**Co-Lead Counsel for**

**Lead Plaintiffs and the Class**

Certificate of Compliance with Local Rule 7.1(a)(2)

I hereby certify that on October 30, 2007, I conferred with Mitchell H. Kaplan, Esq., counsel for Defendants, concerning the issues presented and relief sought by this motion.

I am authorized to state that the Defendants take no position with respect to the relief sought by this motion.

/s/     Jeffrey A. Klafter_____
Jeffrey A. Klafter

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION<br><br>This Pleading Applies to: All Actions | Civil Action No. 05-cv-10438-MLW |

[PROPOSED] ORDER GRANTING LEAD COUNSEL'S MOTION
FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

WHEREAS:

A.    Lead Counsel, on behalf of all Plaintiffs' Counsel, have filed their Motion for an Award of Attorneys' Fees and Reimbursement of Expenses.

B.    On August 17, 2007, this Court entered an Order Certifying the Class, Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), preliminarily approving the proposed Settlement, certifying the Class for settlement purposes only, directing individual and publication notice to potential Class members, scheduling a hearing for November 16, 2007 (the "Fairness Hearing"), and providing Class members with an opportunity to object to, *inter alia*, Lead Counsel's Request for Attorneys' Fees and Reimbursement of Expenses and to be heard concerning such objections;

C.    Notice has been provided to the members of the Class in accordance with the Preliminary Approval Order, as evidenced by the Affidavit of Anya Verkhovskaya of A.B. Data, Ltd., dated October 31, 2007;

D.    The Notice of Pendency and Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing (the "Notice") disseminated to Class Members

- 2 -

in accordance with the Preliminary Approval Order contained the maximum amounts Lead Counsel would seek for attorneys' fees and reimbursement of expenses, respectively;

E.  Pursuant to the Preliminary Approval Order and as set forth in the Notice, any objections to Lead Counsel's Request for Attorneys' Fees and Reimbursement of Expenses were to be filed and served by October 26, 2007; and

F.  No objections to Lead Counsel's Request for Attorneys' Fees and Reimbursement of Expenses have been received within the time frame set by the Court or to date.

G.  The Court held the Fairness Hearing on November 16, 2007 and has determined that the proposed Settlement of the Action on the terms and conditions provided in the Stipulation of Settlement is fair, reasonable, and adequate and should be approved by the Court, and entered the Final Judgment as provided for in the Stipulation of Settlement; and

WHEREAS, the Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the parties to the Settlement and others, and otherwise having determined the reasonableness of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  This Order incorporates by reference the definitions in the Stipulation of Settlement, and all terms used herein shall have the same meanings as set forth in the Stipulation of Settlement.

2.  This Court has jurisdiction over the subject matter of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses and all matters relating thereto, including all members of the Class.

3.  Due and adequate notice of the maximum amounts of Lead Counsel's Request for Attorneys' Fees and Reimbursement of Expenses, respectively, was directed to all persons who were reasonably identifiable Class members advising them of their right to object thereto.

4. The award for attorneys' fees set forth below is reasonable as measured by applicable factors set forth in *In Re Relafen Antitrust Litig.*, 231 F.R.D. 52, 79 (D. Mass. 2005) and *In Re: Lupron(R) Marketing and Sales Practices Litig.*, 2005 U.S. Dist. LEXIS 17456, at *12 (D. Mass. Aug. 17, 2005).

5. The award of attorneys' fees set forth below represents a reasonable percentage of the proceeds of the Settlement given the facts and proceedings in this case.

6. Accordingly, Lead Counsel, on behalf of all Plaintiffs' Counsel, are awarded attorneys' fees of $_____, representing _____ percent (__ %) of the Settlement Fund, which shall be paid out of the Settlement Fund.

7. Lead Counsel, on behalf of all Plaintiffs' Counsel, are awarded reimbursement of expenses in the aggregate amount of $_____, which shall be paid out of the Settlement Fund. These expenses are fair, reasonable and were necessarily incurred in connection with the prosecution and resolution of this litigation.

8. The attorneys' fees and expenses approved by the Court in paragraphs 6 and 7 hereof (the "Fee and Expense Award") shall be payable from the Settlement Fund to Lead Counsel, on behalf of all Plaintiffs' Counsel, immediately upon entry of this Order (subject to the repayment provisions of ¶ 7.2 of the Stipulation of Settlement), notwithstanding the existence of any potential appeal or collateral attack on this Order.

9. Lead Counsel shall thereafter allocate the Fee and Expense Award payable as follows: (a) the attorneys' fees approved in paragraph 6 hereof among all Plaintiffs' Counsel in a manner that, in Lead Counsel's good-faith judgment, reflects such counsel's contribution to the institution, prosecution, or resolution of the Action; and (b) the expenses approved in paragraph 7 hereof, among each Plaintiffs' Counsel and Lead Plaintiff as approved by the Court.

- 4 -

10. The Court hereby retains and reserves jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Stipulation of Settlement, and for any other necessary purpose, including, but not limited to, any distribution to Authorized Claimants under the terms and conditions of the Settlement Agreement and pursuant to further orders of this Court.

IT IS SO ORDERED.

Dated: _____, 2007

HON. MARK L. WOLF  
UNITED STATES DISTRICT JUDGE