# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

In re VIISAGE TECHNOLOGY, INC.
SECURITIES LITIGATION

_____

**This Pleading Applies to: All Actions**

Civil Action No. 05-cv-10438-MLW

---

## COMPENDIUM OF AFFIDAVITS AND DECLARATIONS IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Jeffrey C. Block, Esq.  (BBO# 600747)
Leslie R. Stern, Esq. (BBO# 631201)
Patrick T. Egan, Esq. (BBO# 637477)
**BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO**
One Liberty Square, 8th Floor
Boston, MA 02109
(617) 542-8300

*Liaison Counsel for Lead Plaintiffs*

Jeffrey A. Klafter, Esq. (*pro hac vice*)
**KLAFTER & OLSEN LLP**
1311 Mamaroneck Ave., Suite 220
White Plains, NY 10605
(914) 997-5656

Kurt B. Olsen, Esq.
**KLAFTER & OLSEN LLP**
1250 Connecticut Ave., N.W.
Suite 200
Washington, D.C.  20036
(202) 261-3553

Stephen D. Oestreich, Esq.
Robert Cappucci, Esq. (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue
26th Floor West
New York, NY 10017
(212) 894-7200

*Lead Counsel for Lead Plaintiffs*

# TABLE OF CONTENTS

**Tab**

Declaration of Robert Cappucci In Support Of Joint Petition
For Attorneys' Fees And Disbursements Filed On Behalf Of
Entwistle & Cappucci ...........................................................................................A

Affidavit Of Patrick T. Egan In Support Of Joint Petition For
Attorneys' Fees And Disbursements Filed On Behalf Of
Berman DeValerio Pease Tabacco Burt & Pucillo ..............................................B

Declaration of David Hancock In Support Of Lead Plaintiffs'
Motion For Final Approval Of Proposed Class Action Settlement
And Lead Counsel's Motion For An Award of Attorneys' Fees
And Reimbursement Of Expenses ........................................................................C

Declaration Of Lance Hancock Support Of Lead Plaintiffs'
Motions For Final Approval Of Proposed Class Action Settlement
And Lead Counsel's Motion For An Award of Attorneys' Fees And
Reimbursement Of Expenses................................................................................D

Declaration Of Roy L. Jacobs In Support Of Joint
Petition For Attorneys' Fees And Disbursements Filed
On Behalf Of Roy Jacobs & Associates ...............................................................E

Affidavit Of Jeffrey A. Klafter In Support Of Joint Petition For Attorneys'
Fees And Disbursements Filed On Behalf Of Klafter & Olsen, LLP ...................F

Declaration Of Michael A. Marek, CFA ..............................................................G

Declaration Of Laurence D. Paskowitz In Support Of Joint Petition
For Attorneys' Fees And Disbursements Filed On Behalf Of
Paskowitz & Associates.........................................................................................H

Declaration Of Ronald Sauer In Support Of Lead Plaintiffs' Motion
For Final Approval Of Proposed Class Action Settlement And
Lead Counsel's Motion For An Award of Attorneys' Fees
And Reimbursement Of Expenses .........................................................................I

Declaration of Jeffrey Schnipper D/B/A Turnberry Asset Management LP
In Support Of Lead Plaintiffs' Motion For Final Approval Of Proposed
Class Action Settlement And Lead Counsel's Motion For An Award Of
Attorneys' Fees And Reimbursement Of Expenses ...............................................J

Declaration Of Joseph Valenti On Behalf Of Electronic Trading Group, LLC
In Support Of Lead Plaintiffs' Motion For Final Approval Of Proposed
Class Action Settlement And Lead Counsel's Motion For An Award Of
Attorneys' Fees And Reimbursement Of Expenses ..................................................................K

Declaration Of Anya Verkhovskaya ............................................................................L

Affidavit Of Thomas G. Shapiro In Support Of Application For Award
Of Fees And Reimbursement Of Expenses, Dated 08/10/2007, Submitted
In *In re Sepracor Inc. Sepracor Inc. Litig.*, 02-02235-MEL (D. Mass.) ......................................M

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION** | **Civil Action No. 05-cv-10438-MLW** |
| **This Pleading Applies to:  All Actions** |  |

## AFFIDAVIT OF ROBERT N. CAPPUCCI IN SUPPORT OF JOINT PETITION FOR ATTORNEYS' FEES AND DISBURSEMENTS FILED ON BEHALF OF ENTWISTLE & CAPPUCCI LLP

STATE OF NEW YORK          )
                           )     ss.:
COUNTY OF WESTCHESTER      )

ROBERT N. CAPPUCCI, being first duly sworn, deposes and says:

1.       I am a partner of the law firm of Entwistle & Cappucci LLP, one of the Court-appointed Lead Counsel for Lead Plaintiffs in the above-titled action ("Action").  I am admitted to appear before this Court *pro hac vice.*

2.       I respectfully submit this affidavit in support of my firm's application for an award of attorneys' fees in connection with services rendered in this action, as well as the reimbursement of expenses reasonably incurred by my firm in connection with this litigation. I have personal knowledge of the matters referred to herein.

3.    My firm principally carried out the following responsibilities in connection with the prosecution and resolution of this Action:

(i)    Coordinating and developing plaintiffs' factual investigation;

(ii)    preparing motion papers in connection with our clients' lead plaintiff application;

(iii)    discussing and developing strategies with co-counsel;

(iv)    drafting the operative complaints;

(v)    conducting legal research and drafting plaintiffs' opposition to defendants' motion to dismiss;

(vi)    analyzing documents produced by defendants;

(vii)    participating in settlement discussions;

(viii)    working with damage experts to determine recoverable class-wide damages;

(ix)    preparing the Stipulation of Settlement and motion papers in support of preliminary approval of the Settlement;

(x)    overseeing the Claims Administrator's printing, mailing and publication of the Notice, Proof of Claim and Summary Notice; and

(xi)    preparing plaintiffs' submissions in support of final approval of the Settlement and Plan of Allocation.

4.    The schedule annexed hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by each attorney and paralegal of the firm who performed work in this litigation. The lodestar calculation is based on the firm's current billing rates. For attorneys and paralegals no longer employed by the firm, the lodestar calculation is based upon the billing rate during his or her last year of employment with the firm. This schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by the firm, which have been submitted to the Court for *in camera* review. I submit that the hours

2

spent on these responsibilities are reasonable given the nature and complexity of the work entailed. Time expended in preparing this application for attorneys' fees and reimbursement of expenses is not included in the schedule.

5.      As reflected in Exhibit 1, my firm spent a total of 658.40 hours working on this action. The total lodestar of the firm is $283,475, consisting of $272,465 for attorney time and $11,010 for paralegal and law clerk time.

6.      The hourly rates for the attorneys and paralegals at the firm listed in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent fee matters and/or which have been accepted and approved in other securities or shareholder litigations. In addition, as evidenced by the affidavits of Thomas G. Shapiro and Patrick T. Egan, attorneys practicing in this district that specialize in the prosecution of securities class actions, our firm's hourly rates are within the range of billing rates for other firms specializing in the prosecution of securities class actions in this District. *See* Affidavit of Thomas G. Shapiro in Support of Application for Award of Fees and Reimbursement of Expenses, and Affidavit of Patrick T. Egan in Support of Application for Award of Attorneys' Fees and Reimbursement of Expenses, both included in Compendium of Affidavits and Declarations, submitted herewith. Specifically, the rates of our firm's partners, ranging from $510 to $595 per hour, are comparable to the rates of partners at the Boston firms of Shapiro Haber and Urmy, LLP and Berman DeValerio Pease Tabacco Burt & Pucillo, whose partners charge rates of between $395 and $690 per hour. Moreover, the rates of our firm's associates, ranging from $175 to $460 per hour, are comparable to the rates of associates at the Shapiro Haber and Urmy, LLP and Berman DeValerio Pease

3

Tabacco Burt and Pucillo firms, whose associates charge rates of between $225 and $275 per hour.

7.      The firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

8.      As detailed in the chart below, the firm has incurred a total of $22,021.39 in unreimbursed expenses:

### ENTWISTLE & CAPPUCCI LLP

| Category of Expense | Amount |
|---|---|
| LEXIS/Westlaw (electronic legal research services) | 1486.43 |
| Consultants/Experts (includes FMA invoice) | 18,262.83 |
| Travel/Transportation/Lodging/Meals | 1131.64 |
| In-house Photocopying | 942.29 |
| Federal Express | 127.80 |
| Telephone and Facsimile | 68.00 |
| PACER (electronic court docket access) | 2.40 |
| **TOTAL** | **$22,021.39** |

9.      The expenses incurred in this action are reflected on the books and records of the firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred. These records are available for review at the request of the Court.

Sworn to before me this
31ˢᵗ day of October, 2007.

Notary Public

CHRISTINA M. HEWITT
Notary Public, State of New York
No. 01HE6084775
Qualified in Nassau County
Commission Expires December 16, 2010

4

*IN RE VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION*

**EXHIBIT 1 – LODESTAR REPORT**

**ENTWISTLE & CAPPUCCI LLP**

| Professional | Status* | Hourly Rate | Total Hours | Total Lodestar |
|---|---|---|---|---|
| Robert Cappucci | P | 550.00 | 143.40 | 78,870.00 |
| Stephen Oestreich | OC | 590.00 | 103.50 | 61,065.00 |
| William Wickersham | A | 460.00 | 128.20 | 58,972.00 |
| Frank Rossi | A | 435.00 | 71.90 | 31,276.50 |
| Seth Brookman | A | 335.00 | 94.40 | 31,624.00 |
| Shannon Hopkins | A | 325.00 | 1.40 | 455.00 |
| James Bitanga | A | 175.00 | 57.20 | 10,010.00 |
| Laura Moore | A | 175.00 | 1.10 | 192.50 |
| Teresa Maloney | PL | 250.00 | 13.60 | 3,400.00 |
| Madeline Bernard | PL | 225.00 | .80 | 180.00 |
| Shannon Casey | PL | 190.00 | 8.00 | 1,520.00 |
| Jeffrey Kamil | PL | 190.00 | 25.20 | 4,788.00 |
| Sarah Taggart | PL | 190.00 | 1.20 | 228.00 |
| Kevin Ayala | PL | 150.00 | 1.75 | 262.50 |
| Sarah Byrne | PL | 110.00 | 1.20 | 132.00 |
| Tanya Daly | PL | 90.00 | 2.30 | 207.00 |
| Karen Leddy | PL | 90.00 | 3.25 | 292.50 |
| **TOTAL** | | | **658.40** | **283,475.00** |

\* Partner          (P)
   Of Counsel   (OC)
   Associate      (A)
   Law Clerk    (LC)
   Paralegal      (PL)

5

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**In re VIISAGE TECHNOLOGY, INC.
SECURITIES LITIGATION**

_____

**This Pleading Applies to: All Actions**

**Civil Action No. 05-cv-10438-MLW**

## AFFIDAVIT OF PATRICK T. EGAN IN SUPPORT OF JOINT PETITION FOR ATTORNEYS' FEES AND DISBURSEMENTS FILED ON BEHALF OF BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO

COMMONWEALTH OF MASSACHUSETTS     )
                                  )     ss.:
COUNTY OF SUFFOLK                 )

Patrick T. Egan, being first duly sworn, deposes and says:

1.      I am a partner of the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo, Court-appointed Liaison Counsel for Lead Plaintiffs in the above-titled action and a member of this Bar.

2.      I respectfully submit this affidavit in support of my firm's application for an award of attorneys' fees in connection with services rendered in this action, as well as the reimbursement of expenses reasonably incurred by my firm in connection with this litigation. I have personal knowledge of the matters referred to herein.

3.      My firm principally carried out the following responsibilities in connection with the prosecution and resolution of this Action: investigated and drafted original complaints; reviewed and analyzed public filings, conducted extensive interviews of several former Viiage employees and served as liaison counsel, advising lead counsel on local rules and practices, reviewing filings, and preparing for and attending hearings before this Court.

4.     The schedule annexed hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by each attorney, investigator and paralegal of the firm who performed work in this litigation.  The lodestar calculation is based on the firm's current billing rates.  For attorneys, investigator and paralegals no longer employed by the firm, the lodestar calculation is based upon the billing rate during his or her last year of employment with the firm.  This schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by the firm, which have been submitted to the Court for *in camera* review.  Time expended in preparing this application for attorney's fees and reimbursement of expenses is not included in the schedule.

5.     As reflected in Exhibit 1, my firm spent a total of 313.20 hours working on this action.  The total lodestar of the firm is $97,064.50, consisting of $38,851.00 for attorney time and $58,213.50 for investigator, forensic accountant and paralegal time.

6.     The hourly rates for the attorneys, investigator and paralegals at the firm listed in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent fee matters and which have been accepted and approved in other securities or shareholder litigations and, as evidenced by the affidavits of another firm practicing in this District that specializes in the prosecution of securities class actions, are within the range of billing rates for other firms specializing in the prosecution of securities class actions in this District.  *See* Affidavit of Thomas Shapiro, submitted in *In re Sepracor, Inc.*, 02-12235-MEL (D. Mass.), attached as Exhibit M to the accompanying Compendium Of Affidavits And Declarations In Support Of Lead Plaintiffs' Motion For Final Approval Of Proposed Class Action Settlement And Plan Of Allocation, And Lead Counsel's Motion For An Award Of Attorney's Fees And Reimbursement of Expense.

7.     The firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

8.     As detailed in the chart below, the firm has incurred a total of $5,123.64 in unreimbursed expenses:

| DESCRIPTION | | TOTAL |
| --- | --- | --- |
| Filing Fees | $ | 600.00 |
| Court Reporters/ Transcripts | $ | 61.00 |
| Lexis/Dow Jones/Westlaw/Research | $ | 2,343.45 |
| Photocopying - outside | $ | 18.77 |
| Photocopying - in house | $ | 897.00 |
| Postage/Express/Delivery | $ | 309.49 |
| Telephone/FAX | $ | 183.97 |
| Transportation and Meals | $ | 546.96 |
| Witness/Service Fees | $ | 163.00 |
| TOTAL | $ | 5,123.64 |

9.     The expenses incurred in this action are reflected on the books and records of the firm.  These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.  These records are available for review at the request of the Court.

_____
PATRICK T. EGAN

Sworn to before me this
31 day of October, 2007.

_____
Notary Public

3

Exhibit 1

# IN RE VIISAGE SECURITIES LITIGATION
TIME REPORT

FIRM:   Berman DeValerio Pease Tabacco Burt & Pucillo
Reporting Period:  Inception through September 2007

| Timekeepers | Status | Hourly Rate | Total Hours to Date | Total Lodestar to Date |
|---|---|---|---|---|
| Norman Berman | Partner | $655 | 3.80 | $2,489.00 |
| Glen DeValerio | Partner | $655 | 1.20 | $786.00 |
| Jeffrey Block | Partner | $580 | 7.10 | $4,118.00 |
| Kathleen Donovan-Maher | Partner | $580 | 3.00 | $1,740.00 |
| Leslie Stern | Partner | $420 | 43.20 | $18,144.00 |
| Patrick Egan | Partner | $395 | 13.50 | $5,332.50 |
| Joseph Merschman | Associate | $275 | 1.70 | $467.50 |
| Nicole Starr | Associate | $250 | 4.00 | $1,000.00 |
| Autumn Smith | Associate | $235 | 4.00 | $940.00 |
| Abigail Romeo | Associate | $235 | 5.40 | $1,269.00 |
| Jonathan Simpson | Associate | $225 | 11.40 | $2,565.00 |
| Christopher Szechenyi | Investigator | $315 | 142.90 | $45,013.50 |
| Tara Gibbs | Investigator | $190 | 2.50 | $475.00 |
| Michael Blazek | Investigator | $160 | 17.50 | $2,800.00 |
| Van Khang | Forensic Accountant | $360 | 6.00 | $2,160.00 |
| Jeannine Scarsciotti | Paralegal | $200 | 15.00 | $3,000.00 |
| Ryan Keefe | Paralegal | $200 | 13.00 | $2,600.00 |
| Anna Hale | Paralegal | $165 | 1.00 | $165.00 |
| Jacob Strom | Paralegal | $160 | 9.00 | $1,440.00 |
| Trent Smith | Paralegal Assistant | $70 | 8.00 | $560.00 |
| TOTALS | | | 313.20 | $97,064.50 |

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re VIISAGE TECHNOLOGY, INC.
SECURITIES LITIGATION

Civil Action No. 05-cv-10438-MLW

This Pleading Applies to: All Actions

DECLARATION OF DAVID HANCOCK IN SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT
AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES

David Hancock, pursuant to 28 U.S.C. § 1746 declares as follows:

1.      I am one of the Lead Plaintiffs appointed by the Court in this consolidated action

(the "Action") pursuant to the Court's Opinion and Order, dated January 19, 2006 (Docket No.

35).

2.      I respectfully submit this declaration in support of Lead Plaintiffs' Motion for

Final Approval of Class Action Settlement and Lead Counsel's Motion for an Award of

Attorneys' Fees and Reimbursement of Expenses. I have personal knowledge of the matters

testified to herein.

