UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VIISAGE TECHNOLOGY, INC. SECURITIES LITIGATION<br><br>This Pleading Applies to: All Actions | Civil Action No. 05-cv-10438-MLW |

ORDER GRANTING LEAD COUNSEL'S MOTION
FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

WHEREAS:

A.  Lead Counsel, on behalf of all Plaintiffs' Counsel, have filed their Motion for an Award of Attorneys' Fees and Reimbursement of Expenses.

B.  On August 17, 2007, this Court entered an Order Certifying the Class, Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), preliminarily approving the proposed Settlement, certifying the Class for settlement purposes only, directing individual and publication notice to potential Class members, scheduling a hearing for November 16, 2007 (the "Fairness Hearing"), and providing Class members with an opportunity to object to, *inter alia*, Lead Counsel's Request for Attorneys' Fees and Reimbursement of Expenses and to be heard concerning such objections;

C.  Notice has been provided to the members of the Class in accordance with the Preliminary Approval Order, as evidenced by the Affidavit of Anya Verkhovskaya of A.B. Data, Ltd., dated October 31, 2007;

D.  The Notice of Pendency and Proposed Settlement of Class Action, Application for Attorneys' Fees and Expenses and Fairness Hearing (the "Notice") disseminated to Class Members

- 1 -

in accordance with the Preliminary Approval Order contained the maximum amounts Lead Counsel would seek for attorneys' fees and reimbursement of expenses, respectively;

E.  Pursuant to the Preliminary Approval Order and as set forth in the Notice, any objections to Lead Counsel's Request for Attorneys' Fees and Reimbursement of Expenses were to be filed and served by October 26, 2007; and

F.  No objections to Lead Counsel's Request for Attorneys' Fees and Reimbursement of Expenses have been received within the time frame set by the Court or to date.

G.  The Court held the Fairness Hearing on November 16, 2007 and has determined that the proposed Settlement of the Action on the terms and conditions provided in the Stipulation of Settlement is fair, reasonable, and adequate and should be approved by the Court, and entered the Final Judgment as provided for in the Stipulation of Settlement; and

WHEREAS, the Court, having considered all matters submitted to it at the hearing, along with all prior submissions by the parties to the Settlement and others, and otherwise having determined the reasonableness of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  This Order incorporates by reference the definitions in the Stipulation of Settlement, and all terms used herein shall have the same meanings as set forth in the Stipulation of Settlement.

2.  This Court has jurisdiction over the subject matter of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses and all matters relating thereto, including all members of the Class.

3.  Due and adequate notice of the maximum amounts of Lead Counsel's Request for Attorneys' Fees and Reimbursement of Expenses, respectively, was directed to all persons who were reasonably identifiable Class members advising them of their right to object thereto.

4. The award for attorneys' fees set forth below is reasonable as measured by applicable factors set forth in *In Re Relafen Antitrust Litig.*, 231 F.R.D. 52, 79 (D. Mass. 2005) and *In Re: Lupron(R) Marketing and Sales Practices Litig.*, 2005 U.S. Dist. LEXIS 17456, at *12 (D. Mass. Aug. 17, 2005).

5. The award of attorneys' fees set forth below represents a reasonable percentage of the proceeds of the Settlement given the facts and proceedings in this case.

6. Accordingly, Lead Counsel, on behalf of all Plaintiffs' Counsel, are awarded attorneys' fees of $575,000, representing twenty-five percent (25 %) of the Settlement Fund, which shall be paid out of the Settlement Fund.

7. Lead Counsel, on behalf of all Plaintiffs' Counsel, are awarded reimbursement of expenses in the aggregate amount of $41,652.61, which shall be paid out of the Settlement Fund. These expenses are fair, reasonable and were necessarily incurred in connection with the prosecution and resolution of this litigation.

8. The attorneys' fees and expenses approved by the Court in paragraphs 6 and 7 hereof (the "Fee and Expense Award") shall be payable from the Settlement Fund to Lead Counsel, on behalf of all Plaintiffs' Counsel, immediately upon entry of this Order (subject to the repayment provisions of ¶ 7.2 of the Stipulation of Settlement), notwithstanding the existence of any potential appeal or collateral attack on this Order.

9. Lead Counsel shall thereafter allocate the Fee and Expense Award payable as follows: (a) the attorneys' fees approved in paragraph 6 hereof among all Plaintiffs' Counsel in a manner that, in Lead Counsel's good-faith judgment, reflects such counsel's contribution to the institution, prosecution, or resolution of the Action; and (b) the expenses approved in paragraph 7 hereof, among each Plaintiffs' Counsel and Lead Plaintiff as approved by the Court.

- 4 -

10.     The Court hereby retains and reserves jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Stipulation of Settlement, and for any other necessary purpose, including, but not limited to, any distribution to Authorized Claimants under the terms and conditions of the Settlement Agreement and pursuant to further orders of this Court.

IT IS SO ORDERED.

Dated:  Nov. 16, 2007

```
/s/ Mark L. Wolf
```
HON. MARK L. WOLF
UNITED STATES DISTRICT JUDGE