3.      As a Lead Plaintiff for the Class, my responsibilities included, consulting with

Lead Counsel to keep abreast of significant developments in the case, reviewing the complaints

filed in this action, and approving all settlement demands in advance of settlement negotiations

with the Defendants.

4.      Shortly after the announcement on March 2, 2005 by Viisage Technology, Inc.

("Viisage" or the "Company"), I became aware that class action litigation had been commenced

concerning the accuracy of Viisage's public statements about litigation in which it was involved in Georgia state court and its internal financial controls. Having suffered significant losses caused by these misrepresentations, I determined to retain counsel to pursue my claims.

5. I selected Klafter & Olsen, LLP ("K&O") to represent me in seeking to serve as Lead Plaintiff in prosecuting a securities class action against Viisage and related defendants to recover the losses which I and the Class sustained as a result of their purchases of Viisage securities relating to the alleged misrepresentations and/or omissions in the Defendants' public filings and press releases.

6. Subsequently, I jointly moved for appointment as Lead Plaintiff together with Turnberry Asset Management, Electronic Trading Group, LLC, Ronald Sauer, and Lance Hancock, and sought appointment of Klafter & Olsen LLP and Entwistle & Cappucci LLP as Lead Counsel in the Action.

7. Consistent with my responsibilities as a Lead Plaintiff, I had many discussions with my attorneys concerning the prosecution of this litigation, and am familiar with the claims alleged in the Amended Complaint, the Court's rulings on defendants' motions to dismiss, the considerable risks to recovering any damages on the claims allowed by the Court to proceed to discovery, and the negotiations leading up to the proposed Settlement.

8. With this understanding, I gave Lead Counsel authority to settle the claims of the class for $2.3 million, representing approximately 18 percent of the maximum recoverable damages. I submit that this settlement warrants final approval by the Court given the circumstances of the case.

9. In determining to retain counsel to represent me in this litigation, I reached agreement with my chosen counsel that, if I was selected as a Lead Plaintiff and they were

chosen as a Lead Counsel, and a recovery acceptable to me was obtained, that Lead Counsel might seek up the 33% of any recovery for attorney's fees. The fee requested by Lead Counsel (25 percent of the recovery) is within the cap on which we agreed at the outset of the case and I consider it to be reasonable given the percentage of damages the Settlement represents and the considerable risks Lead Counsel faced in obtaining any recovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 25, 2007.

David Hancock

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

In re VIISAGE TECHNOLOGY, INC.
SECURITIES LITIGATION

Civil Action No. 05-cv-10438-MLW

This Pleading Applies to: All Actions

## DECLARATION OF LANCE HANCOCK IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Lance Hancock, pursuant to 28 U.S.C. § 1746 declares as follows:

1.     I am one of the Lead Plaintiffs appointed by the Court in this consolidated action (the "Action") pursuant to the Court's Opinion and Order, dated January 19, 2006 (Docket No. 35).

2.     I respectfully submit this declaration in support of Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses. I have personal knowledge of the matters testified to herein.

3.     As a Lead Plaintiff for the Class, my responsibilities included, consulting with Lead Counsel to keep abreast of significant developments in the case, reviewing the complaints filed in this action, and approving all settlement demands in advance of settlement negotiations with the Defendants.

4.     Shortly after the announcement on March 2, 2005 by Viisage Technology, Inc. ("Viisage" or the "Company"), I became aware that class action litigation had been commenced

concerning the accuracy of Viisage's public statements about litigation in which it was involved in Georgia state court and its internal financial controls. Having suffered significant losses caused by these misrepresentations, I determined to retain counsel to pursue my claims.

5.    I selected Klafter & Olsen, LLP ("K&O") to represent me in seeking to serve as Lead Plaintiff in prosecuting a securities class action against Viisage and related defendants to recover the losses which I and the Class sustained as a result of their purchases of Viisage securities relating to the alleged misrepresentations and/or omissions in the Defendants' public filings and press releases.

6.    Subsequently, I jointly moved for appointment as Lead Plaintiff together with Turnberry Asset Management, Electronic Trading Group, LLC, Ronald Sauer, and David Hancock, and sought appointment of Klafter & Olsen LLP and Entwistle & Cappucci LLP as Lead Counsel in the Action.

7.    Consistent with my responsibilities as a Lead Plaintiff, I had many discussions with my attorneys concerning the prosecution of this litigation, and am familiar with the claims alleged in the Amended Complaint, the Court's rulings on defendants' motions to dismiss, the considerable risks to recovering any damages on the claims allowed by the Court to proceed to discovery, and the negotiations leading up to the proposed Settlement.

8.    With this understanding, I gave Lead Counsel authority to settle the claims of the class for $2.3 million, representing approximately 18 percent of the maximum recoverable damages. I submit that this settlement warrants final approval by the Court given the circumstances of the case.

9.    In determining to retain counsel to represent me in this litigation, I reached agreement with my chosen counsel that, if I was selected as a Lead Plaintiff and they were

chosen as a Lead Counsel, and a recovery acceptable to me was obtained, that Lead Counsel

might seek up the 33% of any recovery for attorney's fees. The fee requested by Lead Counsel

(25 percent of the recovery) is within the cap on which we agreed at the outset of the case and I

consider it to be reasonable given the percentage of damages the Settlement represents and the

considerable risks Lead Counsel faced in obtaining any recovery.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on October 25th, 2007.

_____
Lance Hancock

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**In re VIISAGE TECHNOLOGY, INC.**
**SECURITIES LITIGATION**

**Civil Action No. 05-cv-10438-MLW**

**This Pleading Applies to: All Actions**

**DECLARATION OF ROY L. JACOBS IN SUPPORT OF JOINT**
**PETITION FOR ATTORNEYS' FEES AND DISBURSEMENTS**
**FILED ON BEHALF OF ROY JACOBS & ASSOCIATES**

Roy L. Jacobs, declares this 29th day of October, 2007, under pain and penalty of perjury under the laws of the United States as follows:

1.      I am the Principal of the law firm of Roy Jacobs & Associates, co-counsel for Plaintiff Walter Cohutt in the above-titled action.

2.      I respectfully submit this Declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this action, as well as the reimbursement of expenses reasonably incurred by my firm in connection with this litigation. I have personal knowledge of the matters referred to herein.

3.      My firm principally carried out the following responsibilities in connection with the prosecution and resolution of this Action: (a) we researched the case and helped in drafting the initial and amended complaints; (b) we performed factual and legal research needed to respond to defendants' motions to dismiss; (c) in connection with that briefing, we concentrated on establishing that the pleadings adequately asserted scienter against defendants Bailey and

Aulet, and the representations for which they were responsible concerning the Georgia litigation; we also drafted brief sections establishing that actionable misrepresentations and omissions were made regarding Viisage's lack of internal controls; and, finally, we crafted legal and factual arguments showing that defendants Berube and Beck could be held liable as control persons within the meaning of Section 20(a) of the Securities Exchange Act of 1934. In connection with drafting brief sections concerning these matters, we extensively reviewed and analyzed cases cited by defendants, and cases supporting plaintiffs' position. Finally, we engaged in research and drafting related to the brief for preliminary approval of the settlement. We believe that our extensive experience with the issues raised allowed for the briefing to be done quickly and efficiently.

4.      The schedule annexed hereto as Exhibit 1 is a summary indicating the amount of time spent by the firm on this litigation. The lodestar calculation is based on the firm's current billing rates. This schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by the firm, which are being submitted to the Court for *in camera* review. I submit that the hours spent by my firm are reasonable given the nature and complexity of the work entailed. Time expended in preparing this application for attorney's fees and reimbursement of expenses is not included in the schedule.

5.      As reflected in Exhibit 1, my firm spent a total of 109.80 hours working on this action. The total lodestar of the firm is $65,331.00, consisting entirely of attorney time. The hourly rates for the firm listed in Exhibit 1 are those which have been accepted in other securities or shareholder litigations and, as evidenced by the declarations of two prominent firms practicing in this District that specialize in the prosecution of securities class actions, are within the range of billing rates for other firms specializing in the prosecution of securities class actions in this

District. *See* Affidavit of Thomas G. Shapiro of the law firm of Shapiro, Haber & Urmy LLP (the "Haber firm"), and the Affidavit of Patrick T. Egan of the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo, Liaison Counsel, (the "Berman firm") submitted herewith. Specifically, I have had over 30 years of legal experience, most of which has involved the prosecution and defense of complex litigation matters, including antitrust and securities class actions, complex business litigation, arbitrations and environmental litigation. In that regard, I have had primary responsibility for cases from inception through trial and appeal. I have experience in all aspects of litigation, including pleading, discovery, witness preparation, briefing, experts, oral argument, pre-trial orders, summary judgment, jury selection, trials and appeals. My experience and standing in the bar are comparable to the senior partners in the Berman and Haber firms, and my hourly rate compares favorably with the hourly rates of Berman and Haber senior partners who are similarly experienced.

6.      The firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in the chart below, the firm has incurred a total of $255.10 in unreimbursed expenses:

*Roy Jacobs & Associates*

| Category of Expense | Amount |
| --- | --- |
| In-house photocopying | $255.10 |
| | |
| TOTAL | $255.10 |

8.      The expenses incurred in this action are reflected on the books and records of the firm. These books and records are prepared from expense vouchers, check records and other

3

source materials and are an accurate record of the expenses incurred.  These records are available for review at the request of the Court.

_____
Roy L. Jacobs

*IN RE VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION*

### EXHIBIT 1 – LODESTAR REPORT

**FIRM: Roy Jacobs & Associates**

| *Professional* | *Status\** | *Hourly Rate* | *Total Hours* | *Total Lodestar* |
|---|---|---|---|---|
| Roy L. Jacobs | P | $595 | 109.80 | $65,331.00 |
| | | | | |
| **TOTAL** | | | **109.80** | **$65,331.00** |

---

\*  Partner    (P)

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re VIISAGE TECHNOLOGY, INC.
SECURITIES LITIGATION

Civil Action No. 05-cv-10438-MLW

This Pleading Applies to: All Actions

AFFIDAVIT OF JEFFREY A. KLAFTER IN SUPPORT OF JOINT
PETITION FOR ATTORNEYS' FEES AND DISBURSEMENTS
FILED ON BEHALF OF KLAFTER & OLSEN LLP

STATE OF NEW YORK      )
                       )      ss.:
COUNTY OF NEW YORK  )

JEFFREY A. KLAFTER, being first duly sworn, deposes and says:

1.      I am a partner of the law firm of Klafter & Olsen LLP, one of the Court-
appointed Lead Counsel for Lead Plaintiffs in the above-titled action. I am admitted to
appear before this Court *pro hac vice*.

2.      I respectfully submit this affidavit in support of my firm's application for an
award of attorneys' fees in connection with services rendered in this action, as well as the
reimbursement of expenses reasonably incurred by my firm in connection with this litigation.
I have personal knowledge of the matters referred to herein.

3.      My firm principally carried out the following responsibilities in connection

with the prosecution and resolution of this Action:

> (i)      developing plaintiffs' factual investigation;
>
> (ii)     preparing motion papers in connection with our clients lead plaintiff application;
>
> (iii)    discussing and developing strategies with co-counsel;
>
> (iv)    further investigating claims, including obtaining and analyzing several thousand pages of documents filed in the Georgia DMVS Litigation and drafting the operative complaints;
>
> (v)     conducting legal research, drafting plaintiffs' opposition to defendants' motion to dismiss, and preparing for and arguing plaintiffs' opposition to this motion before the Court;
>
> (vi)    analyzing documents produced by defendants in accordance with the Court's order and conducting settlement discussions with the defendants;
>
> (vii)   working with damage experts to determine the recoverable damages suffered by the Class;
>
> (viii)  preparation of the Settlement Stipulation and the Exhibits thereto;
>
> (ix)    preparation of plaintiffs' submissions in support of preliminary approval of the settlement and arguing before the Court in support of preliminary approval;
>
> (x)     overseeing of the Claims Administrator's printing and publication of the Notice, Proof of Claim and Summary Notice;
>
> (xi)    preparation of plaintiffs' submissions in support of final approval of the settlement and plan of allocation

4.      The schedule annexed hereto as Exhibit 1 is a detailed summary indicating the

amount of time spent by each attorney and paralegal of the firm who performed work in this

litigation.  The lodestar calculation is based on the firm's current billing rates.  This schedule

was prepared from contemporaneous, daily time records regularly prepared and maintained

by the firm, which have been submitted to the Court for *in camera* review. I submit that the

hours spent on these responsibilities are reasonable given the nature and complexity of the

work entailed. Time expended in preparing this application for attorneys' fees and

reimbursement of expenses is not included in the schedule.

5.     As reflected in Exhibit 1, my firm spent a total of 876.75 hours working on

this action. The total lodestar of the firm is $505,118.75.

6.     The hourly rates for the attorneys and paralegals at the firm listed in Exhibit 1

have been accepted in other securities or shareholder litigations in which my firm has been

involved and, as evidenced by the affidavits of Thomas G. Shapiro and Patrick T. Egan,

attorneys practicing in this District that specialize in the prosecution of securities class

actions, our firm's hourly rates are within the range of billing rates for other firms

specializing in the prosecution of securities class actions in this District. *See* the Affidavit of

Thomas G. Shapiro in support of Application for Award of Fees and Reimbursement of

Expenses in *In re Sepracor, Inc. Sec. Litig.*, No. 02-12235-MEL and Affidavit of Patrick T.

Egan in support of Application for Award of Attorneys' Fees and Reimbursement of

Expenses, both included in Compendium of Affidavits and Declarations, submitted herewith.

Specifically, the rates of our firm's partners, ranging from $525 to $625 per hour, are

comparable to the rates of partners at the Boston firms of Shapiro Haber and Urmy, LLP and

Berman DeValerio Pease Tabacco Burt & Pucillo, whose partners with more than 15 years of

experience charge rates of between $580 and $690 per hour.

7.     The firm's lodestar figures are based upon the firm's billing rates, which rates

do not include charges for expense items. Expense items are billed separately and such

charges are not duplicated in my firm's billing rates.

8.    As detailed in the chart below, the firm has incurred a total of $14,012.30 in

unreimbursed expenses:

**KLAFTER & OLSEN LLP**

| *Category of Expense* | *Amount* |
|---|---|
| Consulting/Damages Expert (CBIZ) | $5,502.03 |
| Travel/Transportation/Lodging/Meals | $5,017.13 |
| LEXIS (electronic legal research services) | $2,074.29 |
| Court Reporters (for Transcripts of Hearings) | $594.00 |
| Photocopying (outside service for copying of Ga. pleadings) | $588.25 |
| Federal Express | $229.40 |
| Telephone | $7.20 |
| **TOTAL** | **$14,012.30** |

9.    The expenses incurred in this action are reflected on the books and records of

the firm.  These books and records are prepared from expense vouchers, check records and

other source materials and are an accurate record of the expenses incurred.  These records are

available for review at the request of the Court.

_Jeffrey Klafter_

Sworn to before me this
31st day of October, 2007.

_Christina M. Hewitt_
Notary Public

CHRISTINA M. HEWITT
Notary Public, State of New York
No. 01HE6084775
Qualified in Nassau County
Commission Expires December 16, 2010

*IN RE VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION*

## EXHIBIT 1 – LODESTAR REPORT

### KLAFTER & OLSEN LLP

| Professional | Status* | Hourly Rate | Total Hours | Total Lodestar |
|---|---|---|---|---|
| Jeffrey A. Klafter | P | 625.00 | 448.25 | $280,156.25 |
| Kurt B. Olsen | P | 525.00 | 428.50 | $224,962.50 |
| **TOTAL** | | | **876.75** | **$505,118.75** |

\* Partner    (P)

# EXHIBIT G

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

**In re VIISAGE TECHNOLOGY, INC.**     |
**SECURITIES LITIGATION**     |

    |     **Civil Action No. 05-cv-10438-MLW**
_____|

    |
**This Pleading Applies to: All Actions**     |

    |
_____|


## DECLARATION OF MICHAEL A. MAREK, CFA


STATE OF NEW JERSEY    )
                             )     ss.:
COUNTY OF MERCER     )

Michael A. Marek, under penalties of perjury, hereby declares:

1.     I respectfully submit this declaration to summarize the services my firm rendered and the basis for the fees incurred in connection with my firm's work with respect to the above-captioned action. I have personal knowledge of the matters testified to herein.

2.     I have been professionally active as a financial analyst for over 20 years and have earned the designation of Chartered Financial Analyst ("CFA"). A copy of my curriculum vitae is attached as Exhibit A.

3.     I am a founding member of Financial Markets Analysis, LLC ("FMA"). FMA is a securities analysis firm with offices in Princeton, New Jersey and San Diego, California. FMA provides financial analysis and related consulting to its clients. Our principals have frequently been called upon to prepare reports and to testify as securities valuation experts in class actions under Federal and State securities and corporate laws.

4.      FMA was retained by Plaintiffs' Lead Counsel in the above-captioned litigation to act as an expert on a non-contingent basis with respect to damages and allocation issues in this case. I have acted as an expert throughout the pendency of this litigation.

5.      During the period from February 2007 through August 2007, FMA performed various tasks, principally including:

    a.      review of Court documents produced in this matter;

    b.      review of publicly available information regarding Viisage Technology, Inc. ("Viisage") and comparative companies, including SEC filings, shareholder reports, press releases, articles and reports issued by securities analysts;

    c.      creation of event analyses based on review and analyses of publicly available information;

    d.      analyses of statistical relationships between Viisage common stock, general equity market indices and comparative company stock prices;

    e.      analyses of issues including materiality of information allegedly concealed or misrepresented by Defendants and loss causation, including the effects of material internal control weakness disclosures on the market's valuation of publicly traded equity securities;;

    f.      analyses of institutional trading of Viisage common stock;

    g.      analyses of non-institutional trading of Viisage common stock;

    h.      estimations of Class member damages based on various valuation methodologies; and

    i.      assistance with the creation of a Plan of Allocation in this matter.

6.      Based upon our analysis, we estimated the damages suffered by the Class solely relating to the internal control claims alleged in the Complaint to be approximately $12.9 million, assuming fifty percent of the $0.97 per share[1] decline in the price of Viisage common stock on March 3, 2005 was attributable to the internal control weaknesses announced by

---

[1] This figure has not been adjusted for Viisage's subsequent December 2005 reverse stock split.

2

Viisage after the close of trading on March 2, 2005.

7       Pursuant to our engagement by Lead Counsel, it was agreed that the fees for the services described above would be based on the standard hourly rates typically charged by FMA for services of this type in similar engagements.    Those fees totaled $16,275.00.  In addition, FMA incurred out-of-pocket expenses of $1,187.83 for the purchase of relevant data and other information, including articles, analyst reports and Viisage common stock trading data, from electronic databases.  FMA's invoice for professional services rendered and expenses incurred, totaling $17,462.83, has been submitted to Lead Counsel and is annexed hereto as Exhibit B.

9.       This engagement demanded the requisite degree of professional expertise and experience possessed by me and by the individuals who worked on the engagement under my direct supervision and control.  I consider the fees and expenses set forth above, expended in connection with services authorized by Lead Counsel, to be reasonable and not excessive for the nature of the engagement.


_Michael A. Marek_
Michael A. Marek


Executed this 25th day of October, 2007.


3

# Exhibit A

**MICHAEL A. MAREK, CFA**
600 Alexander Road, Suite 2-B
Princeton, NJ 08540
Phone:  (609) 452-9500        Fax:  (609) 452-9881
e-mail: mmarek@fmaonline.biz

## Professional Experience

| | | |
|---|---|---|
| 05/01 - Present | **Financial Markets Analysis, LLC** | Princeton, NJ |
| 12/97 - 04/01 | **Triumph Partners, LLC** | Princeton, NJ |

Founding Member
Provide financial analysis, valuation services and expert litigation support and testimony.  Areas of concentration include valuation of securities and businesses, securities law and economic issues.  Testimonial experience in securities class action litigation.  Clients include corporations, government agencies (SEC), lawfirms, institutional and individual investors.

10/86 - 12/97        **Princeton Venture Research, Inc.**                Princeton, NJ

Vice President
Performed securities valuation and financial analysis in connection with investment banking, venture capital and securities law expert consulting operations.  Prepared company and industry research reports, valuations and fairness opinions.  Responsible for project management and supervision of financial analysts and research personnel.

05/85 - 06/86        **Sage Data, Inc.**                Princeton, NJ

Research Analyst
Developed and maintained econometric models and business forecasting systems for Fortune 500 clients.  Created, produced and instructed customized PC hardware and software application seminars.

## Education

1984        **Wharton School of Finance, University of Pennsylvania**

B.S. Economics
Double Major: Finance / Decision Sciences

## Professional Designations and Affiliations

Chartered Financial Analyst (CFA)
Member, New York Society of Security Analysts (NYSSA)
Member, CFA Institute
Member, American Economic Association (AEA)

# Exhibit B

# Financial Markets Analysis, LLC

# Invoice

600 Alexander Road
Suite 2-B
Princeton, NJ 08540
EIN: 22-3740985

| Date | Invoice # |
|---|---|
| 10/16/2007 | 07121 |

Phone #   609-452-9500    Fax #   609-452-9881

| Bill To: |
|---|
| Vincent R. Cappucci, Esq.<br>Entwistle & Cappucci LLP<br>299 Park Avenue<br>New York, NY  10171 |

| Project: |
|---|
| Viisage Technology, Inc. Securities Lit. |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 2/5/2007 | Review of documents; Event chronology | 6.5 | 350.00 | 2,275.00 |
| 2/7/2007 | Event chronology / Statistical analyses / Preliminary damage analyses | 7 | 350.00 | 2,450.00 |
| 2/13/2007 | Preliminary damage analyses; Dura analyses | 4 | 350.00 | 1,400.00 |
| 2/14/2007 | Preliminary damage analyses; Estimation of institutional/non-institutional holdings and trading | 3.5 | 350.00 | 1,225.00 |
| 3/22/2007 | Research re affect of material weakness disclosures | 4.5 | 350.00 | 1,575.00 |
| 3/27/2007 | Research re affect of material weakness disclosures / Preliminary damage analyses | 5 | 350.00 | 1,750.00 |
| 3/28/2007 | Preliminary damage analyses; Aggregate damage estimations | 6.5 | 350.00 | 2,275.00 |
| 4/16/2007 | Alternative Damage Scenario Analyses | 2.5 | 350.00 | 875.00 |
| 4/17/2007 | Alternative Damage Scenario Analyses | 2 | 350.00 | 700.00 |
| 7/11/2007 | Draft Plan of Allocation | 4 | 350.00 | 1,400.00 |
| 8/13/2007 | Explanation re average recovery estimation methodology | 1 | 350.00 | 350.00 |
| 3/16/2007 | Invoice # 1239377; Banking BTQ Web Solution (Analyst report retrieval) | | 550.00 | 550.00 |
| 4/17/2007 | Invoice # 893397; Analytics (Analysts report and media retrieval) | | 637.83 | 637.83 |
| | Total Reimbursable Expenses | | | 1,187.83 |

| Total | $17,462.83 |
|---|---|

# EXHIBIT H

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION** | |
| | **Civil Action No. 05-cv-10438-MLW** |
| **This Pleading Applies to: All Actions** | |

## DECLARATION OF LAURENCE D. PASKOWITZ IN SUPPORT OF JOINT PETITION FOR ATTORNEYS' FEES AND DISBURSEMENTS <u>FILED ON BEHALF OF PASKOWITZ & ASSOCIATES</u>

Laurence D. Paskowitz, declares this 29th day of October, 2007, under pain and penalty of perjury under the laws of the United States as follows:

1.      I am the Principal of the law firm of Paskowitz & Associates, co-counsel for Plaintiff Walter Cohutt in the above-titled action.

2.      I respectfully submit this Declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in this action, as well as the reimbursement of expenses reasonably incurred by my firm in connection with this litigation. I have personal knowledge of the matters referred to herein.

3.      My firm principally carried out the following responsibilities in connection with the prosecution and resolution of this Action: (a) we researched the case and helped in drafting the initial and amended complaints; (b) we performed factual and legal research needed to respond to defendants' motions to dismiss; (c) in connection with that briefing, we concentrated on establishing that the pleadings adequately asserted scienter against defendants Bailey and Aulet, based on (i) the need to complete a secondary offering; (ii) a scheme to grow the

Company by acquisition; and (iii) the need to obtain a new and improved credit line for the Company.    We also drafted a brief section establishing that liability under Section 11 of the Securities Act was not based on fraud. In connection with drafting brief sections concerning these matters, we extensively reviewed and analyzed cases cited by defendants, and cases supporting plaintiffs' position. Finally, we engaged in research and drafting related to the  brief for preliminary approval of the settlement.  We believe that our extensive experience with the issues raised allowed for the briefing to be done quickly and efficiently.

      4.      The schedule annexed hereto as Exhibit 1 is a summary indicating the amount of time spent by the firm on this litigation.  The lodestar calculation is based on the firm's current billing rates.  This schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by the firm, which are being submitted to the Court for *in camera* review.  I submit that the hours spent by my firm are reasonable given the nature and complexity of the work entailed.  Time expended in preparing this application for attorney's fees and reimbursement of expenses is not included in the schedule.

      5.      As reflected in Exhibit 1, my firm spent a total of 78.90 hours working on this action.  The total lodestar of the firm is $46,945.00 consisting entirely of attorney time.  The hourly rates for the firm listed in Exhibit 1 are those which have been accepted in other securities or shareholder litigations and, as evidenced by the declarations of two prominent firms practicing in this District that specialize in the prosecution of securities class actions, are within the range of billing rates for other firms specializing in the prosecution of securities class actions in this District.  *See* Affidavit of Thomas G. Shapiro of the law firm of Shapiro, Haber & Urmy LLP (the "Haber firm"), and the Affidavit of Patrick T. Egan of the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo, Liaison Counsel, (the "Berman firm") submitted herewith.

Specifically, I have had over 25 years of legal experience, all of which has involved the prosecution and defense of complex litigation matters, including securities class actions and complex business litigation. In that regard, I have had primary responsibility for cases from inception through resolution. I have experience in all aspects of litigation, including pleading, discovery, witness preparation, briefing, experts, oral argument, pre-trial orders, and summary judgment. My firm has been lead or co-lead counsel in a number of successful securities litigations, including in *Steven Madden Corp. Derivative Litigation* (achieving $8.6 million derivative settlement in action alleging unfair employment contract for CEO who was convicted of money laundering and securities fraud)*; Capital One Consumer Practices Litigation* (predatory lending practices); and played a key role in achieving a $41 million settlement in *In re New Power Secs. Litig*, 02 CV 0550 (SDNY), where the firm represented one of the Co-Lead Plaintiffs. My experience and standing in the bar are comparable to the senior partners in the Berman and Haber firms, and my hourly rate compares favorably with the hourly rates of Berman and Haber senior partners who are similarly experienced.

6.    The firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.    As detailed in the chart below, the firm has incurred a total of $240.18 in unreimbursed expenses:

### Paskowitz & Associates

| Category of Expense | Amount |
| --- | --- |
| Lexis Legal Research | $240.18 |
|  |  |
| **TOTAL** | **$240.18** |

3

8.      The expenses incurred in this action are reflected on the books and records of the firm.   These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.   These records are available for review at the request of the Court.

Laurence D. Paskowitz

### IN RE VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION

### EXHIBIT 1 – LODESTAR REPORT

**FIRM:  Paskowitz & Associates**

| Professional | Status* | Hourly Rate | Total Hours | Total Lodestar |
|---|---|---|---|---|
| Laurence D. Paskowitz | P | $595 | 78.90 | $46,945.00 |
|  |  |  |  |  |
| **TOTAL** |  |  | **78.90** | **$46,945.00** |

_____

* Partner      (P)

5

# EXHIBIT I

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re VIISAGE TECHNOLOGY, INC.**<br>**SECURITIES LITIGATION** | **Civil Action No. 05-cv-10438-MLW** |
| **This Pleading Applies to: All Actions** | |

## DECLARATION OF RONALD SAUER IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINALAPPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Ronald Sauer, pursuant to 28 U.S.C. § 1746 declares as follows:

1.     I am one of the Lead Plaintiffs appointed by the Court in this consolidated action (the "Action") pursuant to the Court's Opinion and Order, dated January 19, 2006 (Docket No. 35).

2.     I respectfully submit this declaration in support of Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses. I have personal knowledge of the matters testified to herein.

3.     As a Lead Plaintiff for the Class, my responsibilities included, consulting with Lead Counsel to keep abreast of significant developments in the case, reviewing the complaints filed in this action, and approving all settlement demands in advance of settlement negotiations with the Defendants.

4.     Shortly after the announcement on March 2, 2005 by Viisage Technology, Inc. ("Viisage" or the "Company"), I became aware that class action litigation had been commenced

concerning the accuracy of Viisage's public statements about litigation in which it was involved in Georgia state court and its internal financial controls. Having suffered significant losses caused by these misrepresentations, I determined to retain counsel to pursue my claims.

5.    I selected Klafter & Olsen, LLP ("K&O") to represent me in seeking to serve as Lead Plaintiff in prosecuting a securities class action against Viisage and related defendants to recover the losses which I and the Class sustained as a result of their purchases of Viisage securities relating to the alleged misrepresentations and/or omissions in the Defendants' public filings and press releases.

6.    Subsequently, I jointly moved for appointment as Lead Plaintiff together with Turnberry Asset Management, Electronic Trading Group, LLC, David Hancock, and Lance Hancock, and sought appointment of Klafter & Olsen LLP and Entwistle & Cappucci LLP as Lead Counsel in the Action.

7.    Consistent with my responsibilities as a Lead Plaintiff, I had many discussions with my attorneys concerning the prosecution of this litigation, and am familiar with the claims alleged in the Amended Complaint, the Court's rulings on defendants' motions to dismiss, the considerable risks to recovering any damages on the claims allowed by the Court to proceed to discovery, and the negotiations leading up to the proposed Settlement.

8.    With this understanding, I gave Lead Counsel authority to settle the claims of the class for $2.3 million, representing approximately 18 percent of the maximum recoverable damages. I submit that this settlement warrants final approval by the Court given the circumstances of the case.

9.    In determining to retain counsel to represent me in this litigation, I reached agreement with my chosen counsel that, if I was selected as a Lead Plaintiff and they were

chosen as a Lead Counsel, and a recovery acceptable to me was obtained, that Lead Counsel
might seek up the 33% of any recovery for attorney's fees. The fee requested by Lead Counsel
(25 percent of the recovery) is within the cap on which we agreed at the outset of the case and I
consider it to be reasonable given the percentage of damages the Settlement represents and the
considerable risks Lead Counsel faced in obtaining any recovery.

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct. Executed on October 30Th, 2007.

Ronald Sauer
Ronald Sauer

# EXHIBIT J

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re VIISAGE TECHNOLOGY, INC.
SECURITIES LITIGATION

Civil Action No. 05-cv-10438-MLW

This Pleading Applies to: All Actions

**DECLARATION OF JEFFREY SCHNIPPER D/B/A TURNBERRY ASSET
MANAGEMENT LP IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND LEAD
COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES**

JEFFREY SCHNIPPER, pursuant to 28 U.S.C. § 1746, declares as follows:

1.     I am the President of Turnberry Asset Management ("Turnberry"), one of the

Lead Plaintiffs appointed by the Court in this consolidated action (the "Action") pursuant to the

Court's Opinion and Order, dated January 19, 2006 (Docket No. 35).

2.     I respectfully submit this declaration in support of Lead Plaintiffs' Motion for

Final Approval of Proposed Class Action Settlement and Lead Counsel's Motion for an Award

of Attorneys' Fees and Reimbursement of Expenses.  I have personal knowledge of the matters

testified to herein.

3.     As a Lead Plaintiff for the Class, Turnberry's responsibilities included consulting

with Lead Counsel to keep abreast of significant developments in the case, reviewing the

complaints filed in this Action, and approving all settlement demands in advance of settlement

negotiations with the Defendants.

4.      In an announcement made on March 2, 2005, Viisage Technology, Inc. ("Viisage" or the "Company") revealed that a material weakness existed in Viisage's internal accounting controls.  Shortly thereafter, Turnberry became aware that class action litigation had been commenced in connection with the accuracy of Viisage's public statements regarding its involvement in Georgia state court litigation and its internal financial controls.  Having suffered significant losses caused by the Company's misrepresentations, Turnberry determined to retain counsel to pursue Turnberry's claims.

5.      Turnberry selected Entwistle & Cappucci LLP ("E&C") to represent Turnberry in connection with its application to serve as Lead Plaintiff and to prosecute a securities class action against Viisage and related defendants.  The action was brought in order to recover the losses which Turnberry and the Class sustained as a result of their purchases of Viisage securities relating to the alleged misrepresentations and/or omissions in the Defendants' public filings and press releases.

6.      Subsequently, Turnberry jointly moved for appointment as Lead Plaintiff together with Electronic Trading Group, LLC, Ronald Sauer, David Hancock and Lance Hancock, and sought appointment of Entwistle & Cappucci LLP and Klafter & Olsen LLP as Lead Counsel in the Action.

7.      In furtherance of Turnberry's responsibilities as a Lead Plaintiff, I had many discussions with my attorneys concerning the prosecution of this litigation, and am familiar with the claims alleged in the Amended Complaint, the Court's rulings on defendants' motions to dismiss, the considerable risks to recovering any damages on the claims allowed by the Court to proceed to discovery, and the negotiations leading up to the proposed Settlement.

8.      With this understanding, I, on behalf of Turnberry, gave Lead Counsel authority to settle the claims of the Class for $2.3 million, representing approximately 18 percent of the maximum recoverable damages.  I submit that this settlement warrants final approval by the Court given the circumstances of the case.

9.      As part of its retention of counsel in this litigation, Turnberry reached agreement with its chosen counsel that, if it was selected as a Lead Plaintiff and its counsel was chosen as a Lead Counsel, and a recovery acceptable to Turnberry was obtained, that Lead Counsel might seek up the 33% of any recovery for attorney's fees.  The fee requested by Lead Counsel (25 percent of the recovery) is within the cap on which we agreed at the outset of the case and I consider it to be reasonable given the percentage of damages the Settlement represents and the considerable risks Lead Counsel faced in obtaining any recovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 29, 2007.

JEFFREY SCHNIPPER
d/b/a Turnberry Asset Management

- 3 -

# EXHIBIT K

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION | Civil Action No. 05-cv-10438-MLW |
| This Pleading Applies to: All Actions | |

DECLARATION OF JOSEPH VALENTI ON BEHALF OF ELECTRONIC TRADING
GROUP, LLC IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND LEAD
COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES

JOSEPH VALENTI, pursuant to 28 U.S.C. § 1746, declares as follows:

1.    I am the Interim Chief Executive Officer of Electronic Trading Group, LLC

("ETG"), one of the Lead Plaintiffs appointed by the Court in this consolidated action (the

"Action") pursuant to the Court's Opinion and Order, dated January 19, 2006 (Docket No. 35).

2.    I respectfully submit this declaration in support of Lead Plaintiffs' Motion for

Final Approval of Proposed Class Action Settlement and Lead Counsel's Motion for an Award

of Attorneys' Fees and Reimbursement of Expenses.  I have personal knowledge of the matters

testified to herein.

3.    As a Lead Plaintiff for the Class, ETG's responsibilities included consulting with

Lead Counsel to keep abreast of significant developments in the case, reviewing the complaints

filed in this Action, and approving all settlement demands in advance of settlement negotiations

with the Defendants.

4.     In an announcement made on March 2, 2005, Viisage Technology, Inc. ("Viisage" or the "Company") revealed that a material weakness existed in Viisage's internal accounting controls. Shortly thereafter, ETG became aware that class action litigation had been commenced in connection with the accuracy of Viisage's public statements regarding its involvement in Georgia state court litigation and its internal financial controls. Having suffered significant losses caused by the Company's misrepresentations, ETG determined to retain counsel to pursue ETG's claims.

5.     ETG selected Entwistle & Cappucci LLP ("E&C") to represent ETG in connection with its application to serve as Lead Plaintiff and to prosecute a securities class action against Viisage and related defendants. The action was brought in order to recover the losses which ETG and the Class sustained as a result of their purchases of Viisage securities relating to the alleged misrepresentations and/or omissions in the Defendants' public filings and press releases.

6.     Subsequently, ETG jointly moved for appointment as Lead Plaintiff together with Turnberry Asset Management LP, Ronald Sauer, David Hancock and Lance Hancock, and sought appointment of Entwistle & Cappucci LLP and Klafter & Olsen LLP as Lead Counsel in the Action.

7.     In furtherance of ETG's responsibilities as a Lead Plaintiff, I had many discussions with my attorneys concerning the prosecution of this litigation, and am familiar with the claims alleged in the Amended Complaint, the Court's rulings on defendants' motions to dismiss, the considerable risks to recovering any damages on the claims allowed by the Court to proceed to discovery, and the negotiations leading up to the proposed Settlement.

8.      With this understanding, I, on behalf of ETG, gave Lead Counsel authority to settle the claims of the Class for $2.3 million, representing approximately 18 percent of the maximum recoverable damages. I submit that this settlement warrants final approval by the Court given the circumstances of the case.

9.      In determining to retain counsel to represent ETG in this litigation, ETG reached agreement with its chosen counsel that, if it was selected as a Lead Plaintiff and its counsel was chosen as a Lead Counsel, and a recovery acceptable to ETG was obtained, that Lead Counsel might seek up the 33% of any recovery for attorney's fees. The fee requested by Lead Counsel (25 percent of the recovery) is within the cap on which we agreed at the outset of the case and I consider it to be reasonable given the percentage of damages the Settlement represents and the considerable risks Lead Counsel faced in obtaining any recovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 25, 2007.

_____
JOSEPH VALENTI on behalf of
Electronic Trading Group, LLC

3

# EXHIBIT L

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION** | |
| | **Civil Action No. 05-cv-10438-MLW** |
| **This Pleading Applies to: All Actions** | |

## AFFIDAVIT OF ANYA VERKHOVSKAYA

| | |
|---|---|
| **STATE OF WISCONSIN** | ) |
| | ) §§ |
| **MILWAUKEE COUNTY** | ) |

I, Anya Verkhovskaya, being duly sworn, state as follows:

1.    I am the Senior Vice President of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data") in Milwaukee, Wisconsin, and New York, New York.  Pursuant to the Court's Order Certifying the Class, Preliminarily Approving Settlement and Providing for Notice, entered August 17, 2007  (the "Preliminary Approval Order"), A.B. Data was appointed Claims Administrator with responsibility for disseminating notice of the proposed Settlement and otherwise administrating the Settlement under the supervision of Lead Counsel.  My business address is 4057 North Wilson Drive, Milwaukee, Wisconsin 53211.  My direct telephone number is (414) 963-6441.

2.    I submit this Affidavit in to attest to the dissemination of notice to the Class in accordance with the Preliminary Approval Order.  This Affidavit is based upon my personal knowledge, and upon information provided by Lead Counsel, my associates, and staff.

3.    To comply with the notice provisions of the Court's Preliminary Approval Order, A.B. Data:

    A. Disseminated the: i) Notice of Pendency and Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing and Proof of Claim form, annexed

hereto as Exhibit A (the "Notice Packet"), to all persons identified on the transfer records of Viisage provided by Viisage's stock transfer agent, which principally listed nominees of Class members, along with a copy of the Notice Packet to each of the banks, brokers and other nominees on the A.B. Data proprietary list of banks, brokers an nominees, by First-Class Mail, postage paid. As part of the initial mailing the Notice Packet included a cover letter to banks, brokers and other nominees, annexed as Exhibit B;

B.  Sent an electronic version of the cover letter to banks, brokers and nominees along with an electronic copy of the Notice Packet via e-mail to 481 of the largest banks, brokers and nominees on the A.B. Data proprietary list of banks, brokers, and other nominees.

C.  Established a case-specific toll-free line with an Interactive Voice Response (IVR) system and live operators;

D.  Established a case-specific page on A.B. Data's website, abdatalawserve.com, from which the Notice, Proof of Claim, Stipulation of Settlement, Preliminary Approval Order and related information can be downloaded by Class members;

E.  Published the Summary Notice for Publication ("Summary Notice"), annexed as Exhibit C; hereto;

F.  Provided additional Notice Packets to nominees or Class members identified by banks, brokesr and other nominees; and;

E.  Processed Exclusion Requests.

4.      Specifically, on or about August 20, 2007, Lead Counsel provided A.B. Data with Court-approved Notice and Proof of Claim form and then formatted them for printing.

5.      On or about August 24, 2007, A.B. Data received the list of record purchasers of Viisage common stock during the Class period, consisting of 952 names and addresses, from Viisage's stock transfer agent, Computershare (the "Initial Class List"). A.B. Data standardized and updated the Initial Class List

addresses using NCOA Link, a national database of address changes that is compiled by the United States Postal Service ("USPS").

6.    On or about August 30, 2007, A.B. Data printed the Notice Packet in preparation for mailing.

7.    According to the Preliminary Approval Order, the mailing was to occur by September 14, 2007. On September 7, 2007, A.B. Data delivered 3,785 Notice Packets along with the cover letter to banks, brokers and nominees to the USPS to be mailed via First-Class Mail, postage prepaid.

8.    On or about September 17, 2007, A.B. Data sent an electronic version of the cover letter to banks, brokers and nominees along with an electronic copy of the Notice Packet via e-mail to the 481 banks, brokers and nominees identified by A.B. Data.

9.    As of the date of this Affidavit, 1260 of the 3,785 Notices that were mailed on September 7, 2007, were returned by the USPS to A.B. Data as Undeliverable as Addressed ("UAA"), of those returned UAA, A.B. Data identified forwarding addresses for 157 of them, who were resent the Notice Packet.

10.    During the period September 7, 2007, to October 31, 2007, an additional 21,369 Notice Packets were delivered to the USPS to be mailed via First-Class Mail, postage prepaid, on behalf of banks, brokers, and other nominees, or delivered to such entities for mailing by them, through the fulfillment request process described on page 7 of the Notice for dissemination of the Notice Packet to the clients of said entities, for a total mailing of 25,154 Notice Packets.

11.    On or about September 4, 2007, a case-specific toll-free number, (866) 217-4245, was established with an Interactive Voice Response (IVR) system and live operators. The automated attendant answered the calls and presented callers with a series of choices to respond to basic questions. If callers needed further help, they had the option to be transferred to a live operator during business hours or they could leave a voicemail after hours.

12.    From September 7, 2007, through October 30, 2007, A.B. Data received 79 telephone calls and 13 voicemail messages, all of which were promptly returned.

13.    On or about September 6, 2007, A.B. Data established a webpage on its website, abdatalawserve.com, for the above-captioned case.  Included on this webpage was general information regarding the case and its current status as well as documents for download by potential Class Members as follows: Notice of Pendency and Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing, which has been downloaded 112 times; Proof of Claim, which has been downloaded 119 times; Stipulation of Settlement, which has been downloaded 30 times; Order Certifying the Class, Preliminarily Approving Settlement and Providing for Notice to the Class, which has been downloaded 19 times; Electronic Claims Filing Guidelines, which have been downloaded 12 times; and Electronic Claims Filing Template, which has been downloaded 9 times.  A copy of this web page is annexed hereto as Exhibit D.

14.    In accordance with the Order, on Monday, September 17, 2007, A.B. Data caused the publication of the Summary Notice once in the national edition of *The Wall Street Journal*, the affidavit of publication is attached as Exhibit E.

15.    As of October 31, 2007, A.B. Data has received a total of two (2) requests for exclusion from Class members. Exclusion requests were required to be postmarked no later than October 26, 2007.  No other requests for exclusion by Class members were received that were postmarked after the deadline.  A copy of the two requests for exclusion that have been received are included in Exhibit F, annexed hereto.

16.    Outstanding invoices associated with notice program described above through October 26, 2007, total $77,333.72, as detailed in the invoices attached as Exhibit G.  .

Executed this 31st day of October, 2007.

Anya Verkhovskaya

STATE OF WISCONSIN         )
                                          ) §§

COUNTY OF MILWAUKEE     )


SUBSCRIBED and SWORN before me on this 31st day of October, 2007.


Michelle M. La Count, Notary Public
My commission is permanent.

# Exhibit A

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING**

If you bought Viisage Technology, Inc. ("Viisage") common stock during the period from May 12, 2004, through March 2, 2005, inclusive (the "Class Period"), you could get a payment from the class action settlement described below.

A Federal Court authorized this Notice. This is not a solicitation from a lawyer.

**THIS NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING (THE "NOTICE") RELATES TO A PROPOSED SETTLEMENT OF CLASS CLAIMS ASSERTED IN AN ACTION ENTITLED** *IN RE VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION*, **CIVIL ACTION NO. 05-cv-10438-MLW, BROUGHT BY LEAD PLAINTIFFS TURNBERRY ASSET MANAGEMENT, ELECTRONIC TRADING GROUP, LLC, RONALD SAUER, DAVID HANCOCK AND LANCE HANCOCK, ON BEHALF OF THEMSELVES AND THE CLASS DEFINED HEREIN (COLLECTIVELY, "LEAD PLAINTIFFS") AGAINST VIISAGE (NOW KNOWN AS L-1 IDENTITY SOLUTIONS, INC.), BERNARD C. BAILEY, WILLIAM K. AULET, DENIS K. BERUBE, MARCEL YON, BUDDY G. BECK, CHARLES A. LEVINE, THOMAS J. REILLY, HARRIET MOUCHLY-WEISS, PAUL T. PRINCIPATO AND PETER NESSEN (COLLECTIVELY, "DEFENDANTS").**

**THIS NOTICE EXPLAINS IMPORTANT RIGHTS YOU MAY HAVE INCLUDING YOUR POSSIBLE RECEIPT OF CASH CONSIDERATION AS A RESULT OF THE SETTLEMENT AND ALSO CONTAINS A PROOF OF CLAIM FORM THAT YOU MUST COMPLETE AND SUBMIT POSTMARKED BY DECEMBER 21, 2007, IN ORDER TO BE ELIGIBLE TO SHARE IN THE SETTLEMENT. PLEASE READ IT CAREFULLY!**

The proposed Settlement will provide $2.3 million in cash (the "Settlement Amount") to pay claims of investors who purchased Viisage's publicly traded securities during the period from May 12, 2004, through March 2, 2005, inclusive. The only securities issued by Viisage that were publicly traded during the Class Period were its common stock. Lead Plaintiffs estimate that the average recovery per 100 damaged shares of common stock would be approximately $6.70 before the deduction of attorney, notice, administrative fees, Taxes, costs and expenses, as approved by the Court. The recovery is explained in greater detail below. As is also explained below, the Parties do not agree on the average amount of damages that would be recoverable if Lead Plaintiffs prevailed on all claims.

The proposed Settlement will resolve a lawsuit over whether the Defendants violated federal securities laws as a result of issuing allegedly false and misleading public statements. The Defendants deny all allegations of wrongdoing. Lead Plaintiffs believe that the proposed Settlement is in the best interests of the members of the Class in that it provides a significant benefit now, as compared to the risk that a smaller or no recovery would be achieved after a trial and appeals, possibly years in the future, in connection with which Defendants would have the opportunity to assert substantial defenses to the claims asserted on behalf of the Class.

Lead Counsel intends to apply for an award of attorneys' fees on behalf of all plaintiffs' counsel (collectively, "Plaintiffs' Counsel") not to exceed 25% of the Settlement Amount. In addition, Lead Counsel intends to apply for reimbursement of expenses paid and incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of this Action, in an amount not to exceed $55,000.00. If Lead Counsel's Fee and Expense Application is approved by the Court, the average recovery per 100 allegedly damaged shares of common stock would be reduced by approximately $1.70, for an average net recovery per 100 damaged shares of approximately $5.00. Plaintiffs' Counsel have litigated this Action on a contingent-fee basis, and have advanced all of the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive attorneys' fees and be reimbursed for their expenses from the recovery, as is customary in this type of litigation.

Your legal rights are affected whether you act, or do not act, so please read this Notice carefully. If you have any questions concerning any matter contained in this Notice, you may contact any of the Lead Counsel identified below or the Claims Administrator as indicated on Pages 5 and 7.

| YOUR LEGAL RIGHTS AND OPTIONS CONCERNING THE PROPOSED SETTLEMENT, FEE AND EXPENSE APPLICATION AND/OR PLAN OF ALLOCATION: | |
| --- | --- |
| SUBMIT A PROOF OF CLAIM FORM | The only way to get a payment. |
| REQUEST EXCLUSION FROM THE CLASS | Get no payment, preserve all rights. |
| OBJECT | Write to the Court about why you do not like any of the above. |
| APPEAR AT A HEARING | Ask to speak in Court about any of the above. |
| DO NOTHING | Get no payment. Give up rights. |

**THESE RIGHTS AND OPTIONS AND THE DEADLINES TO EXERCISE THEM ARE EXPLAINED IN THIS NOTICE.**

The issuance of this Notice is not intended to be an expression of the Court's opinion on the merits of any claim in the Action and the Court in charge of this case still has to decide whether to enter a judgment approving the proposed Settlement. Payments will be made if the Court approves the proposed Settlement, after appeals are resolved, and after the completion of all claims processing. Please be patient.

Any questions regarding the proposed Settlement should be directed to the following Lead Counsel: Robert N. Cappucci, Esq., Entwistle & Cappucci LLP, (212) 894-7200 or Jeffrey A. Klafter, Esq., Klafter & Olsen LLP, (914) 997-5656. DO NOT CONTACT THE COURT.

**WHY DID I GET THIS NOTICE?**

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and pursuant to an Order of the United States District Court for the District of Massachusetts (the "Court"). The purpose of this Notice is to inform you: (1) that the Court has, for settlement purposes only, certified this Action as a class action, on behalf of a class consisting of all persons who purchased Viisage's publicly traded securities during the Class Period from May 12, 2004, through March 2, 2005, inclusive, with certain exclusions set forth in the footnote below (the "Class");[1] (2) of the proposed Settlement that has been reached in this class action between Lead Plaintiffs, individually and on behalf of the Class, and Defendants; (3) of a hearing (the "Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and at which the Court may also consider approval of the Plan of Allocation and the application of Lead Counsel on behalf of all Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses, described below.

Pursuant to an Order of the Court dated August 17, 2007 (the "Preliminary Approval Order"), the Fairness Hearing will be held at 3:00 p.m. on November 16, 2007, before the Honorable Mark L. Wolf in Courtroom 10 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A MEMBER OF THE CLASS ("CLASS MEMBER") OR ARE ENTITLED TO RECEIVE PROCEEDS FROM THE PROPOSED SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE PROPOSED SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED PROOF OF CLAIM FORM TO THE CLAIMS ADMINISTRATOR POSTMARKED BY DECEMBER 21, 2007.**

**PLEASE BE ADVISED THAT THE COURT MAY ALTER THIS OR ANY OF THE OTHER DEADLINES SET FORTH IN THIS NOTICE FOR GOOD CAUSE SHOWN.**

**WHAT RECOVERY DOES THE PROPOSED SETTLEMENT PROVIDE?**

Pursuant to the Settlement described herein, the Defendants have agreed to pay or cause to be paid a total of $2.3 million in cash for the benefit of the Class. The Settlement Amount, less notice and administration expenses and attorneys' fees and expenses awarded to Plaintiffs' Counsel (the "Net Settlement Fund") will be distributed in accordance with a plan of allocation (the "Plan of Allocation") described below. Under the proposed Plan of Allocation, the expected recovery from the proposed Settlement per 100 damaged shares of common stock would be approximately $6.70. However, your actual recovery from the Net Settlement Fund will depend on a number of variables including the number of Viisage shares of common stock you purchased during the Class Period, whether those shares were held as of the close of the market on March 2, 2005, whether those shares were sold on or before June 1, 2005, the total number of shares for which timely and valid Proof of Claim forms are submitted by Class Members ("Authorized Claimants"), and the amount of attorneys' fees and expenses awarded by the Court. See "HOW MUCH WILL MY PAYMENT BE?", on Page 3 below.

**WHAT MIGHT HAVE HAPPENED IF THE PARTIES HAD NOT AGREED TO THE PROPOSED SETTLEMENT?**

Lead Plaintiffs and Defendants do not agree on the average amount of damages per share of Viisage common stock that would be recoverable if Lead Plaintiffs were to have prevailed on the Class' claims asserted in the Action that were not dismissed by the Court. The issues on which the Parties disagree include, among other things, the amount of damage, if any, allegedly caused by the alleged misrepresentations and omissions set forth in the claims that were not dismissed by the Court. If Lead Plaintiffs failed to establish any essential legal or factual element of their claims, neither they nor the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their asserted challenges to recoverable damages, Plaintiffs would likely recover substantially less than the Settlement Amount of $2.3 million, or recover nothing.

**WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?**

This securities class action was commenced on March 8, 2005, alleging violations of the federal securities laws on behalf of certain investors in Viisage. By Order dated January 19, 2006, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court appointed Turnberry Asset Management, Electronic Trading Group, LLC, Ronald Sauer, David Hancock, and Lance Hancock as Lead Plaintiffs and approved their selection of Klafter & Olsen LLP and Entwistle & Cappucci LLP as Lead Counsel in the Action. Lead Plaintiffs filed their Consolidated Amended Class Action Complaint on February 27, 2006 (the "Complaint"), which alleged, among other things, that Viisage issued press releases and filed documents with the Securities and Exchange Commission (the "SEC"), and that certain of the Individual Defendants made statements during conference calls with securities analysts, which contained materially false and misleading statements concerning: (1) litigation with which Viisage was involved in connection with a contract it had obtained with the Georgia Department of Motor Vehicle Safety ("DMVS") to provide secure drivers licenses for the State (the "Georgia DMVS Litigation"); and (2) Viisage's disclosure controls and internal financial controls. The Complaint further alleged that these materially false and misleading statements were made with knowledge of, or in reckless disregard of, the true facts. Lead Plaintiffs asserted in the Complaint that, in connection with this alleged wrongdoing, Defendants violated Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b) (and Rule 10b-5 promulgated thereunder) and 20(a) of the Securities Exchange Act of 1934, and caused damages to Lead Plaintiffs and the members of the Class. By their Complaint, Lead Plaintiffs sought money damages plus interest, costs and attorneys' fees from Defendants.

---

[1] Excluded from the Class are: (i) the Defendants herein, the directors, officers and employees of Viisage, the members of each Individual Defendant's immediate families, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party; and (ii) those Persons who submit a valid and timely request for exclusion from the Class pursuant to the instructions set forth in this Notice.

On April 3, 2006, Defendants filed a Motion to Dismiss the Complaint which was opposed by Lead Plaintiffs. The Court held oral argument on Defendants' motion to dismiss on February 1, 2007, at which time, following extensive oral argument, the Court denied the motion to dismiss Lead Plaintiffs' claims concerning Viisage's disclosure controls and internal financial controls, but requested each of the Parties to submit further briefing on Lead Plaintiffs' claims concerning the Georgia DMVS Litigation disclosures. These supplemental briefs were filed with the Court on February 14, 2007. The Court then held further argument concerning the Georgia DMVS Litigation disclosures on February 23, 2007, at which time the Court determined to allow Defendants' motion to dismiss those claims. On February 27, 2007, the Court entered an Order memorializing these rulings (the "February 27 Order"). Accordingly, the only claims allowed to proceed to discovery by the Court were Lead Plaintiffs' claims concerning statements made during the Class Period in certain of Viisage's filings with the Securities and Exchange Commission regarding the effectiveness of Viisage's disclosure controls and internal financial controls.

The February 27 Order further directed the Parties to, by April 27, 2007: (1) meet to discuss a possible settlement of the Action; (2) exchange certain information to assist the Parties in discussing settlement; and (3) report to the Court on the status of those discussions and to present a proposed scheduling order to govern the case in the event a settlement was not achieved. In accordance with the February 27 Order, Defendants' counsel provided Lead Counsel with seven hundred and seventy pages of documents concerning Viisage's disclosure and internal financial controls during the Class Period and Lead Counsel provided Defendants' counsel with documents and information concerning trading in Viisage common stock by certain of the Lead Plaintiffs.

## WHAT LED UP TO THE PROPOSED SETTLEMENT?

In accordance with the February 27 Order, counsel for the Parties engaged in settlement discussions but were unable to reach agreement by April 27, 2007, and therefore negotiated and submitted a Proposed Joint Pretrial Scheduling Order (the "Proposed Order") for the Court's approval on that date. However, as the Parties were still engaged in settlement negotiations, the Proposed Order contained a three-week delay before the commencement of formal discovery in which to conduct further negotiations. Despite the efforts of counsel for the Parties, during this three-week period, no agreement was reached. Accordingly, Defendants answered the Complaint on May 14, 2007, and the Parties were prepared to commence discovery upon entry of the Proposed Order.

Following the submission of the Proposed Order, however, the Parties made further efforts to reach a settlement and finally reached an agreement-in-principle to settle this Action for the Settlement Amount on June 13, 2007, subject to the negotiation of a definitive stipulation of settlement and releases in forms satisfactory to counsel for all Parties, and approval of that Stipulation of Settlement by the Court. The proposed Settlement described herein is the product of extensive arm's length negotiations between Lead Counsel and Defendants' Counsel.

## WHAT ARE THE REASONS FOR THE SETTLEMENT?

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute this Action through trial and appeals and the uncertain outcome of such proceedings. In particular, Lead Plaintiffs and Lead Counsel have considered the likelihood of proving liability and damages on the internal control claims that the Court allowed to proceed to discovery. Following extensive discovery, Defendants would have moved for summary judgment, which, if successful, would terminate the Action unless the grant of summary judgment could be reversed on appeal. Lead Plaintiffs and Lead Counsel also took into account the issues that would have to be decided by a jury if summary judgment was denied, including whether any statement made by any of the Defendants was false, whether the Defendants acted with scienter (knowingly or recklessly), a predicate for liability on certain of Lead Plaintiffs' claims, whether each of the alleged misrepresentations and omissions were material, and the amount of any damages caused by the alleged misrepresentations and omissions. Proof of damages caused by the alleged misrepresentations and omissions concerning Viisage's internal disclosure and financial controls would also be particularly problematic as Viisage made other disclosures in its announcement on March 2, 2005, in which Viisage first publicly disclosed material weaknesses in these controls. Lead Plaintiffs and Lead Counsel have also taken into account the uncertain outcome and trial risk in complex actions such as this Action. Based upon consideration of these factors, which could have led to a smaller or no recovery at all after a trial and appeals, possibly years in the future, and balancing them against the certain and significant benefits that the Class will receive as a result of the proposed Settlement, Lead Plaintiffs and Lead Counsel determined that the proposed Settlement described herein is fair, reasonable and adequate and that it is in the best interests of the Class to settle the Action on the terms described herein.

Prior to agreeing to the proposed Settlement, Lead Counsel conducted an extensive investigation and discovery relating to the events and transactions underlying the claims. Lead Counsel also retained and had the benefit of experts in calculating damages in actions such as this.

## WHY HAVE THE DEFENDANTS AGREED TO THE PROPOSED SETTLEMENT?

Defendants have denied and expressly continue to deny any wrongdoing, fault, liability, violation of law or damage alleged in the Complaint and do not admit or concede any wrongdoing, fault, liability, violation of law or damage in connection with any facts or claims that have been or could have been alleged against them by the Lead Plaintiffs, but consider it desirable for the Action to be settled and dismissed because the proposed Settlement will: (i) bring to an end the substantial expenses, burdens, risks and uncertainties associated with continued litigation of this Action; (ii) finally put to rest those claims and the underlying matters; and (iii) avoid further expense and disruption of the management and operation of Defendants' business due to the prosecution and defense of this Action.

## HOW MUCH WILL MY PAYMENT BE?

If the proposed Settlement is approved by the Court and you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of valid Proof of Claim forms that Class Members submit, the number of shares of Viisage common stock you purchased, and when you purchased and/or sold those shares, as described in the Plan of Allocation that is included on Pages 6 and 7 of this Notice.

By following the Plan of Allocation at the end of this Notice, you can calculate your Recognized Loss. The Claims Administrator will distribute the Net Settlement Fund according to the Plan of Allocation after all Proof of Claim forms have been processed, the Settlement has been approved by the Court, and any appeals have been resolved in favor of approval of the Settlement or the time for any appeals has expired.

**HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?**

To qualify for a payment out of the Net Settlement Fund, you must complete and sign the Proof of Claim form enclosed with this Notice and mail it by First-Class Mail to:

**In re Viisage Technology, Inc. Securities Litigation**
**Claims Administrator**
**c/o A.B. Data, Ltd.**
**Post Office Box 170500**
**Milwaukee, WI 53217**

Proof of Claim forms must be postmarked no later than **December 21, 2007**. If a Class Member chooses to submit his, her, or its Proof of Claim form in a manner other than by First-Class Mail, then it must be actually received at the address on the Proof of Claim form no later than **December 21, 2007**.

Review the Proof of Claim form and read the instructions carefully. The Proof of Claim form must be supported by such documents specified in the Proof of Claim form as are reasonably available to you. The Proof of Claim form includes the Releases set forth below. Any member of the Class who fails to submit a Proof of Claim form postmarked or received by **December 21, 2007**, and who does not exclude himself, herself or itself from the Class, shall be forever barred from receiving any payments pursuant to the proposed Settlement described herein, but in all other respects will be subject to and bound by the provisions of any judgment entered, including but not limited to the releases included therein. This means that if the proposed Settlement is approved by the Court, each Class Member will be deemed to have released the Released Persons against the Released Persons, as defined below, and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against the Released Persons regardless of whether or not you submit a Proof of Claim form.

**If you have any questions, or need help completing the Proof of Claim form, please call the Claims Administrator at (866) 217-4245 toll-free or send e-mail to info@abdatalawserve.com for further assistance.**

**WHEN WILL I RECEIVE MY PAYMENT?**

The Court will hold a hearing on November 16, 2007, to consider whether to approve the proposed Settlement. The Net Settlement Fund cannot be distributed until after the Court has approved the proposed Settlement and any appeals have been resolved in favor of its approval, or after the expiration of the time to file an appeal. The resolution of any appeals may take more than a year. In addition, the review and processing of Proof of Claim forms must be completed by the Claims Administrator before Net Settlement Fund distributions may be made. Claims processing, by itself, is a complicated process and will take many months. Please be patient.

**WHAT RIGHTS AM I GIVING UP TO RECEIVE A PAYMENT?**

If you are a Class Member or you are the legal representative of a Class Member and the proposed Settlement is approved by the Court and becomes final, you, on behalf of yourself, your heirs, executors, administrators, successors, assigns, and any persons you represent, will release all "Released Claims," including all "Unknown Claims," against all "Released Persons" as follows:

(a) "Released Claims" shall collectively mean any and all claims (including Unknown Claims, as defined below), debts, demands, liabilities, rights and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, based upon or related to the purchase of Viisage publicly traded securities during the Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Action against any of the Released Persons, except claims to enforce the Settlement or any of its terms.

(b) "Released Persons" means any and all of the Defendants, their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former employees, officers, and directors of each of them, the present and former trustees, attorneys, accountants, insurers, partners, principals, and agents of each of them, and the predecessors, heirs, executors, administrators, successors, and assigns of each of them, and any person or entity which is or was related to or affiliated with any Released Person or in which any Released Person has or had a controlling interest and the present and former employees, officers, directors, attorneys, accountants, insurers, partners, principals, and agents of each of them

(c) "Unknown Claims" means any and all Released Claims that the Lead Plaintiffs or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Defendants and the Released Persons including, without limitation, claims that, if known by them, might have affected their decisions to settle with and release the Defendants and the Released Persons, or might have affected their decisions whether to object to this Settlement.

(d) If you are a Class Member, all of the Court's proceedings, rulings, orders, and judgments will apply to you and legally bind you.

**CAN I EXCLUDE MYSELF FROM THE CLASS?**

YOU WILL BE EXCLUDED FROM THE CLASS ONLY UPON SPECIFIC WRITTEN REQUEST AS DESCRIBED BELOW. If you request to be excluded, you will not be entitled to share in any recovery obtained by the Lead Plaintiffs by settlement or favorable judgment in the Action, including the proposed Settlement with the Defendants described in this Notice. You also will not be bound by any judgment in favor of either the Lead Plaintiffs or Defendants.

You may request to be excluded from the Class by timely mailing a written Request for Exclusion, POSTMARKED ON OR BEFORE **OCTOBER 26, 2007**, to:

**EXCLUSIONS**
**Claims Administrator**
**c/o A.B. Data, Ltd.**
**Post Office Box 170500**
**Milwaukee, WI 53217**

Your Request for Exclusion should include the name of the beneficial owner (including the name of any joint owner of Viisage common stock), your address, the number of shares of Viisage common stock purchased and sold during the Class Period, the date(s) of such purchase(s) and sale(s) and the price(s) paid and received, and should specifically state that you request to be excluded from the Class in the Action. Each individual or entity requesting exclusion must personally sign a Request for Exclusion. In the case of an entity requesting exclusion, an officer, general partner, or trustee must sign the Request for Exclusion and indicate his/her name and authority to sign on behalf of the entity.

## DO I HAVE A LAWYER IN THIS CASE?

Yes. The Court appointed Klafter & Olsen LLP and Entwistle & Cappucci LLP as Lead Counsel in the Action to represent all Class Members in this Action. You will not be charged for these lawyers, although they will ask the Court to award them a portion of the Settlement Amount as a fee for the services of all Plaintiffs' Counsel to Lead Plaintiffs and the Class and to reimburse them for their expenses in prosecuting this Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## HOW WILL THE LAWYERS BE PAID?

Lead Counsel for the Lead Plaintiffs will apply, on behalf of all Plaintiffs' Counsel, in one or more applications, to the Court for an award of attorneys' fees from the Settlement Amount of twenty-five percent (25%) of the Settlement Amount, and reimbursement of expenses of no greater than $55,000.00 (the "Request for Attorneys' Fees and Expenses"). If this amount is awarded by the Court, the average estimated cost per 100 allegedly damaged shares is $1.70, for an average net recovery per 100 damaged shares of approximately $5.00. Plaintiffs' Counsel have spent more than two years litigating this Action on an entirely contingent-fee basis, and have advanced all of the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive attorneys' fees and be reimbursed for their expenses from any funds recovered on behalf of the Class, as is customary in this type of litigation. Any amounts awarded by the Court will come out of the Settlement Amount.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE PROPOSED SETTLEMENT, PLAN OF ALLOCATION AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES?

As noted above, the Fairness Hearing will be held on November 16, 2007 at 3:00 p.m. in Courtroom 10 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, at which the Court will consider, among other things, whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court; whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court; and whether a Final Judgment substantially in the form of Exhibit B to the Settlement Agreement should be entered in this Action. The Court expressly reserves the right to adjourn the Fairness Hearing from time to time without any further written notice to Class Members, other than notice posted at the Court on the date of the Fairness Hearing. At or after the Fairness Hearing, the Court will also consider whether to approve Lead Counsel's Request for Attorneys' Fees and Expenses and the Plan of Allocation described herein.

## WHAT CAN I DO IF I DO NOT LIKE THE PROPOSED SETTLEMENT, THE REQUEST FOR ATTORNEYS' FEES AND EXPENSES, AND/OR THE PLAN OF ALLOCATION?

If you are a Class Member, you can object to the Settlement, the Request for Attorneys' Fees and Expenses and/or the Plan of Allocation if you do not like any part of it. If you object to the Settlement, the Request for Attorneys' Fees and Expenses and/or the Plan of Allocation, you can present reasons why you think the Court should not approve any of them. To object, you must send a letter saying what you object to and the reasons for your objection. Be sure to include the case name and number: "In re Viisage Technology, Inc. Securities Litigation, Civil Action No. 05-cv-10438-MLW (D. Mass.)," your name, current address, telephone number, and signature, information concerning your purchase(s) and sale of Viisage common stock during the Class Period and through June 1, 2005, including the number of such shares purchased and sold, the dates of purchase and sale, the reason(s) you object to the proposed Settlement, the Request for Attorneys' Fees and Expenses and/or the Plan of Allocation, and all legal support you wish to bring to the Court's attention or evidence you have to support your objection. You must mail or deliver copies of your objection and of any papers you would like to present to the Court to all of the people identified below such that they are received no later than **October 26, 2007:**

| THE COURT | LEAD COUNSEL FOR PLAINTIFFS | COUNSEL FOR DEFENDANTS |
|---|---|---|
| Clerk of the Court | Jeffrey A. Klafter, Esq. | Mitchell H. Kaplan, Esq. |
| United States District Court | KLAFTER & OLSEN LLP | CHOATE HALL & STEWART LLP |
| for the District of Massachusetts | 1311 Mamaroneck Avenue, Suite 220 | Two International Place |
| John Joseph Moakley U.S. Courthouse | White Plains, NY 10605 | Boston, MA 02110 |
| 1 Courthouse Way, Suite 2300 | | |
| Boston, MA 02210 | Robert N. Cappucci, Esq. | |
| | ENTWISTLE & CAPPUCCI LLP | |
| | 280 Park Avenue, 26th Floor West | |
| | New York, NY 10017 | |

Any objection must be filed with the Court or on or before that must be hired. If you file an objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through an attorney hired at your own expense. If you hire an attorney to represent you at the Fairness Hearing, the attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of that notice to Lead Counsel and Defendants' Counsel, at the addresses set forth above, so that they are received no later than **October 26, 2007**.

ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION, AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT, THE FEE AND EXPENSE APPLICATION, AND/OR THE PROPOSED PLAN OF ALLOCATION, UNLESS THE COURT ORDERS OTHERWISE.

Class Members who do not object to the Settlement, Fee and Expense Application and Plan of Allocation need not appear at the Fairness Hearing.

### WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND REQUESTING EXCLUSION?

Objecting is telling the Court that you do not like something about the Settlement, Plan of Allocation or Request for Attorneys' Fees and Expenses. You can object only if you are a Class Member. If you submit a Request for Exclusion, that tells the Court that you do not want to be a Class Member, and therefore you cannot object because the Action no longer affects you.

### WHAT WILL HAPPEN IF I DO NOTHING AT ALL?

If you fail to submit a timely Proof of Claim form in response to this Notice, you will not get any money from this Settlement. Whether or not you submit a timely Proof of Claim form, if you are a Class Member, you will not ever be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any Defendant or other Released Person asserting any of the Released Claims, as described above.

### WHAT IS THE PLAN OF ALLOCATION?

The Plan of Allocation is the method by which the Net Settlement Fund will be allocated among Authorized Claimants that submit timely, valid and signed Proof of Claim forms. It is the product of Lead Counsel's investigation and discovery, and consultation with their damage expert. In formulating this Plan of Allocation, Lead Counsel considered the applicable law governing the ability to recover damages for the alleged internal control claims – the only claims allowed to proceed by the Court.

Shortly following the commencement of this Action, the United States Supreme Court issued a decision concerning the ability of purchasers of securities to recover losses in a securities fraud action such as this. The Supreme Court held that to recover damages, a plaintiff must show a connection between the alleged misrepresentations and the loss. Since this decision, appellate courts have interpreted it to bar a recovery of losses absent a showing that any losses were caused by a public disclosure concerning the alleged fraud. Here, the first disclosure of material weaknesses in Viisage's internal controls occurred after the close of the market on March 2, 2005.

Specifically, on March 2, 2005, after the close of the market, Viisage issued a press release reporting its fourth quarter financial results, which largely conformed to the preliminary results announced by Viisage on February 7, 2005. Viisage also disclosed in its March 2, 2005, press release that "the Company determined that it had an internal control deficiency that constitutes a 'material weakness'...." Further, Viisage held a conference call with securities analysts at 8:00 a.m. on March 3, 2005, during which it amplified on its internal control deficiencies and also indicated that Viisage expected fiscal year 2005 revenues to be "between $73 million and $80 million" as compared to security analyst then consensus revenue estimates of approximately $83 million. Further, contrary to its prior practice of providing guidance for Earnings Before Income Tax, Depreciation and Amortization ("EBITDA"), Viisage stated that, "we have decided to not give specific guidance on that number...." Following these disclosures, the price of Viisage common stock declined by $0.97 per share (or 17.7%) on March 3, 2005 (not taking into account the 2-for-5 reverse stock split in December 2005). Also, following Viisage's March 2, 2005, and March 3, 2005, revelations, security analysts generally reduced their estimates and ratings on Viisage common stock due to Viisage's lowered revenue estimates and its internal control deficiencies. Parsing out the portion of the decline in Viisage's stock price on March 3, 2005 that plaintiffs contend was due to the internal control disclosures was the subject of an extensive disagreement among the Parties and would have been hotly debated by expert witnesses retained by Lead Plaintiffs and Defendants. For purposes of this Plan of Allocation, given that security analysts focused on both Viisage's lowered revenue guidance and the internal control issues in their reports, it is assumed that 50% of the $0.97 decline per share of Viisage common stock on March 3, 2005 (or $0.485), was caused by the revelations concerning the alleged internal control misrepresentations and omissions.

Based on these factors, each Authorized Claimant's Recognized Loss will be calculated for purposes of the proposed Settlement as follows:

(a)  For shares of Viisage common stock THAT WERE PURCHASED DURING THE PERIOD MAY 12, 2004, AND MARCH 2, 2005, INCLUSIVE, AND STILL HELD AS OF THE CLOSE OF THE MARKET ON MARCH 2, 2005 (the end of the Class Period), the Recognized Loss per share shall be the lesser of: (1) $0.485; and (2) if sold prior to June 1, 2005 [the 90-day period after March 2, 2005], the difference between (x) the purchase price paid and (y) the sales price. If you did not incur a loss based upon shares of common stock purchased during the Class Period and sold during the period March 3, 2005, through and including June 1, 2005, then the Recognized Loss per share shall be $0.00.

(b)  For shares of Viisage common stock THAT WERE PURCHASED DURING THE PERIOD MAY 12, 2004, AND MARCH 2, 2005, INCLUSIVE, AND SOLD DURING THE SAME PERIOD, the Recognized Loss per share shall be $0.00 because both the purchase and sale occurred during a period when there was no public disclosure of a material weakness in Viisage's internal controls. As a result, any losses on such transactions are not compensable pursuant to the federal security law claims asserted in this Action.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date. The determination of the price received per share and the price paid per share shall be exclusive of commissions, taxes, fees and charges.

For purposes of calculating Recognized Loss if an Authorized Claimant's trades, the First-In-First-Out ("FIFO") method will be used. This means that sales of Viisage common stock will be first matched with any pre-Class Period holdings and then with purchases during the Class Period in chronological order. All profits determined on a FIFO basis shall be subtracted from the total of all losses determined on a FIFO basis from all transactions in Visage common stock during the Class Period to determine if an Authorized Claimant has a Recognized Loss. If at any time more shares of Viisage common stock are sold than have been purchased during the Class Period, an initial balance of a corresponding number of shares will be required as indicated on the Proof of Claim form and acceptable documentation showing the initial balance is provided. ONLY IF AN AUTHORIZED CLAIMANT HAD A NET LOSS, AFTER THE TOTAL OF SUCH PROFITS ARE SUBTRACTED FROM THE TOTAL OF SUCH LOSSES, WILL SUCH AUTHORIZED CLAIMANT BE ELIGIBLE TO RECEIVE A DISTRIBUTION FROM THE NET SETTLEMENT FUND.

Any person or entity who sold Viisage common stock "short" shall have no Recognized Loss with respect to any purchase during the Class Period to cover such short sale.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants. As such, each Authorized Claimant will receive a *pro rata* share of the Net Settlement Fund. The Court has reserved jurisdiction to allow, disallow, or adjust the Recognized Loss of any Class Member on equitable grounds.

Please note that the term "Recognized Loss" is used solely for calculating the amount of participation by Authorized Claimants in the Net Settlement Fund, and does not reflect the actual amount an Authorized Claimant can expect to recover.

No Authorized Claimant will have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other person designated by Lead Counsel, based on distributions made substantially in accordance with this Plan of Allocation, or further orders of the Court. No Authorized Claimant or any other Person shall have any claim against Defendants or Defendants' Counsel based on the amounts of any distributions from the Net Settlement Fund, any determinations regarding that Person's eligibility to receive a distribution from the Net Settlement Fund, or any rejection of that Person's claim to receive a distribution from the Net Settlement Fund.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you held Viisage common stock that was purchased during the Class Period as nominee for a beneficial owner, then within ten (10) days after you receive this Notice, you must either: (a) mail copies of this Notice and the accompanying Proof of Claim form by First-Class Mail to each such beneficial owner; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator to the following address. You may also e-mail or fax your requests to:

**In re Viisage Technology, Inc. Securities Litigation**
**Claims Administrator**
**c/o A.B. Data, Ltd.**
**Attention: Fulfillment Department**
**Post Office Box 170500**
**4057 North Wilson Drive**
**Milwaukee, WI  53217**

**Telephone      (866) 561-6065**
**Facsimile      (414) 963-7950**
**fulfillment@abdatalawserve.com**

## WHO SHOULD I CONTACT IF I HAVE QUESTIONS OR WANT MORE DETAILS ABOUT THE SETTLEMENT?

This Notice summarizes the proposed Settlement. More details are contained in the formal Settlement Agreement that has been filed with the Court. In addition, Lead Plaintiffs' submissions in support of the proposed Settlement, the Plan of Allocation and Lead Counsel's Fee and Expense Application will be on file with the Court on November 2, 2007.

If you want a copy of the Settlement Agreement, Lead Plaintiffs' submissions in support of the proposed Settlement, the Plan of Allocation or Lead Counsel's Fee and Expense Application, or if you have any questions about these matters, you may write to Lead Counsel at one of the addresses set forth on Page 5 or write to the Claims Administrator at:

**In re Viisage Technology, Inc. Securities Litigation**
**Claims Administrator**
**c/o A.B. Data, Ltd.**
**Post Office Box 170500**
**Milwaukee, WI  53217**

You may also call the In re Viisage Technologies, Inc. Securities Litigation Helpline at (866) 217-4245 toll-free or visit abdatalawserve.com for additional information.

PLEASE DIRECT YOUR QUESTIONS TO THE CLAIMS ADMINISTRATOR OR TO LEAD COUNSEL FOR PLAINTIFFS.

| | |
|---|---|
| DO NOT CONTACT THE COURT OR | BY ORDER OF THE UNITED STATES |
| DEFENDANTS' COUNSEL WITH | DISTRICT COURT FOR THE |
| QUESTIONS.  DATED:  AUGUST 17, 2007 | DISTRICT OF MASSACHUSETTS |

**PROOF OF CLAIM**

IF YOU PURCHASED THE COMMON STOCK OF VIISAGE TECHNOLOGY, INC. ("VIISAGE") DURING THE PERIOD FROM MAY 12, 2004, THROUGH MARCH 2, 2005, INCLUSIVE (THE "CLASS PERIOD"), AND WERE ALLEGEDLY DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED SETTLEMENT DESCRIBED IN THE ACCOMPANYING NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING (THE "NOTICE").

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE, SIGN AND SUBMIT THIS PROOF OF CLAIM FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS AND MAIL IT BY FIRST-CLASS MAIL, POSTMARKED **NO LATER THAN DECEMBER 21, 2007,** TO THE CLAIMS ADMINISTRATOR AT THE FOLLOWING ADDRESS:

**In re Viisage Technology, Inc., Securities Litigation**
**Claims Administrator**
**c/o A.B. Data, Ltd.**
**Post Office Box 170500**
**Milwaukee, WI  53217**

IF YOU CHOOSE TO RETURN THIS PROOF OF CLAIM FORM IN A MANNER OTHER THAN BY FIRST-CLASS MAIL, THEN IT MUST BE ACTUALLY RECEIVED BY THE CLAIMS ADMINISTRATOR AT THIS ADDRESS NO LATER THAN **DECEMBER 21, 2007.**

**REQUIREMENTS FOR FILING A PROOF OF CLAIM FORM**

Your claim will be considered only upon compliance with all of the following conditions:

1.  You must accurately complete all portions of the attached Proof of Claim form.

    The Proof of Claim form contains purchase and sale schedules.  You must carefully complete each applicable section of the schedules.  List each transaction during the period from May 12, 2004, through June 1, 2005, inclusive, separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.  Do not omit to state any requested information regarding your holdings, purchases or sales (including any free receipts and/or free deliveries).  This information is necessary to determine your share of any distribution.  If you cannot list all transactions in the spaces provided in the Proof of Claim form, or if you believe that you must or should supply additional information with respect to any transaction, attach additional sheets to the Proof of Claim form supplying the required information.  Your full name must be properly identified on each additional sheet of paper.

2.  You must sign the Proof of Claim form.

    If the shares of Viisage common stock were or are owned jointly, all joint owners must sign the Proof of Claim form.  Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim form on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (for example, currently effective letters testamentary or letters of administration) to complete and execute the Proof of Claim form on their behalf and to bind them in accordance with the terms thereof.  A Proof of Claim form submitted by legal representatives of a claimant must be executed by all such representatives.

3.  You must provide proof for each transaction listed on this Proof of Claim form.

    Attach to the Proof of Claim form legible copies of broker confirmation slips, monthly brokerage statements, or other proof satisfactory to the Claims Administrator confirming the particulars of each purchase and sale you have made during the period from May 12, 2004, through June 1, 2005, inclusive.  Please make sure that all supporting documentation states your account name.  If you are filing on behalf of a deceased claimant, please provide a copy of the death certificate and a will or probate documents.

4.  If you acquired Viisage common stock by means of a gift, inheritance or operation of law during the Class Period, such acquisitions do not qualify as part of the Settlement.

5.  Any person or entity who sold Viisage common stock "short" shall have no Recognized Loss with respect to any purchase during the Class Period to cover such short sale.

6.  **You must also provide supporting documentation showing your holdings as of the close of trading on May 11, 2004, and June 1, 2005, if any.**

7.  Your failure to complete and mail the Proof of Claim form postmarked, or submit it so that it is received by **December 21, 2007,** may preclude you from receiving any share of the available proceeds of the Settlement.  So that you will have a record of the date of your mailing and its receipt by the Claims Administrator, you are advised to use Certified Mail, Return Receipt Requested.

ANY PERSON WHO KNOWINGLY SUBMITS A FALSE PROOF OF CLAIM FORM IS SUBJECT TO PENALTIES FOR PERJURY AND OTHER VIOLATIONS OF FEDERAL LAW.

Submission of a Proof of Claim form, however, does not assure that you will share in the distribution of the Net Settlement Fund.

If the proposed Settlement is approved by the Court, and if you have a Recognized Loss entitling you to a *pro rata* payment from the Net Settlement Fund as calculated in accordance with the Plan of Allocation described in the accompanying Notice, a check will be sent to you, or to your financial institution by direct deposit, if you elect, representing such *pro rata* share at an appropriate time after all Proof of Claim forms from all Class Members have been processed.  Processing all of the Proof of Claim forms will likely take a significant amount of time.  Please be patient, and please advise the Claims Administrator of any changes in your name and/or address.

**If you are a Class Member and you do not complete, sign and return the Proof of Claim form postmarked or received by the deadline, you will not receive any money from the Net Settlement Fund but you will still be bound by all orders of the Court in this Action, including the Release reprinted in the Notice.**

# STATEMENT OF CLAIM

| Must be postmarked no later than December 21, 2007 |

FOR INTERNAL USE ONLY

Please print or type

I, _____ , and _____ state as follows:

(if applicable)

LAST NAME (Claimant)                    FIRST NAME (Claimant)

Last Name (Beneficial Owner if different from Claimant)          First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)                          First Name (Co-Beneficial Owner)

Company/Other Entity (If Claimant is Not an Individual)

Trustee/Nominee/Other

Account Number (If Claimant is Not an Individual)               Trust/Other Date (If Applicable)

Address

Address

City                                          State      Zip Code

Foreign Province                    Foreign Zip Code                    Foreign Country

Telephone Number (Day)                    Telephone Number (Night)

(          )          -                    (          )          -

Beneficial Owner's Employer Identification Number or Social Security Number

-                    -          -

E-mail Address

IDENTITY OF CLAIMANT
○ Individual  ○ Joint Owners  ○ Estate  ○ Corporation  ○ Trust  ○ Partnership  ○ Private Pension Fund
○ Other (specify, describe on separate sheet)  ○ IRA, Keogh or other type of Individual Retirement Plan (indicate type of plan, mailing address, and name of current custodian) _____  ○ Legal Representative

**LEGAL REPRESENTATIVES OF CLAIMANTS MUST ATTACH POWER OF ATTORNEY OR OTHER INSTRUMENT SHOWING AUTHORITY TO ACT AS A LEGAL REPRESENTATIVE**

Individuals or Entities excluded from the Settlement are: Viisage Technology, Inc. (now known as L-1 Identity Solutions, Inc.) and Individual Defendants Bernard C. Bailey, William K. Aulet, Denis K. Berube, Marcel Yon, Buddy G. Beck, Charles A. Levine, Thomas J. Reilly, Harriet Mouchly-Weiss, Paul T. Principato And Peter Nessen (collectively, "Defendants"), the directors, officers and employees of Viisage, the members of each Individual Defendants' immediate families, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party.

○     Check here if the claimant or beneficial owner is excluded from the Class.

○     Check here if the claimant or beneficial owner was an officer, director or partner of Viisage Technology, Inc. (now known as L-1 Identity Solutions, Inc.) at any time between May 12, 2004, through and including March 2, 2005. If so, please state position(s) held and dates of employment:_____.

○     Check here if the claimant or beneficial owner acquired Viisage common stock through the Viisage employee benefit plan.

---

**DIRECT DEPOSIT** – If you prefer your Settlement check to be directly deposited into your bank account, check here ○

| You MUST provide the following information to receive your Settlement check by direct deposit: | BANK NAME |
| | ROUTING NUMBER |
| | ACCOUNT NUMBER |
| | ○ CHECKING ACCOUNT     ○ SAVINGS ACCOUNT |
| | **CLAIMANT'S ACCOUNT NAME MATCHES SUBMITTED DOCUMENTATION (MUST MATCH)** ○ **Y** ○ **N** |

---

## SCHEDULE OF PURCHASES AND SALES OF VIISAGE COMMON STOCK

Separately list each of your purchases and sales of Viisage Common Stock. Attach a separate schedule if more space is needed. Be sure to include your full name on any separate sheets.

For purposes of this schedule, you should list all transactions (including any free receipts and/or free deliveries) from May 12, 2004, through June 1, 2005, inclusive.

The date of purchase and sale is the "trade" or "contract" date, and not the "settlement" or "payment" date. The purchase price is the price paid without regard to commissions or other expenses. The sale price is the price received without regard to commissions or other expenses.

**BEGINNING HOLDINGS OF VIISAGE COMMON STOCK:**
Please state the number of shares of Viisage common stock that you owned as of the close of business on May 11, 2004.

Proof enclosed?
○ Y   ○ N

IF NONE, CHECK HERE ○

**PURCHASES:**

List all purchases of Viisage common stock between May 12, 2004, and June 1, 2005, inclusive.

If none, check here ○

| Date(s) of purchase List chronologically M   DD   YYYY | Number of shares purchased | Purchase price per share (excluding taxes, commissions, etc.) | Proof of purchase enclosed |
|---|---|---|---|
|   /   /   | | $   . | ○ Y ○ N |
|   /   /   | | $   . | ○ Y ○ N |
|   /   /   | | $   . | ○ Y ○ N |
|   /   /   | | $   . | ○ Y ○ N |
|   /   /   | | $   . | ○ Y ○ N |
|   /   /   | | $   . | ○ Y ○ N |

IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE. PRINT YOUR FULL NAME ON EACH ADDITIONAL PAGE.

**SALES:**

List all sales you made of Viisage common stock between May 12, 2004, and June 1, 2005, inclusive:    If none, check here ○

| Date(s) of sales List chronologically | Number of shares sold | Sale price per share (excluding taxes, commissions, etc.) | Proof of sale enclosed |
|---|---|---|---|
| MM    DD    YYYY | | | |
| __ / __ / ____ | | $ __ . __ | ○ Y   ○ N |
| __ / __ / ____ | | $ __ . __ | ○ Y   ○ N |
| __ / __ / ____ | | $ __ . __ | ○ Y   ○ N |
| __ / __ / ____ | | $ __ . __ | ○ Y   ○ N |
| __ / __ / ____ | | $ __ . __ | ○ Y   ○ N |
| __ / __ / ____ | | $ __ . __ | ○ Y   ○ N |

IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE. PRINT YOUR FULL NAME ON EACH ADDITIONAL PAGE.

**UNSOLD HOLDINGS:**

Please state the number of shares of Viisage common stock that you held as of the close of trading on June 1, 2005.

Proof enclosed?    ○ Y   ○ N

IF NONE, CHECK HERE ○

**YOU MUST PROVIDE SUPPORTING DOCUMENTATION OF ALL HOLDINGS AND TRANSACTIONS IN VIISAGE SECURITIES INDICATED ABOVE**

**CERTIFICATION AND SUBSTITUTE FORM W-9**

1. I (We) purchased publicly common stock of Viisage during the period from May 12, 2004, through March 2, 2005, inclusive. (Do not submit this Proof of Claim form if you did not purchase Viisage common stock during this period).

2. By submitting this Proof of Claim form, I (we) state that I (we) believe in good faith that I am (we are) a Class Member(s) as defined above and in the Notice, or am (are) legally authorized to act for such person; that I am (we are) not a Defendant(s) in the Litigation or anyone excluded from the Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not submitted a Request for Exclusion. If you are acting in a representative capacity on behalf of a Class Member (e.g. as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

3. I (We) have set forth where requested above all relevant information with respect to my (our) ownership of Viisage common stock at the commencement of the Class Period and all purchases and sales of Viisage common stock during the Class Period and during the ninety day period after the Class Period. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

4. I (We) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns or other documents evidencing each purchase, sale or retention of Viisage common stock listed above in support of my (our) Claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

5. I (We) understand that the information contained in this Proof of Claim form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification.

6. Upon the occurrence of the Effective Date (the date on which the proposed Settlement is approved by the Court and that approval becomes final), my (our) signature(s) hereto will constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, executors, administrators, successors and assigns (or, if I am (we are) submitting this Proof of Claim form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, successors, and assigns) of all "Released Claims," including "Unknown Claims" against each and all of the "Released Persons," as each term is defined in the Notice.

7. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may make a request to the Claims Administrator to accept, or may be requested by the Claims Administrator to submit, information regarding their transactions in Viisage common stock in electronic files. All claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your Proof of Claim form electronically, you must contact the Claims Administrator at (800) 949-0194 or visit their website at abdatalawserve.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**SUBSTITUTE FORM W-9 - REQUEST FOR TAXPAYER IDENTIFICATION NUMBER**

Enter Taxpayer Identification Number ("TIN") below for the Beneficial Owner(s). For individuals, this is your Social Security Number ("SSN"). The Internal Revenue Service ("IRS") requires such TIN. If you fail to provide this information, your Claim may be rejected.

Employer Identification Number ("EIN" for estates, trusts, corporations, etc.)     Social Security Number ("SSN" for individuals)

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the IRS that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:  If the IRS has notified you that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

### Instructions for Substitute Form W-9

1. If your account is held jointly, BOTH parties must sign the form above.
2. If you have a joint account, only the Social Security Number associated with that account is required to be provided.
3. You may contact the In re Viisage Technology, Inc. Securities Litigation Helpline at (866) 217-4245 with any questions you may have or if you need additional assistance filling out this Proof of Claim form.

Signature of Claimant(s)

_____ Signature     _____ Print Name(s)

_____ Signature     _____ Date

_____
Capacity of Person Signing (e.g. beneficial owner, purchaser(s), executor, administrator, trustee, etc.)

### REMINDER CHECKLIST

1. Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

2. Do NOT use highlighter on the Proof of Claim form or any supporting documents.

3. If you move or change your name after submitting this Proof of Claim form, please notify the Claims Administrator of the change in your name and/or address.

4. Keep a copy of your Proof of Claim form and all documentation submitted for your records; originals cannot be returned to you once the documents are submitted.

5. You will **not** receive confirmation that your Proof of Claim form has been received **unless** you send it via Certified Mail, Return Receipt Requested or by some other means that provides you with proof of receipt.

Exhibit B

TO:    BANKS, BROKERS AND OTHER NOMINEES

RE:    IN RE VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION

---

**CUSIP 92675K106, TICKER SYMBOL "VISG"**

---

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING ("NOTICE") FOR THE ABOVE-MENTIONED ACTION, PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.**

Please note that the Action is on behalf of all persons who bought the common stock of Viisage Technology, Inc. (now known as L-1 Identity Solutions, Inc. with CUSIP 92675K205 and Ticker Symbol "ID") during the period from May 12, 2004, through March 2, 2005, inclusive (the "Class Period").

Additional copies of the Notice may be requested by calling (866) 561-6065; faxing to (414) 963-7950; or e-mailing fulfillment@abdatalawserve.com.  Mailing labels, data files, and e-mail and/or fax requests may also be sent to:

**In re Viisage Technology, Inc. Securities Litigation**
**Claims Administrator**
**c/o A.B. Data, Ltd.**
**Attention: Fulfillment Department**
**Post Office Box 170500**
**4057 North Wilson Drive**
**Milwaukee, WI  53211**

**(866) 561-6065**
**(414) 963-7950 fax**
**fulfillment@abdatalawserve.com**

Claims Administrator

Exhibit C

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

**In re VIISAGE TECHNOLOGY, INC.
SECURITIES LITIGATION**

**Civil Action No. 05-cv-10438-MLW**

---

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND <u>EXPENSES AND FAIRNESS HEARING</u>

**TO:    ALL PERSONS WHO PURCHASED VIISAGE TECHNOLOGY, INC. ("VIISAGE") COMMON STOCK DURING THE PERIOD FROM MAY 12, 2004, THROUGH MARCH 2, 2005, INCLUSIVE.**

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A SETTLEMENT IN THIS CLASS ACTION LAWSUIT.

This Summary Notice of Pendency and Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts.  The purpose of this notice is to inform you: (1) that the Court has, for settlement purposes only, certified this Action as a class action, on behalf of a class consisting of all persons who purchased Viisage's publicly traded securities during the period from May 12, 2004, through March 2, 2005, inclusive, with certain exclusions (the "Class" or "Class Members"); and (2) of the proposed Settlement that has been reached in this class action between Lead Plaintiffs Turnberry Asset Management, Electronic Trading Group, LLC, Ronald Sauer, David Hancock and Lance Hancock ("Lead Plaintiffs"), on behalf of themselves and the certified Class, and Defendants Viisage (now known as L-1 Identity Solutions, Inc.), Bernard C. Bailey, William K. Aulet, Denis K. Berube, Marcel Yon, Buddy G. Beck, Charles A. Levine, Thomas J. Reilly, Harriet Mouchly-Weiss, Paul T. Principato and Peter Nessen (collectively, "Defendants").  The only securities issued by Viisage that were publicly traded during the Class Period were its common stock.

The proposed Settlement provides for the creation of a $2,300,000.00 Settlement Fund for the benefit of the Class.  A Fairness Hearing will be held before the Honorable Mark L. Wolf, United States District Judge, on November 16, 2007, at 3:00 p.m. in Courtroom 10 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine, among other things, (i) whether the proposed Settlement is fair, reasonable, and adequate and should be approved, and therefore, whether the Action should be dismissed with prejudice; (ii) whether a proposed Plan of Allocation for the distribution of the Net Settlement Fund to Authorized Claimants should be approved; and (iii) whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of expenses incurred by Plaintiffs' Counsel in prosecuting the Action should be approved.  The Court

has expressly reserved the right to adjourn the Fairness Hearing from time to time without any further written notice to Class Members.

You are a Class Member if you purchased Viisage's publicly traded securities during the period from May 12, 2004, through March 2, 2005, inclusive, unless you request exclusion from the Class in accordance with the instructions contained in the Notice described below. If you are a Class Member, your rights against the Defendants and certain affiliated persons and entities will be affected if the proposed Settlement is approved by the Court.

If you are a Class Member and wish to share in the Settlement proceeds, you must submit a signed Proof of Claim form postmarked or received byDecember 21, 2007, establishing that you are entitled to a recovery. IF YOU DO NOT TIMELY SUBMIT A SIGNED PROOF OF CLAIM FORM, YOU WILL NOT SHARE IN THE SETTLEMENT PROCEEDS, BUT YOU WILL STILL BE BOUND BY THE FINAL JUDGMENT OF THE COURT.

This notice provides only a summary of matters concerning the Action and the proposed Settlement and incorporates by reference certain defined terms, the meanings of which are set forth in a detailed Notice of Pendency and Proposed Settlement of Class Action, Application For Attorneys' Fees and Expenses and Fairness Hearing (the "Notice") and Proof of Claim form that have been mailed to Class Members. The Notice and Proof of Claim form contain additional important information regarding the proposed Settlement and related matters affecting Class Members' rights. If you have not received a copy of the Notice or the Proof of Claim form, you may obtain them free of charge by contacting: In re Viisage Technology, Inc. Securities Litigation, Claims Administrator, c/o A.B. Data, Ltd., P.O. Box 170200, Milwaukee, Wisconsin 53217, toll-free telephone (866) 217-4245, or by downloading them from klafterolsen.com, entwistle-law.com, or the Claims Administrator's website: abdatalawserve.com.

You may also contact Lead Counsel for the Lead Plaintiffs directly: Jeffrey A. Klafter, Esq., Klafter & Olsen LLP, 1311 Mamaroneck Avenue, Suite 220, White Plains, NY 10605, and Robert N. Cappucci, Esq., Entwistle & Cappucci LLP, 280 Park Avenue, 26th Floor West, New York, NY 10017.

**EMPLOYEES OF THE COURT CANNOT ANSWER QUESTIONS ABOUT THIS CASE. PLEASE DIRECT ALL QUESTIONS TO THE CLAIMS ADMINISTRATOR OR LEAD COUNSEL.**

Dated: AUGUST 17, 2007                    BY ORDER OF THE UNITED
                                          STATES DISTRICT COURT FOR THE
                                          DISTRICT OF MASSACHUSETTS

Exhibit D



**A.B. Data, Ltd.**
» Print This Page
» Close Window

**CASES**

Back to List of Cases

| | |
|---|---|
| CASE TITLE: | **IN RE VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION** |
| CASE NO.: | **CIVIL ACTION NO. 05 CV-10438-MLW** |
| STATUS: | **CLAIMS PROCESSING** |
| TOLL-FREE NUMBER: | **(866) 217-4245** |
| DIRECT NUMBER: | **(414) 963-3280  (IF CALLING OUTSIDE OF UNITED STATES)** |
| FAX NUMBER: | **(414) 963-3413** |
| MAILING ADDRESS: | PRINT ADDRESS |

**IN RE VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION**
**CLAIMS ADMINISTRATOR**
**C/O A.B. DATA, LTD.**
**POST OFFICE BOX 170500**
**MILWAUKEE, WI 53217**

| | | | |
|---|---|---|---|
| CLAIM FILING DEADLINE: | **12/21/07** | FAIRNESS HEARING: | **11/16/07** |
| OBJECTION DEADLINE: | **10/26/07** | EXCLUSION DEADLINE: | **10/26/07** |

| | |
|---|---|
| CLASS PERIOD: | **MAY 12, 2004 - MARCH 2, 2005, INCLUSIVE** |
| CLASS DEFINITION: | **ALL PERSONS WHO PURCHASED VIISAGE'S PUBLICLY TRADED SECURITIES DURING THE PERIOD FROM MAY 12, 2004 THROUGH MARCH 2, 2005, INCLUSIVE.** |
| NOTICE DOCUMENTS: | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING |
| CLAIM FORM: | PROOF OF CLAIM |
| OTHER DOCUMENTS: | ELECTRONIC CLAIMS FILING GUIDELINES |
| | ELECTRONIC CLAIMS FILING TEMPLATE |
| | STIPULATION OF SETTLEMENT |

ORDER CERTIFYING THE CLASS, PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
TO THE CLASS



Exhibit E

## AFFIDAVIT

STATE OF TEXAS           )
                            ) ss:

CITY AND COUNTY OF DALLAS)

I, Michael Swaim, being duly sworn, depose and say that I am the Advertising Clerk of

the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general

circulation throughout the United States, and that the Notice attached to this Affidavit has

been regularly published in THE WALL STREET JOURNAL for national distribution

for 1 insertion(s) on the following date(s): 9/17/2007; advertiser: Viisage.; and that the

foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
16th day of October 2007.

Notary Public



ERIN N. MCBRAYER
Notary Public, State of Texas
My Commission Expires
May 18, 2011

**GLOBAL, NATIONAL, REGIONAL**
TO ADVERTISE CALL 1.800.366.3975
FAX: 714.640.7900

**ADVERTISING.WSJ.COM**

## CLASS ACTIONS

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| In re VISAGE TECHNOLOGY, INC. SECURITIES LITIGATION | Civil Action No. 05-cv-10438-MLW |
|---|---|

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLE-MENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FAIRNESS HEARING**

TO: ALL PERSONS WHO PURCHASED VISAGE TECHNOLOGY, INC. ("VISAGE") COMMON STOCK DURING THE PERIOD FROM MAY 12, 2004, THROUGH MARCH 2, 2005, INCLUSIVE.

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A SETTLEMENT IN THIS CLASS ACTION LAWSUIT.

This Summary Notice of Pendency and Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts. The purpose of this notice is to inform you: (1) that the Court has, for settlement purposes only, certified this Action as a class action, on behalf of a class consisting of all persons who purchased Visage's publicly traded securities during the period from May 12, 2004, through March 2, 2005, inclusive, with certain exclusions (the "Class" or "Class Members"); and (2) of the proposed Settlement that has been reached in this class action between Lead Plaintiffs Turnberry Asset Management, Electronic Trading Group, LLC, Ronald Sauer, David Hancock and Lance Hancock ("Lead Plaintiffs"), on behalf of themselves and the certified Class, and Defendants Visage (now known as L.I. Identity Solutions, Inc.), Bernard C. Bailey, William K. Aulet, Denis K. Berube, Marcel Yon, Buddy G. Beck, Charles A. Levine, Thomas J. Reilly, Harriet Mouchly-Weiss, Paul T. Principato and Peter Nessen (collectively, "Defendants"). The only securities issued by Visage that were publicly traded during the Class Period were its common stock.

The proposed Settlement provides for the creation of a $2,300,000.00 Settlement Fund for the benefit of the Class. A Fairness Hearing will be held before the Honorable Mark L. Wolf, United States District Judge, on November 16, 2007, at 3:00 p.m. in Courtroom 10 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, to determine, among other things, (i) whether the proposed Settlement is fair, reasonable, and adequate and should be approved, and therefore, whether the Action should be dismissed with prejudice; (ii) whether a proposed Plan of Allocation for the distribution of the Net Settlement Fund to Authorized Claimants should be approved; and (iii) whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of expenses incurred by Plaintiffs' Counsel in prosecuting the Action should be approved. The Court has expressly reserved the right to adjourn the Fairness Hearing from time to time without any further written notice to Class Members.

You are a Class Member if you purchased Visage's publicly traded securities during the period from May 12, 2004, through March 2, 2005, inclusive, unless you request exclusion from the Class in accordance with the instructions contained in the Notice described below. If you are a Class Member, your rights against the Defendants and certain affiliated persons and entities will be affected if the proposed Settlement is approved by the Court.

If you are a Class Member and wish to share in the Settlement proceeds, you must submit a signed Proof of Claim form post-marked or received by December 21, 2007, establishing that you are entitled to a recovery. IF YOU DO NOT TIMELY SUBMIT A SIGNED PROOF OF CLAIM FORM, YOU WILL NOT SHARE IN THE SETTLEMENT PROCEEDS, BUT YOU WILL STILL BE BOUND BY THE FINAL JUDGMENT OF THE COURT.

This notice provides only a summary of matters concerning the Action and the proposed Settlement and incorporates by reference certain defined terms, the meanings of which are set forth in a detailed Notice of Pendency and Proposed Settlement of Class Action, Application For Attorneys' Fees and Expenses and Fairness Hearing (the "Notice") and Proof of Claim form that have been mailed to Class Members. The Notice and Proof of Claim form contain additional important information regarding the proposed Settlement and related matters affecting Class Members' rights. If you have not received a copy of the Notice or the Proof of Claim form, you may obtain them free of charge by contacting: In re Visage Technology, Inc. Securities Litigation, Claims Administrator, c/o A.B. Data, Ltd., P.O. Box 170200, Milwaukee, Wisconsin 53217, toll-free telephone (866) 217-4245, or by downloading them from klehrnielsen.com, entwistle-law.com, or the Claims Administrator's website: abdatalawserve.com.

You may also contact Lead Counsel for the Lead Plaintiffs directly: Jeffrey A. Klafter, Esq., Klafter & Olsen LLP, 1311 Mamaroneck Avenue, Suite 220, White Plains, NY 10605, and Robert N. Cappucci, Esq., Entwistle & Cappucci LLP, 280 Park Avenue, 26th Floor West, New York, NY 10017.

EMPLOYEES OF THE COURT CANNOT ANSWER QUESTIONS ABOUT THIS CASE. PLEASE DIRECT ALL QUESTIONS TO THE CLAIMS ADMINISTRATOR OR LEAD COUNSEL.

Dated: AUGUST 17, 2007   BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

# Exhibit F

OCT 18 2007

October 15, 2007

Claims Administrator
c/o A. B. Data, Ltd.
Post Office Box 170500
Milwaukee, WI 53217

Re: Viisage Technology, Inc. Securities Litigation

To Whom It May Concern:

Consider this letter my request for Exclusion as per the above captioned re:

The following information complies with your information request.

1. Address: 7015 Lombardy St., Boynton Beach, FL 33437

2. Shares of Viisage common stock purchased and sold during the Class Period, the date(s) of such purchase(s) and sale(s) paid and received:

Purchased 1000 shares on July 28, 2004 at $6.86 per share ($6,860 + commissions. However on Dec. 19, 2005 I received a reverse split so I currently have 400 Shares of L1 Identity Solutions, Inc.com

Believe this will comply with your request for information.

Sincerely,

*Jamie van Zwaren*

Jamie van Zwaren

Note: Temporary address

365 Alberta Drive
Norwood, N.C. 28128
(704) 474-28128



Jamie van Zwaren
365 Alberta Drive
Norwood, N. C.
28128

OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL™

7006 0100 0006 3545 8834

UNITED STATES
POSTAL SERVICE

0000    53217

U.S. POSTAGE
PAID
NORWOOD, NC
28128
OCT 15 07
AMOUNT

$5.21
00029052-01

Claims Administrator
c/o A. B. Data, Ltd.
Post Office Box 170500
Milwaukee, WI 53217

OCT 02 2007

# EWT
## LLC

September 26, 2007

In re Viisage Technology, Inc. Securities Litigation
EXCLUSIONS
Claims Administrator
c/o A.B. Data, Ltd.
Milwaukee, WI  53217

**Re:  In re Viisage Technology, Inc. Securities Litigation**

Dear Claims Administrator:

  EWT, LLC, located at 9242 Beverly Blvd., Suite 300, Beverly Hills, CA  90210, wishes to be excluded from the class action lawsuit against Viisage Technology, Inc. Unfortunately, I am unable to include a list of all purchases and sales of Viisage Technology, Inc. securities during the Class Period, but I do know that we did make purchases and sales during that period.

  Please fax or send me a confirmation that you have received this request to be excluded from the class.

Thank You,

Shirley Scheker
In-House Counsel
EWT, LLC
Phone: (310) 651-9754

9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210   TEL  310.651.9740  FAX  310.651.9759

**EWT**
  LLC

131
6680 $ 00.41 0   SEP   27   07
0889   BEVERLY HILLS CA           90210
PB8623602

VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION
        EXCLUSIONS
        CLAIMS ADMINISTRATOR
        C/O A.B. DATA, LTD.
        MILWAUKEE, WI   53217

9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210

Exhibit G



**A·B DATA**

New York • Washington, DC • Chicago • Milwaukee

CLASS ACTION ADMINISTRATION

INVOICE #: 119853

8050 N. Port Washington Rd.
Milwaukee, Wisconsin 53217-2600

414-540-5000
Fax: 414-540-5050

Jeff Klafter
Klafter & Olson, LLP
1311 Mamaroneck Ave, Ste 220
White Plains, NY 10602

DATE: 8/31/2007
TERMS:  DUE UPON RECEIPT
CLIENT #: 462422

JOB #: 40656 Viisage Tech

| QTY. | DESCRIPTION | PRICE EA. | COST |
|---|---|---|---|
| 1 | **Telephony** (Includes set-up of automated voice response ("IVR") system; toll-free telephone and fax lines during Notice, Claims and Fund Administration; phone scripts, live operators (one-time flat fee). | $2,500.00 | $2,500.00 |
| 1 | **Notice Administration**  (includes design and implementation of notice program; programming and systems support; processing of opt outs/objections; project management; quality assurance; affidavits and reporting (one-time flat fee)). | $6,500.00 | $6,500.00 |
| 1 | **Transfer Agent Invoice** (fee imposed by transfer agent for providing the names and addresses of shareholders of record) | $2,500.00 | $2,500.00 |
| 4,000 | **Print & Mail Notice and Claim Form - 16 pg.** (includes data processing; data entry; creation of master mailing list; list of largest brokers and nominees; cover letter to nominees; address update and standardization; lettershop; and return mail processing). | $0.46 | $1,840.00 |

| | |
|---|---|
| **INVOICE TOTAL:** | **$13,340.00** |
| **AMT PREPAID:** | **$0.00** |
| **BALANCE DUE:** | **$13,340.00** |

PLEASE SEND PAYMENT TO: P.O. Box 170062, Milwaukee, WI 53217-8000

PLEASE PAY FROM THIS INVOICE. REFER TO YOUR INVOICE NO. WITH CORRESPONDENCE OR REMITTANCE. ALL CLAIMS MUST BE MADE WITHIN 7 DAYS. MONTHLY CHARGE OR 1-1/2% WILL BE APPLIED TO BALANCES PAST 30 DAYS.

*THANK YOU!*

INVOICE #: 120350



**A·B DATA**

New York • Washington, DC • Chicago • Milwaukee

CLASS ACTION ADMINISTRATION

8050 N. Port Washington Rd.
Milwaukee, Wisconsin 53217-2600

414-540-5000
Fax: 414-540-5050

Jeff Klafter
Klafter & Olson, LLP
1311 Mamaroneck Ave, Ste 220
White Plains, NY  10602

DATE: 9/30/2007
TERMS:  DUE UPON RECEIPT
CLIENT #: 462422

JOB #: 40656 Viisage Tech

| QTY. | DESCRIPTION | PRICE EA. | COST |
|------|-------------|-----------|------|
| 22,000 | **Print & Mail Notice and Claim Form - 12 pg.** (includes data processing; data entry; creation of master mailing list; list of largest brokers and nominees; cover letter to nominees; address update and standardization; lettershop; and return mail processing). | $0.39 | $8,580.00 |
| 400 | **Print & Mail Notice and Claim Form - 16 pg. -Adjustment for last month** (includes data processing; data entry; creation of master mailing list; list of largest brokers and nominees; cover letter to nominees; address update and standardization; lettershop; and return mail processing). | $0.46 | $184.00 |
| 1 | **Postage** - Notice Mailing (3,783 pcs.) | $1,916.44 | $1,916.44 |
| 1 | **Media Notice** (Publication in the Wall Street Journal -7 pt. font) | $13,783.06 | $13,783.06 |
| 1 | **Bank & Broker Expenses** (reimbursments to brokers and nominees nominees for their expenses and handling costs in providing notice to their clients or costs associated with providing lists of clients to the Administrator for forwarding of Notices). | $3,702.10 | $3,702.10 |
| 1 | **Fulfillment Requests + Shipping & Handling** (costs associated with processing and sending Notices to lists of class members received from nominees, etc.). | $9,426.88 | $9,426.88 |
| 1 | **Shipping & Handling - Miscellaneous** | $326.43 | $326.43 |

| | | |
|---|---|---|
| **INVOICE TOTAL:** | **$37,918.91** |
| **AMT PREPAID:** | **$0.00** |
| **BALANCE DUE:** | **$37,918.91** |

PLEASE SEND PAYMENT TO: P.O. Box 170062, Milwaukee, WI 53217-8000

PLEASE PAY FROM THIS INVOICE. REFER TO YOUR INVOICE NO. WITH CORRESPONDENCE OR REMITTANCE. ALL CLAIMS MUST BE MADE WITHIN 7 DAYS. MONTHLY CHARGE OR 1-1/2% WILL BE APPLIED TO BALANCES PAST 30 DAYS.

*THANK YOU!*

INVOICE #: 120392



### A·B DATA

New York • Washington DC • Chicago • Milwaukee

CLASS ACTION ADMINISTRATION

8050 N. Port Washington Rd.
Milwaukee, Wisconsin 53217-2600

414-540-5000
Fax: 414-540-5050

Jeff Klafter
Klafter & Olson, LLP
1311 Mamaroneck Ave, Ste 220
White Plains, NY  10602

DATE: 10/8/2007
TERMS:  DUE UPON RECEIPT
CLIENT #: 462422

JOB #: 40656 Viisage Tech

| QTY. | DESCRIPTION | PRICE EA. | COST |
|---|---|---|---|
| 1 | **Bank & Broker Expenses** (includes reimbursing brokers and nominees for their expenses and handling). | $1,129.77 | $1,129.77 |
| 1 | **Fulfillment Requests + Shipping & Handling** (costs associated with processing and sending Notices to lists of class members received from nominees, etc.). | $17,460.04 | $17,460.04 |
| 750 | **Claims Processing (750 claim min.)** (includes database; data entry; claims processing; correspondence; P.O. Box; correction of deficient claims; identification and rejection of duplicates; deficiency and rejection letters; follow-up letters; refund calculation; affidavits and reporting). | $9.98 | $7,485.00 |

INVOICE TOTAL:    $26,074.81
AMT PREPAID:    $0.00
BALANCE DUE:    $26,074.81

PLEASE SEND PAYMENT TO: P.O. Box 170062, Milwaukee, WI 53217-8000

PLEASE PAY FROM THIS INVOICE. REFER TO YOUR INVOICE NO. WITH CORRESPONDENCE OR REMITTANCE. ALL CLAIMS MUST BE MADE WITHIN 7 DAYS. MONTHLY CHARGE OR 1-1/2% WILL BE APPLIED TO BALANCES PAST 30 DAYS.

*THANK YOU!*

# EXHIBIT M

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SEPRACOR INC.<br>SECURITIES LITIGATION | C.A. No. 02-12235-MEL |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | C.A. No. 02-12338-MEL |

## AFFIDAVIT OF THOMAS G. SHAPIRO IN SUPPORT
### OF APPLICATION FOR AWARD OF
### FEES AND REIMBURSEMENT OF EXPENSES

I, Thomas G. Shapiro, being duly sworn, hereby state as follows:

1.     I am a member of the law firm of Shapiro Haber & Urmy LLP.  My firm served as Local Counsel for the Debt Purchasers Action and the Equity Securities Action.  In that capacity, we worked closely with Lead Counsel and assisted throughout the course of the litigation.  In addition, an attorney and a paralegal from my firm assisted in the extensive document review of Defendants' documents including travel to New York for that purpose.

2.     Since the inception of the litigation, my firm has performed 699 hours of work in connection with the Action.  The hours worked by my firm are recorded in contemporaneous time records kept by the partners, associates, counsel and paralegals of the firm, and are an accurate record of the time expended by my firm.  Detailed time records are maintained by my firm, and are available for the Court's review upon request.

3.     The schedule attached hereto as Exhibit 1 (the "Lodestar Detail") is a detailed summary indicating the partners, attorneys and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm.  The schedule

was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

4.    The total lodestar for my firm is $253,149.00, consisting of $233,958.00 for attorneys' time and $19,191.00 for professional support staff time.

5.    My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

6.    As detailed in Exhibit 2, attached hereto (the "Expense Detail Exhibit"), my firm has incurred a total of $25,651.00 in un-reimbursed expenses in connection with the prosecution of this litigation.

7.    The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct this _10_ day of August, 2007.

_Thomas G. Shapiro_

2

## LODESTAR DETAIL
### Exhibit 1

| Attorneys/Paraprofessionals | Hours | Rate | Lodestar |
|---|---|---|---|
| Edward F. Haber (P) | 4.6 | $690.00 | $3,174.00 |
| Thomas G. Shapiro (P) | 118.1 | $690.00 | $81,489.00 |
| Theodore M. Hess-Mahan (A) | 193.8 | $485.00 | $93,993.00 |
| Adam M. Stewart (A) | 212.7 | $260.00 | $55,302.00 |
| Allison Newman (PL) | 0.6 | $170.00 | $102.00 |
| Carmen Iguina (PL) | 54.1 | $170.00 | $9,197.00 |
| Courtney Wolfe (PL) | 1.1 | $170.00 | $187.00 |
| Elizabeth Hutton (PL) | 5.8 | $170.00 | $986.00 |
| Rose Alappat (PL) | 0.7 | $170.00 | $119.00 |
| Charlie Conners (PL) | 107.5 | $80.00 | $8,600.00 |
| **TOTAL** | **699.0** | | **$253,149.00** |

P = Partner

A = Associate

PL = Paralegal

## EXPENSE DETAIL

### Exhibit 2

| Category | Amount |
|---|---|
| Computer Research | $216.64 |
| Photocopying | $15,385.01 |
| Overnight Delivery | $714.45 |
| Process Services | $271.00 |
| Court Fees and Court Transcripts | $1,335.69 |
| Travel and Meals | $6,541.77 |
| Phone/Fax/Postage | $740.44 |
| Contribution to Litigation Expense Fund | $0.00 |
| Staff Overtime | $21.45 |
| Press Release | $425.00 |
| **Total Expenses** | **$25,651.45** |